**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**(COLUMBIA DIVISION)**

| | |
|---|---|
| **SAMUEL R. FLOYD, III**, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br>v.<br><br>**DELOITTE & TOUCHE LLP**, and **DELOITTE LLP**,<br><br>            Defendants. | Civil No.: 3:19-cv-03304-MBS<br><br>**DEFENDANTS' ANSWERS TO LOCAL RULE 26.01 INTERROGATORIES** |

NOW COMES Defendant Deloitte & Touche LLP and Defendant Deloitte LLP (collectively "Deloitte" or "Defendants"), which hereby provide the following responses to the Court's Local Rule 26.01 Interrogatories:

## INTERROGATORIES[1]

(A)     State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**RESPONSE: Defendants are unaware of any persons or legal entities who may have a subrogation interest in the claims asserted by Plaintiff in this action.**

(B)     As to each claim, state whether it should be tried jury or non-jury and why.

**RESPONSE: Plaintiff has demanded a jury trial on the sole claim asserted.**

(C)     State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.

---

[1] Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), discovery in this matter is stayed until after the resolution of any motion to dismiss. *See* 15 U.S.C. § 78u-4(b)(3)(B). By providing these responses to Court-required interrogatories, Defendants are in no way agreeing to provide discovery before expiration of the PSLRA discovery stay.

1

**RESPONSE: Neither of the Defendants is a publicly owned company, and there are no publicly owned companies to identify in response to subparts (1)-(3).**

(D)     State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

**RESPONSE:  Defendants are not aware of any basis to challenge the appropriateness of the division.  However, Defendants reserve and do not waive any arguments as to jurisdiction or venue.**

(E)     Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal?  If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action.  Counsel should disclose any cases which may be related regardless of whether they are still pending.  Whether cases are related such that they should be assigned to a single judge will be determined by the Clerk of the Court based on a determination of whether the cases: arise from the same or identical transactions, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**RESPONSE: Defendants agree with Plaintiff's statement that the above-captioned case is related to *In re SCANA Corporation Securities Litigation*, 3:17-cv-02616-MBS, ("*In re SCANA*") because both cases arise from the same operative facts.  *See* Response to Interrogatory (E) [Dkt. No. 3].**

(F)     If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**RESPONSE:  Defendants are properly identified.**

(G)     If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.

**RESPONSE: Defendants state that the claims in *In re SCANA* largely overlap with the claims in the above-captioned case.  *In re SCANA* has been brought on behalf of a putative class of SCANA securities purchasers that largely overlaps with the proposed class in the above-captioned case, and *In re SCANA* names different parties as defendants in that action.  Those defendants include: SCANA Corporation, Kevin B. Marsh, Jimmy E. Addison, Stephen A. Byrne, Harold C. Stowe, D. Maybank Hagood, and James W. Roquemore. Defendants reserve the right to amend this response as information becomes available during the course of discovery.**

Respectfully submitted,

*s/Christopher A. Ogiba*
Christopher A. Ogiba, Fed. ID No. 9042

Lesley A. Firestone, Fed. ID No. 11719
Clinton T. Magill, Fed. ID No. 12459
Moore & Van Allen, PLLC
78 Wentworth Street
Charleston, South Carolina 29401
Telephone: 843-579-7066
Facsimile: 843-579-8749
Email: chrisogiba@mvalaw.com
      lesleyfirestone@mvalaw.com
      clintonmagill@mvalaw.com

Mark Nebrig*
Moore & Van Allen, PLLC
100 North Tryon Street
Suite 4700
Charlotte, North Carolina 28202-4003
Telephone: 704-331-3602
Facsimile: 704-339-5974
E-mail: marknebrig@mvalaw.com

*pro hac vice application to be submitted*

Scott A. Edelman*
Jed M. Schwartz*
Andrew B. Lichtenberg*
Milbank LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: 212-530-5000
Facsimile: 212-530-5219
Email: sedelman@milbank.com
      jschwartz@milbank.com
      alichtenberg@milbank.com

*pro hac vice applications to be submitted*

*Attorneys for Defendants
Deloitte & Touche LLP and Deloitte LLP*

Charleston, South Carolina
December 12, 2019