**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
(COLUMBIA DIVISION)**

| | |
|---|---|
| **SAMUEL R. FLOYD, III, on behalf of himself and all others similarly situated,** | **CLASS ACTION** |
| **Plaintiffs,** | **Civil File No.:  3:19-CV-03304-MBS** |
| **v.** | |
| **Deloitte & Touche, LLP, Deloitte LLP,** | |
| **Defendants.** | |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND SELECTION OF LEAD COUNSEL**

---

Daryl G. Hawkins
Law Offices of Daryl G. Hawkins, LLC
P.O. Box 11906
Columbia, SC 29211
Tel: (803) 733-3531
Email: dgh@dghlaw.net
SC Bar #002844/ USDC #01781

Edward D. Sullivan, JD, LLM, CPA
Sullivan Law Firm, PC
Edward D. Sullivan
PO Box 11714
Columbia, SC 29211
Tel: (803) 451-2775
Email: esullivan@esullivanlaw.com
SC Bar #0011248/ USDC #5016

Gordon Ball
Jonathon Tanner Ball
Steven Chase Fann
Gordon Ball, LLC
7001 Old Kent Drive
Knoxville, TN 37919
Tel:  (865) 525-7028
Email: gball@gordonball.com TNBPR#001135
 jtannerball@gmail.com TNBPR#037011
chasefann@wfptnlaw.com TNBPR#36794

Thomas C. Jessee
Jessee & Jessee
P.O. Box 997
Johnson City, TN 37605
Tel: (423) 928-7175
Email: jjlaw@jesseeandjessee.com
TNBPR #000113/ SC Bar #2996

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ……………………………………………………………4

FLOYD IS THE "MOST ADEQUATE PLAINTIFF" ………………………………………..4

    FLOYD HAS TIMELY MOVED FOR APPOINTMENT AS
    LEAD PLAINTIFF ………………………………………………………………5

    FLOYD SATISFIES THE REQUIREMENTS OF RULE 23 …………….....…………5

    FLOYD SELECTION OF LEAD COUNSEL SHOULD BE APPROVED ...………..7

CONCLUSION ……………………………………….…………………………………8

## <u>TABLE OF AUTHORITIES</u>

**FEDERAL CASES**

*Spartanburg Regional Health Services District, Inc. v. Hillenbrand Industries, Inc., et. al.*
    United States District Court, District of South Carolina, Spartanburg Division,
    No. 7:2003-cv-02141 [SCD] …………………………………………………………….7

*Hale v. State Farm Mutual Auto Insurance Company*, United States District Court,
    Southern District of Illinois, No. 3:2012-cv-00660-DRH-SCW ………………….…….8

**FEDERAL STATUTES AND RULES**

Section 10(b), Securities Exchange Act of 1934, 15 U.S.C. § 78(i)(B) ………………….…..4

Section 10(b), Securities Exchange Act of 1934, 15 U.S.C. § 78(t)(a) ………………….…...4

Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(1)-(3)(B)(I) …….…..4

Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(1)-(3)(I) …….…..….4

Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(3)(A)-(B) …….…...…4, 5

Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(3)(B)(iii) …………….5

Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc) ………..5

Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(3)(B)(v) ………....…..7

Federal Rules of Civil Procedure, Rule 23(a) ……………………...………………….……5, 6

**NOW INTO COURT** comes SAMUEL R. FLOYD ("Floyd"), by and through counsel, and submits this Memorandum of Law in Support of his Motion for Appointment as Lead Plaintiff and Selection of Lead Counsel.

## I.    PRELIMINARY STATEMENT

This is a securities class action lawsuit on behalf of persons who purchased or otherwise acquired common shares of SCANA stock.  This action is brought pursuant to § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78(i)(B) and 78(t)(a) and breach of fiduciary duty.

The foregoing Motion is made on the grounds that Floyd is the "most adequate plaintiff" to serve as lead plaintiff in this litigation.  In support, Floyd submits this Memorandum and the Declaration of Floyd ("Exhibit 1"), Legal Biography of Gordon Ball ("Exhibit 2"), and the *Business Wire* notice ("Exhibit 3") attached as exhibits hereto.

