**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| **SAMUEL R. FLOYD, III**, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>**DELOITTE & TOUCHE LLP**, and **DELOITTE LLP**,<br><br>          Defendants. | Civil No.: 3:19-cv-03304-MBS<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA** |

Defendants Deloitte & Touche LLP and Deloitte LLP (collectively, "<u>Defendants</u>" or "<u>Deloitte</u>") submit this memorandum of law in opposition to the Motion for Leave to Serve a Third-Party Subpoena (the "<u>Motion</u>") and its supporting papers (Dkt. 20) filed by Plaintiff Samuel R. Floyd, III ("<u>Plaintiff</u>" or "<u>Floyd</u>").

## PRELIMINARY STATEMENT

In 1995, Congress enacted the Private Securities Litigation Reform Act ("<u>PSLRA</u>") to curb the widespread "abuses in securities class-action litigation," *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 682-83 (D. Md. 2000), including the filing of "frivolous lawsuits in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint," S. Rep. No. 104–98, 1995 WL 372783, at *14 (1995); *see also In re Spectrum Brands, Inc. Sec. Litig.*, No. 1:05-cv-02494-WSD, 2007 WL 1483633, at *4 (N.D. Ga. May 18, 2007) ("The express purpose of the PSLRA is to require potential securities fraud plaintiffs to gather enough information prior to filing to plead the facts of an alleged fraud.").

One of the most important protections of the PSLRA is a broad automatic stay of ***all*** discovery, which contemplates that "discovery should be permitted in securities class actions ***only after the court has sustained the legal sufficiency of the complaint***." *Latham v. Stein*, Nos. 6:08-cv-02995-RBH, 6:08-cv-03183-RBH, 2010 WL 3294722, at *2 (D.S.C. Aug. 20, 2010) (emphasis added).

The automatic discovery stay has only two narrow exceptions: a court may, but is not required to, authorize a party's request for discovery if it finds "that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. §78u–4(b)(3)(B) (2010). As explained below, Floyd's Motion seeking this Court's permission to subpoena a document from non-party SCANA Corporation ("<u>SCANA</u>") satisfies neither exception. Moreover, based on the lead plaintiff motions filed, it is unlikely that Floyd or his

1

counsel will ultimately control the litigation for which they are seeking discovery, making the Motion that much more inappropriate.

The Court should deny the Motion.

## RELEVANT BACKGROUND

Between September 27, 2017 and November 17, 2017, numerous class actions alleging securities fraud were filed against SCANA, a publicly traded company, and certain of its then current and former officers and directors. None of those complaints named Deloitte as a defendant.

On January 23, 2018, those cases were consolidated under the caption *In re SCANA Corp. Securities Litigation*, No. 3:17-cv-02616-MBS ("SCANA Action"), and the Court appointed lead plaintiffs and co-lead counsel. SCANA Action, Dkt. 49. Lead plaintiffs and co-lead counsel were charged, as fiduciaries, with diligently investigating all meritorious claims on behalf of the class. After such investigation, lead plaintiffs filed a consolidated amended complaint. SCANA Action, Dkt. 72. Deloitte was not named as a defendant in the new complaint.

Although lead plaintiffs had almost two years to amend their complaint, Deloitte was never named. *See* SCANA Action, Dkt. 181.

Shortly after the deadline in the SCANA Action for filing of the final amended complaint, Plaintiff filed this action seeking to hold Deloitte liable for a securities fraud allegedly perpetrated by SCANA. Dkt. 1. To date, two putative class members have moved to be appointed lead plaintiff and for approval of lead counsel. Dkts. 16 & 22. Pursuant to 15 U.S.C. §78u–4(a)(3)(A)(i)(II), the sixty-day period to move for appointment ended on January 27, 2020. Consent Mot. for an Order Adjourning Time for Defs. to Respond to Compl., Dkt. 9 at 1.

Deloitte intends to move to dismiss any amended complaint filed in this action. Defendants intend to agree upon a reasonable schedule for the filing of any amended complaint, and such a motion to dismiss, once lead plaintiff has been appointed. Dkt. 9 at 2.

## ARGUMENT

## DISCOVERY IS STAYED PURSUANT TO THE PSLRA, AND PLAINTIFF HAS NOT SHOWN THAT EITHER OF THE EXCEPTIONS PERMITTING DISCOVERY APPLIES.

