# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# (COLUMBIA DIVISION)

| | |
|---|---|
| SAMUEL R. FLOYD, III on behalf of Himself and all others similarly situated,<br><br>            Plaintiff,<br><br>     v.<br><br>DELOITTE & TOUCHE, LLP, DELOITTE LLP,<br><br>            Defendants. | Case No. 3:19-3304-MBS<br><br>**CLASS ACTION** |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 98 PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO THE COMPETING MOTION**

**INTRODUCTION**

IBEW Local 98 respectfully submits that it should be appointed Lead Plaintiff. It has the "largest financial interest" in this litigation and meets the *prima facie* showing of typicality and adequacy required by Rule 23 and the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).[1] One other movant, Samuel R. Floyd III ("Floyd"), seeks appointment as Lead Plaintiff,[2] but IBEW Local 98's losses dwarf Floyd's. In fact, IBEW Local 98's losses are more than ***fifteen times*** greater than Floyd's. Moreover, unlike Floyd, IBEW Local 98 is an institutional investor—precisely the type of sophisticated investor Congress sought to encourage to prosecute securities class actions when it enacted the PSLRA. Accordingly, IBEW Local 98 is entitled to a strong presumption that it is the "most adequate plaintiff." *Ollila v. Babcock & Wilcox Enters., Inc.*, 253 F. Supp. 3d 827, 829 (W.D.N.C. 2017). Under the PSLRA, that presumption can only be rebutted "upon proof" that IBEW Local 98 is inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). There are no facts that even suggest that IBEW Local 98 is unfit to represent the Class, and certainly no "proof." Accordingly, IBEW Local 98 should be appointed Lead Plaintiff, and the Court should approve its selection of counsel.

**ARGUMENT**

**I.    IBEW LOCAL 98 SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA creates a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies

---

[1] All abbreviated terms have the same meaning as those in IBEW's opening brief. *See* ECF No 22-1. Unless otherwise indicated, all docket references refer to this action, Case Number 3:19-cv-3304 (MBS). All emphasis is added, and internal citations are omitted.

[2] *See* Mot. for Appointment of Lead Pl. and Selection of Lead Counsel ("Floyd Motion"), ECF No. 16.

1

the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See In re USEC Sec. Litig.*, 168 F. Supp. 2d 560, 566 (D. Md. 2001) ("[a] wide ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for the Court's later consideration of a motion for class certification").

Once this presumption is triggered, it can only be rebutted upon "***proof***" that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u– 4(a)(3)(B)(iii)(II); *see also GenVec*, 2012 WL 1478792, at *2; *In re Cavanaugh*, 306 F.3d 726, 729 n.2 (9th Cir. 2002) ("That the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof.'"). In assessing whether the presumption is rebutted, the PSLRA does not "authorize the district judge to examine the relative merits of plaintiffs seeking lead status on a round-robin basis." *Cavanaugh*, 306 F.3d at 732. Rather, "[t]he statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *Id*.

### A.     IBEW Local 98 Has The Largest Financial Interest

IBEW Local 98 has the largest financial interest in the relief sought by the Class by virtue of its loss of $51,702. Courts in this Circuit have held that a movant's loss is the most important factor in determining which movant possesses the largest financial interest. *See McIntyre v. Chelsea Therapeutics Int'l, Ltd.*, No. 3:12-CV-213-MOC-DCK, 2012 WL

3962522, at *2-3 (W.D.N.C. Aug. 16, 2012) (appointing movant with the largest loss). Here, IBEW's loss of $51,702 dwarfs Floyd's loss of $3,309.85.[3] Indeed, IBEW Local 98's losses are fifteen times greater than Floyd's.

IBEW Local 98's superior financial interest is also demonstrated by the fact that it purchased approximately 60 times more shares, 25 times more net shares, and expended 20 times more net funds than Floyd. *See Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) ("The PSLRA does not state how the court should determine who has the largest financial interest, but four factors are surely relevant: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs."). The following table reflects each of the so-called *Lax* factors for the competing movants here:

| Movant | Shares Purchased | Net Shares Purchased | Net Funds Expended | Losses |
|---|---|---|---|---|
| **IBEW Local 98** | 9,400.00 | 4,000.00 | $212,864.96 | $51,702.96 |
| **Floyd** | 152.60 | 152.60 | $9,458.08 | $3,309.85 |

Under each *Lax* metric, IBEW Local 98's financial interest far exceeds Floyd's.[4]

---

[3] IBEW Local 98 calculated Floyd's losses based on the information provided in his certification, ECF No. 16-3, using the last-in, first-out ("LIFO") calculation method that is widely employed in securities class actions under the PSLRA. *See Hirtenstein v. Cempra, Inc*., No. 1:16-cv-1303, 2017 WL 2874588, at *3 (M.D.N.C. July 5, 2017) (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 101 (S.D.N.Y. 2005) (rejecting an alternate methodology and noting that "courts have preferred LIFO . . . as an appropriate means of calculating losses in securities fraud cases.").