## II.    FLOYD IS THE MOST ADEQUATE PLAINTIFF

The Private Securities Litigation Reform Act of 1995 (PSLRA) establishes the procedure governing the appointment of lead plaintiff.  15 U.S.C. § 78u-4(a)(1)-(3)(B)(I).  The plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(1)-(3)(I).  The relevant notice was timely published in *Business Wire* on November 25, 2019. *Business Wire* notice. ("Exhibit 3", attached hereto).

Within sixty (60) days after publication of the notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. § 78u-4(a)(3)(A)-(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

"[T]he court shall adopt a presumption that the **most adequate plaintiff** in any

private action arising under this [Act] is the person or group of persons that --

(aa)    has either filed the complaint or made a motion in response to a notice . . . ;

(bb)    in the determination of the court has the largest financial interest in the relief

sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

Procedure."

15 U.S.C. § 78u-4(a)(3)(B)(iii).

**Floyd Has Timely Moved for Appointment as Lead Plaintiff**

All class members who are interested in moving for the appointment of lead plaintiff in

this matter must do so by January 27, 2020.  15 U.S.C. § 78u-4(a)(3)(A)-(B).  Floyd has timely

moved this Court to be appointed lead plaintiff and has signed and filed a certification stating his

willingness to serve as a representative party on behalf of the class. Declaration of Floyd ("Exhibit

1", attached hereto).

**Floyd Satisfies the Requirements of Rule 23**

In addition to filing the first Complaint asserting claims on behalf of purchasers of SCANA

common shares, a proposed lead plaintiff must also otherwise satisfy the requirements of Rule 23

of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc).  Rule 23(a) provides

that a party may serve as a class representative only if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of

law or fact common to the class; (3) the claims or defenses of the representative parties are typical

of the claims or defenses of the class; and (4) the representative parties will fairly and adequately

protect the interests of the class. Fed. R. Civ. P. 23(a). Of these four prerequisites, only two --

typicality and adequacy -- directly address the personal characteristics of the lead plaintiff Floyd. In deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.

Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class. Typicality may be satisfied even if there are factual distinctions between the named plaintiffs and those of other class members.

Floyd satisfies the typicality requirement of Rule 23 because, just like all other Class Members, he: (1) purchased and/or acquired SCANA securities during the Class Period at artificially-inflated prices; and (2) suffered damages thereby. Thus, Floyd's claims are typical because his claims and those of other Class Members arise out of the same course of events.

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy is established where (1) there are common interests between the proposed lead plaintiff and members of the class; and (2) the

proposed lead plaintiff will vigorously prosecute the interests of the class through qualified counsel.

Floyd is an adequate class representative because his interests in aggressively pursuing his claims against the Defendants are clearly aligned with the interests of the members of the class who also suffered losses due to Defendants' false statements, misrepresentations, omissions, and other unlawful conduct. Moreover, and as demonstrated below, Floyd's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Legal Biography of Gordon Ball ("Exhibit 2", attached hereto).

**Selection of Lead Counsel Should Be Approved**

The lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). Floyd has selected Gordon Ball of Gordon Ball, LLC ("Ball"), to serve as lead counsel for the class. Ball has researched and investigated the factual allegations in this case, reviewing thousands of pages of documents, including public financial filings, regulatory filings, press releases, and other public statements issued by SCANA. Ball has also retained an in-house accountant with nuclear energy accounting experience.

In late-2019, Floyd and Ball filed the first action on behalf of common shareholders in this Court and published notice of filing in *Business Wire* on November 25, 2019. *Business Wire* notice ("Exhibit 3", attached hereto).

In *Spartanburg Regional Health Services District, Inc. v. Hillenbrand Industries, Inc.* 7:2003-cv-02141 [SCD] ("*Spartanburg*"), Ball represented a South Carolina hospital in a nationwide class action against Hillenbrand Industries in a first of its kind direct purchaser class action challenging monopoly-bundling of medical devices. The parties reached a settlement

providing nearly $490 million in relief, including a cash payment to the class of $337.5 million dollars.

In 2019, Ball was selected as national *"Trial Lawyer of the Year"* by Public Justice, the nation's leading nonprofit legal advocacy organization, for his work in the case of *Hale v. State Farm Mutual Auto Insurance Company case no. 3:20102-cv-00666-DRH-SCW* S.D. Ill.