The PSLRA mandates that no discovery is permitted in a securities putative class action until "after the court has sustained the legal sufficiency of the complaint." *Latham*, 2010 WL 3294722, at *2. The PSLRA unequivocally provides that "[i]n any private action arising under this chapter, ***all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss***, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u–4(b)(3)(B) (emphasis added). "There is no dispute that the PSLRA stay of discovery applies when an initial motion to dismiss is contemplated, but has not yet been filed." *Sedona Corp. v. Ladenburg Thalmann*, No. 1:03-cv-03120-LTS-THK, 2005 WL 2647945, at *2 n.1 (S.D.N.Y. Oct. 14, 2005); *see also Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (there is a "strong presumption that *no* discovery should take place until a court has affirmatively decided that a complaint *does* state a claim under the securities laws, by denying a motion to dismiss"). Defendants intend to move to dismiss Floyd's complaint, which utterly fails to state a claim.

The stay applies equally to parties and non-parties, with the latter of course being even more deserving of protection from harassing and illegitimate requests. *See Mori v. Saito*, 802 F. Supp. 2d 520, 527 (S.D.N.Y. 2011) ("[T]he PSLRA makes no distinction between discovery sought from non-parties as opposed to parties."); *Powers v. Eichen*, 961 F. Supp. 233, 235 (S.D. Cal. 1997) (same). Thus, Floyd's request to seek discovery from SCANA is barred by the PSLRA absent a finding by this court that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice" to Plaintiff. 15 U.S.C. § 78u–4(b)(3)(B).

Plaintiff does not argue that the discovery he seeks is "necessary to preserve evidence." Rather, Plaintiff argues that he "will be unduly prejudiced and unable to make informed decisions concerning litigation strategy unless this one document is produced," because the SCANA Action is a "parallel litigation" that is "in a more advanced state than the instant case, [and] the parties in that action have moved this Court to provide preliminary approval of a settlement." Mot., Dkt. 20 at 3. Floyd provides no explanation of how the SCANA Action settlement—from which he will benefit (as a class member)—prejudices him, nor does he show how that prejudice might be cured by the requested discovery. *Cf. In re Spectranetics Corp. Sec. Litig.*, Nos. 1:08-cv-02048-REB-KLM *et al.*, 2009 WL 3346611, at *4 (D. Colo. Oct. 14, 2009) ("A plaintiff claiming undue prejudice should show exceptional circumstances specific to its case—not make a conclusory allegation about being delayed or disadvantaged in relation to other parties."). Moreover, courts routinely reject claims that the stay should be lifted so that a plaintiff can make informed litigation decisions. *See In re Refco, Inc. Sec. Litig.*, No. 1:05-cv-08626-GEL, 2006 WL 2337212, at *2 (S.D.N.Y. Aug. 8, 2006) ("Plaintiffs' inability to gather evidence . . . to plan a litigation strategy is not evidence of undue prejudice."); *In re Smith Barney Transfer Agent Litig.*, No. 1:05-cv-07583-WHP, 2006 WL 1738078, at *2 (S.D.N.Y. June 26, 2006) (hindering plaintiffs' ability to "formulate . . . litigation strategies" did not justify lifting the PSLRA stay); *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 39 (D.D.C. 2005) (same).

Granting Floyd's Motion would contravene Congress's intent. Consistent with the PSLRA, "complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." *Medhekar v. U.S. Dist. Ct.*, 99 F.3d 325, 328 (9th Cir. 1996); *see also SG Cowen Sec. Corp. v. U.S. Dist. Ct.*, 189 F.3d 909, 913 (9th Cir. 1999) (same). The discovery stay cannot be lifted to

help a plaintiff "better craft an amended complaint," *Kelleher v. ADVO, Inc.*, No. 3:06-cv-01422-AVC, 2007 WL 1232177, at *4 (D. Conn. Apr. 24, 2007), or oppose a motion to dismiss, *In re Spectranetics*, 2009 WL 3346611, at *9. Indeed, courts have opined that any "[p]rejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it . . . has been mandated by Congress . . . ." *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001); *see also In re Celera Corp. Sec. Litig.*, No. 5:10-cv-02604-EJD-HRL, 2014 WL 3827570, at *2 (C.D. Cal. Feb. 25, 2014) (same).