[4] Floyd's certification also has a number of irregularities. For example, Floyd indicates that he purchased 0.1011 shares of SCANA common stock on January 14, 2017. *See* ECF No. 16-3. That Floyd lists fractional shares here and elsewhere in his certification is unusual and suggests that he may not have directly acquired the securities. Moreover, January 14, 2017, was a Saturday, and the markets are not open on the weekend.

3

Accordingly, IBEW Local 98 is entitled to the presumption that it is the "most adequate plaintiff" under the PSLRA. *See* 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I)(bb).

### B.    IBEW Local 98 Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, IBEW Local 98 also fulfills Rule 23's typicality and adequacy requirements. To rebut the presumption that IBEW Local 98 shall be appointed Lead Plaintiff, the PSLRA requires another movant to submit "proof" that IBEW Local 98 is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case.

As demonstrated in its opening brief, IBEW Local 98 is typical within the meaning of Rule 23. *See* ECF No. 22-1, at 8-9. Like all putative Class members, IBEW Local 98: (1) purchased SCANA securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby. *See Babcock & Wilcox*, 253 F. Supp. 3d at 830 (finding typicality where representative party's claims are "based on the same interests and same injuries alleged by other purported class members.").

IBEW Local 98 also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). As set forth in its opening brief, IBEW Local 98 is a sophisticated institutional investor that is committed to achieving the best possible result for the Class. *See* ECF No. 22-1, at 9-10. Indeed, institutional investors are exactly the type of investors Congress sought, through the enactment of the PSLRA, to encourage to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts

by improving the quality of representation.").

Finally, there is no conflict between IBEW Local 98's interests and those of the other Class members. To the contrary, the interests of IBEW Local 98 and other Class members are directly aligned because all suffered damages from their purchases of SCANA securities that were artificially inflated by Defendants' misconduct during the Class Period. Thus, IBEW Local 98's claims are typical of the claims of the Class, and it will fairly and adequately represent the interests of the Class.

Because IBEW Local 98 meets all the requirements for appointment, the Court need not consider Floyd's motion. *See Faris v. Longtop Fin. Techs. Ltd.*, No. 11 Civ. 3658 (SAS), 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011) ("[T]he inquiry can stop here, now that the Court has determined [which movant] has the largest financial interest and is otherwise typical and adequate.").

## II. THE COURT SHOULD APPROVE IBEW LOCAL 98'S SELECTION OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The PSLRA provides that a court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). IBEW Local 98 selected Cohen Milstein to serve as Lead Counsel and Tinkler Law to serve as Liaison Counsel. Both firms are experienced in securities litigation and are well qualified to represent the Class. *See* ECF No. 22-1 at 10-12; ECF No. 22-6. Accordingly, the Court should approve IBEW Local 98's selection of Cohen Milstein as Lead Counsel and Tinkler Law as Liaison Counsel.[5]

---

[5] The PSLRA provides that lead plaintiff applications must be filed within 60 days of the date on which notice of the action is published. 15 U.S.C. §§ 78u-4(a)(3)(A)(i) (I)-(II). Typically, movants

5

## CONCLUSION

Based on the foregoing, IBEW Local 98 respectfully requests that the Court: (i) appoint IBEW Local 98 as Lead Plaintiff; (ii) appoint Cohen Milstein as Lead Counsel and Tinkler Law as Liaison Counsel; and (iii) grant such other relief as the Court may deem to be just and proper.

Dated:  February 3, 2020                    Respectfully submitted,

 /s/ William Tinkler
William Tinkler (D.S.C. Bar Number 11794)
**TINKLER LAW FIRM LLC**
154 King Street, Third Floor
Charleston, SC 29401
Telephone: (843) 853-5203
Facsimile: (843) 261-5647
Email: william@tinklerlaw.com

Steven J. Toll (*pro hac vice* to be filed)
Allen Dreschel (*pro hac vice* to be filed)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue N.W., Suite 500
Washington, D.C.  20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
adreschel@cohenmilstein.com

Laura H. Posner (*pro hac vice* to be filed)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor

---

file applications on the final day of the 60-day period and then file responses within some number of days as required by the court's local rules. Indeed, the PSLRA does not contemplate staggered lead plaintiff motions and responses, and it would waste judicial resources for the parties to file *seriatim* motions and briefs. However, here, Floyd moved for appointment as lead plaintiff on January 16, 2020, eight days *before* the deadline for such motions. Since IBEW Local 98 did not appear as a movant in this action until January 24, 2020 (ECF No. 22), it is unclear when its response to a motion filed on January 16, 2020 must be submitted. Nevertheless, out of an abundance of caution, IBEW Local 98 is filing its response to Floyd's motion today, consistent with Local Civil Rule 7.06 (permitting 14 days for motion responses, and an additional three days for parties who do not receive immediate service of briefs under Federal Rule of Civil Procedure 6(d)).

>New York, NY 10005
>Telephone: (212) 220-2925
>Facsimile: (212) 838-7745
>Email: lposner@cohenmilstein.com
>
>*Counsel for Movant and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

    I certify that on February 3, 2020, I electronically filed this Memorandum in Support of International Brotherhood of Electrical Workers Local 98's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, using the Court's CM/ECF system. A copy of this filing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                               */s/ William Tinkler*
                                                               William Tinkler