For these reasons, the Court should approve Floyd's selection of Gordon Ball of Gordon Ball, LLC as lead counsel in this action.

## III.    CONCLUSION

For the foregoing reasons, the Court should appoint Floyd as Lead Plaintiff and approve his selection of Gordon Ball of Gordon Ball, LLC as Lead Counsel for the class.

Respectfully submitted this 16th day of January, 2020.

*/s/ Daryl G. Hawkins*
Daryl G. Hawkins
Law Offices of Daryl G. Hawkins, LLC
P.O. Box 11906
Columbia, SC 29211
Tel: (803) 733-3531
dgh@dghlaw.net
SC Bar #002844/ USDC #01781


Edward D. Sullivan, JD, LLM, CPA
Sullivan Law Firm, PC
Edward D. Sullivan
PO Box 11714
Columbia, SC 29211
Tel: (803) 451-2775
esullivan@esullivanlaw.com
SC Bar #0011248/ USDC #5016

Gordon Ball
Jonathon Tanner Ball
Steven Chase Fann
Gordon Ball, LLC
7001 Old Kent Drive
Knoxville, TN 37919
Tel (865) 525-7028
gball@gordonball.com TNBPR#001135
 jtannerball@gmail.com TNBPR#037011
chasefann@wfptnlaw.com TNBPR#36794

Thomas C. Jessee
Jessee & Jessee
P.O. Box 997
Johnson City, TN 37605
Tel: (423) 928-7175
jjlaw@jesseeandjessee.com
TNBPR #000113/ SC Bar #2996

## CERTIFICATE OF SERVICE

Counsel hereby certifies that on this 16th day of January, 2020, have served a copy of the foregoing upon the following counsel by placing a copy of the same in the U.S. Mail, postage prepaid, for delivery:

Christopher A. Ogiba, Fed. ID No. 9042
Lesley A. Firestone, Fed. ID No. 11719
Clinton T. Magill, Fed. ID No. 12459
Moore & Van Allen, PLLC
78 Wentworth Street
Charleston, South Carolina 29401
Tel: 843-579-7066
Facsimile: 843-579-8749
Email: chrisogiba@mvalaw.com
lesleyfirestone@mvalaw.com
clintonmagill@mvalaw.com

Mark Nebrig*
Moore & Van Allen, PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202-4003
Tel: 704-331-3602
Facsimile: 704-339-5974
Email: marknebrig@mvalaw.com
*pro hac vice application to be submitted

Scott A. Edelman*
Jed M. Schwartz*
Andrew Lichtenberg*
Milbank, LLP
55 Hudson Yards
New York, NY 10001-2163
Tel: 212-530-5000
Facsimile: 212-530-5000
Email: sedelman@milbank.com
jschwartz@milbank.com
alichtenberg@milbank.com
*pro hac vice applications to be submitted

Respectfully submitted,

*/s/ Daryl G. Hawkins*
Daryl G. Hawkins
Law Offices of Daryl G. Hawkins, LLC
P.O. Box 11906
Columbia, SC 29211
Tel: (803) 733-3531
Email: dgh@dghlaw.net
SC Bar #002844/ USDC #01781

Gordon Ball
Jonathon Tanner Ball
Steven Chase Fann
GORDON BALL, LLC
7001 Old Kent Drive
Knoxville, Tennessee 37919
Tel:  (865) 525-7028
Email: gball@gordonball.com TNBPR#001135
 jtannerball@gmail.com TNBPR#037011
chasefann@wfptnlaw.com TNBPR#36794

Edward D. Sullivan, JD, LLM, CPA
Sullivan Law Firm, PC
Edward D. Sullivan
PO Box 11714
Columbia, SC 29211
Tel: (803) 451-2775
Email: esullivan@esullivanlaw.com
SC Bar #0011248/ USDC #5016

Thomas C. Jessee
Jessee & Jessee
P.O. Box 997
Johnson City, TN 37605
Tel: (423) 928-7175
Email: jjlaw@jesseeandjessee.com
TNBPR #000113/ SC Bar #2996