Plaintiff cites a number of cases for the proposition that "[c]ourts have modified the discovery stay in other securities class actions involving concurrent investigations by governmental agencies when doing so would not frustrate Congress' purposes in enacting the PSLRA." Mem. of Authorities in Support of Mot. ("MOA"), Dkt. 20-1 at 6. But the cases he cites do not support his position. For example, Floyd cites *In re FirstEnergy Corp. Securities Litigation*, 316 F. Supp. 2d 581 (N.D. Ohio 2004), which he describes as "lifting the discovery stay to permit lead plaintiff to obtain documents produced to governmental entities." MOA, Dkt. 20-1 at 6. But *FirstEnergy* is a decision on a motion to dismiss that ***does not even discuss the PSLRA discovery stay***.[1] Four cases cited by Floyd involved discovery against parties subject to multiple proceedings, and, in all cases, the court was concerned that the parties asserting claims not

---

[1] Similarly, Plaintiff identifies a case about the Emoluments Clause, *State of Maryland v. Trump*, No. 8:17-cv-01596 (PJM) (D. Md. 2017), that is not subject to the PSLRA.

governed by the PSLRA automatic stay would proceed more quickly, leaving the PSLRA class with little or no recourse.[2]  That is not the case here.[3]

Finally, under the PSLRA, there is a rebuttable presumption that the petitioning party with the largest financial losses will be appointed lead plaintiff.  *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb).  Based on the certifications attached to the two timely filed motions for appointment as lead plaintiff, International Brotherhood of Electrical Workers Local 98 Pension Fund's alleged losses dwarf Floyd's.  Dkts. 13 & 22-4.  Because the PSLRA endows the lead plaintiff with sole authority to determine litigation strategy, Floyd's argument that he cannot develop a litigation strategy without the requested discovery is at best premature—since lead plaintiff has not yet been appointed—and may well turn out to be moot.

---

[2] *See In re Enron Sec., Derivative & ERISA Litig.*, Nos. MDL-1446, 4:01-cv-03624, 2002 WL 31845114 (S.D. Tex. Aug. 16, 2002); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 319 F. Supp. 2d 634 (D. Md. 2004); *Singer v. Nicor, Inc.*, No. 1:02-cv-05168-CRN, 2003 WL 22013905 (N.D. Ill. Apr. 23, 2003). Further, *Enron* and *WorldCom* involved defendants that had filed for bankruptcy, and Ahold had begun a corporate reorganization, consisting of large divestitures.  Thus, there was a real risk in these cases that lead plaintiff and the putative class would "be left to pursue its action against defendants who no longer [had] anything or at least as much to offer."  *In re WorldCom*, 234 F. Supp. 2d at 306.

[3] None of the other cases Plaintiff cites support his argument either.  *See Vacold LLC v. Cerami*, No. 1:00-cv-04024-AGS, 2001 WL 167704 (S.D.N.Y. Feb. 16, 2001) (lifting the PSLRA stay to allow amendment of a complaint where the facts alleged already supported a reasonable inference of securities fraud); *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100 (D. Mass. 2002) (finding that the PSLRA stay did not apply to defendants where motions to dismiss had been denied, and, alternatively, that undue prejudice existed where witnesses and evidence were located abroad and defendants were bankrupt and contemplating dissolution); *In re Cree, Inc. Sec. Litig.*, 220 F.R.D. 443 (M.D.N.C. 2004) (quashing plaintiffs' thirteen preservation subpoenas because they were served in violation of the PSLRA); *In re Massey Energy Co. Sec. Litig.*, No. 5:10-cv-00689-ICB, 2011 WL 4528509 (S.D. W. Va. Sept. 28, 2011) (partially lifting the stay because a recent merger might lead to the destruction of documents and competing criminal, civil, and administrative actions were proceeding while the PSLRA case was stayed).

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion for Leave to Serve a

Third-Party Subpoena on SCANA.

Charleston, South Carolina
January 31, 2020

**MOORE & VAN ALLEN, PLLC**

By:   _/s/ Christopher A. Ogiba_        
Christopher A. Ogiba, Fed. ID No. 9042
Lesley A. Firestone, Fed. ID No. 11719
Clinton T. Magill, Fed. ID No. 12459
78 Wentworth Street
Charleston, South Carolina 29401
Telephone:  843-579-7066
Facsimile:   843-579-8749
Email: chrisogiba@mvalaw.com
      lesleyfirestone@mvalaw.com
      clintonmagill@mvalaw.com

Mark Nebrig*
Moore & Van Allen, PLLC
100 North Tryon Street
Suite 4700
Charlotte, North Carolina 28202-4003
Telephone: 704-331-3602
Facsimile:  704-339-5974
E-mail: marknebrig@mvalaw.com

*pro hac vice application pending*


**MILBANK LLP**
Scott A. Edelman*
Jed M. Schwartz*
Andrew B. Lichtenberg*
55 Hudson Yards
New York, New York 10001-2163
Telephone: 212-530-5000
Facsimile:  212-530-5219
Email:  sedelman@milbank.com
      jschwartz@milbank.com
      alichtenberg@milbank.com

*admitted pro hac vice*

*Attorneys for Defendants
Deloitte & Touche LLP and Deloitte LLP*