**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 98 PENSION FUND on behalf of itself and all others similarly situated, | Case No. 3:19-cv-3304 |
|        Plaintiffs, | |
| vs. | |
| DELOITTE & TOUCHE LLP; DELOITTE LLP, | |
|        Defendants. | |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26(f)
PROPOSED DISCOVERY PLAN AND ADDITIONAL
<u>INFORMATION REQUIRED BY LOCAL CIVIL RULE 26.03</u>**

Lead Plaintiff International Brotherhood of Electrical Workers Local 98 Pension Fund ("IBEW Local 98"), and Defendants Deloitte & Touche LLP, and Deloitte LLP (collectively, "Defendants," and together with Lead Plaintiff, the "Parties") by and through their respective counsel, submit the following Joint Federal Rule of Civil Procedure 26(f) Proposed Discovery Plan and Additional Information Required by Local Civil Rule 26.03 (the "Discovery Plan").

The Parties submit this Discovery Plan based on information presently known to them and in accordance with the Joint Stipulation for Scheduling Order ("Scheduling Order") filed concurrently herewith. At this time, the Parties have not completed their investigation of the facts underlying this lawsuit, nor have the Parties completed their discovery or preparation for trial. Accordingly, this Discovery Plan is submitted without prejudice to the Parties' right to amend, supplement, or change these disclosures pursuant to the Federal Rules of Civil Procedure and/or Local Civil Rules for the District of South Carolina. This Discovery Plan is also subject to correction for inadvertent errors or omissions, or changed circumstances.

The Parties also expressly reserve all objections to the use of this Discovery Plan or any of the information or documents referenced herein for any purpose in this case or any other proceeding. By referring to individuals and documents in the Discovery Plan, the Parties make no representations regarding the relevance or admissibility of any particular information that such individuals may possess, or such documents may contain. Nothing in this statement shall affect a waiver of the Parties' rights to object to any future discovery requests on any basis.

## I.    The Subjects on Which Discovery May Be Needed

### A.    Lead Plaintiff's Position

Lead Plaintiff will seek discovery related to the allegations in the Consolidated Class Action Complaint (ECF No. 44, the "Complaint") and, in particularly, Defendants' violations of the federal securities laws. Such discovery will include, but is not limited to, information related to: (a) Defendants' audits of SCANA's financial statements and internal controls; (b) Defendants' Special Audits of the V.C. Summer Nuclear Station in South Carolina (the "Nuclear Project") (c) Defendants' knowledge regardingSCANA's construction of theNuclear Project, including the Nuclear Project's schedule, costs, and eligibility for certain federal tax credits, as well as SCANA's oversight of the Nuclear Project, and any internal or external analyses of the Nuclear Project; (d) Defendants' communications with SCANA, regulators, third parties, state and federal government officials, investors, and the public about the Nuclear Project; (e) Defendants' role in the manner and preparation of SCANA's statements made to investors, regulators, and the public about the Nuclear Project's construction made in, among other things, SEC filings, regulatory filings and hearings, press releases, conference calls, investor meetings, the internet, and/or industry-related events; (f) Defendants' manner and preparation of its own false and misleading statements and opinions filed in connection with SCANA's statements to investors, regulators, and the public regarding SCANA's financial condition and the Nuclear Project's construction; (g) Defendants' fee and compensation arrangements with SCANA; (h) analyst, rating agency and financial market coverage of SCANA and the Nuclear Project and (i) Defendants' answer (including affirmative defenses) to the Complaint.Lead Plaintiff expressly reserves the right to amend and/or supplement the preceding categories.

### B.    Defendants' Position

Defendants will seek discovery on topics in Lead Plaintiff's consolidated complaint (the "Complaint") and Defendants' answer (including Defendants' affirmative defenses), and concerning the proposed class representative.

## II.    When Discovery Should Be Completed

The Parties respectfully refer the Court to the Scheduling Order, submitted herewith.

## III.    Whether Discovery Should Be Conducted in Phases or Be Limited to or Focused on

**Particular Issues**

The Parties respectfully refer the Court to the Scheduling Order, submitted herewith.

IV.    **Any Issues About Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which It Should Be Produced**

The Parties do not anticipate any issues concerning electronically stored information ("ESI") at this time. The Parties have met and conferred on ESI in accordance with the Federal Rules of Civil Procedure, and will continue to do so as necessary or appropriate.

V.    **Any Issues About Claims of Privilege or of Protection as Trial Preparation Materials, Including – if the Parties Agree on a Procedure to Assert These Claims After Production – Whether to Ask the Court to Include Their Agreement in an Order**

The Parties reserve all rights to assert claims of privilege or protection as trial preparation materials permitted under the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or other applicable law. The Parties anticipate meeting and conferring on a stipulated confidentiality order that protects various confidential materials that may be produced during discovery. Such agreement is anticipated to include a provision under Federal Rule of Evidence 502(d). The Parties will submit their stipulated confidentiality order for Court approval, or in the event the Parties cannot reach agreement, will bring any matter to the Court's attention at that time.

VI.    **Any Other Orders that the Court Should Issue Under Rule 26(c) or Under Rule 16(b) and (c) of the Federal Rules of Civil Procedure**

Other than the scheduling matters identified in the Scheduling Order filed herewith, the Parties request no additional orders at this time.

VII.    **What Changes Should Be Made in the Limitations on Discovery Imposed Under These Rules or by Local Rule, and What Other Limitations Should Be Imposed**

A.    **Requests for Admission**

The Parties do not believe any deviation from the Federal Rules of Civil Procedure is necessary regarding the number of requests for admission that may be served on any party.

B.    **Written Interrogatories**

4

The Parties do not believe any deviation from the Federal Rules of Civil Procedure is necessary regarding the number of interrogatories that may be served on any party. Pursuant to Fed. R. Civ. P. 33(a), the Parties agree that the maximum number of interrogatories served by each side shall be 25. Any request to exceed this limit must be presented by motion, unless otherwise agreed to by the Parties.

### C.    Requests for Production

The Parties do not believe any deviation from the Federal Rules of Civil Procedure is necessary regarding the number of requests for production that may be served on any party.

### D.    Oral Depositions

At this time, no party is requesting, or agreeing to, any modification of the default number of, or length of, depositions permitted under Federal Rule of Civil Procedure 30.

Each Party reserves the right to seek an upward departure of the number of oral depositions allowed as well as to seek relief from the seven-hour limitation imposed by Federal Rule Civil Procedure, and each Party similarly reserves the right to oppose any such requests.

### E.    Disclosure of Expert Testimony

The Parties respectfully refer the Court to the Scheduling Order, submitted herewith.

### F.    Service of Records Custodian Witnesses

The Parties respectfully refer the Court to the Scheduling Order, submitted herewith.

### G.    Further Amendments

The Parties respectfully refer the Court to the Scheduling Order, submitted herewith.

### H.    Class Certification

The Parties respectfully refer the Court to the Scheduling Order, submitted herewith.

### I.    Dispositive and Other Related Motions

The Parties respectfully refer the Court to the Scheduling Order, submitted herewith.

### J.    Mediation

The Parties respectfully refer the Court to the Scheduling Order, submitted herewith.

K.     **Trial Related Deadlines**

The Parties respectfully refer the Court to the Scheduling Order, submitted herewith.

VIII.   **Additional Information Pursuant to Local Civil Rule 26.03**

A.     **Facts of the Case**

1.   **Lead Plaintiffs' Position**

Lead Plaintiff alleges that Defendants engaged in a fraudulent scheme to artificially inflate SCANA's stock price by misrepresenting and concealing the truth about the status of the multi-billion dollar Nuclear Project and its impact on SCANA's financial condition, in violation of Section 10(b) of the Securities Exchange Act of 1934. Lead Plaintiff further alleges that Defendants violated GAAP, GAAS and PCAOB Standards in connection with their audits of SCANA.  Specifically, Lead Plaintiff alleges that Defendants knew or were reckless in not knowing as a result of the Bechtel Corporation engagement, presentations and reports, dozens of internal SCANA reports, presentations, metrics, documents, and Defendants' own Special Audits, that the Nuclear Project was years behind schedule and significantly over budget, with little chance that it could be completed in time to receive the $1.4 billion in Nuclear Tax Credits SCANA investors were promised. Rather than disclose this information to investors, Defendants—SCANA's purportedly independent auditors and critical gatekeepers—not only blessed these and other related representations as free from misstatement, but told investors that its blessing carried significant weight because its audits were conducted in accordance with relevant governing standards.  Once the truth of Defendants' practices was revealed through a series of disclosures, it caused the Company's stock price to drop, resulting in billions of dollars in losses for the Company's shareholders.

2.   **Defendants' Position**

This putative class action lawsuit arises out of alleged wrongdoing by SCANA Corporation ("SCANA") and its management. That alleged wrongdoing relates to the manner in which SCANA

disclosed the progress it was making on a nuclear energy construction project in Fairfield County, South Carolina (the "Project").

Defendant Deloitte & Touche LLP ("D&T"), was the independent auditor of SCANA's financial statements, and was tasked with obtaining reasonable assurance that the financial statements in SCANA's Form 10-Ks were materially accurate. In other words, D&T expressed a very limited set of opinions—and Defendant Deloitte LLP made no statements at all—about SCANA's financial statements and its internal controls.

D&T was not, however, the auditor of SCANA's non-financial statement disclosures, which are the primary focus of the Complaint. And D&T expressed no opinion whatsoever as to the accuracy of those statements.

Defendants categorically deny any allegation that they violated any applicable laws, rules, regulations, or standards governing D&T's conduct as the independent auditor of SCANA Corporation. At all relevant times, D&T's experienced audit engagement team conducted itself with integrity and proficiency and in accordance with applicable professional standards when auditing SCANA. D&T's audit opinions were the result of carefully planned audits that were conducted professionally and in good faith. The resulting audit opinions, based on the information made available to D&T by SCANA and its executives, were entirely truthful at the time they were made. There is no basis to Plaintiffs' claim that Defendants acted in a fraudulent or reckless manner as would be necessary for Plaintiffs' to prevail on their claim under Section 10(b).[1]

> **B.** **Fact Witnesses Likely to Be Called and a Brief Summary of Their Expected Testimony**

> **1. Lead Plaintiff's Statement**

As discovery has yet to commence, the only witnesses that Lead Plaintiff has been able to

---

[1] Defendants incorporate by reference their affirmative defenses in their answer. Defs.' Answer, ECF No. 66 at 197-99.

identify to date include: the following:

Defendants: Eileen Little, Sean Bird

SCANA Officers and Employees: Kevin B. Marsh, Lonnie Carter, Stephen A. Byrne, Jimmy E. Addison, James E. Swan, Gregory E. Aliff, Carlette Walker, and Sarena Burch.

Lead Plaintiff Representative: Tara Chupka

Lead Plaintiff's Outside Investment Adviser for its transactions in SCANA during the Class Period: LSV ASSET MANAGEMENT

Lead Plaintiff anticipates that additional Deloitte personnel assigned to the SCANA audits, certain additional former officers and employees of SCANA and its affiliates and certain current and former employees of third-party entities involved in construction and/or assessment of the Project (including, for example, Santee Cooper, Bechtel and Westinghouse), and various experts will likely be called to testify on behalf of Lead Plaintiff and the Class regarding the allegations in the Complaint.

### 2.  Defendants' Statement

As discovery has yet to commence, Defendants are not yet able to identify the full set of individuals who they may call to testify. Defendants anticipate that they may call some or all of the following witnesses to testify in connection with their work referenced below. Defendants reserve the right to amend and supplement this statement.

i.    Certain current and former D&T employees who performed audit work in connection with SCANA's financial years ended December 31, 2015 and December 31, 2016, including:

| Name | Role in 2015 and 2016 SCANA Audits | Current or Former D&T Employee |
| --- | --- | --- |
| Eileen Little | Lead Client Service Partner | Current |
| Tricia Pemberton | Engagement Quality Control Review Partner | Current |
| Kevin Monroe | Risk Assessment Partner | Former |
| Allison Taylor | Senior Manager | Current |
| Tashia (Cooke) Hawkins | Senior Auditor | Current |
| James Cottrell | Fraud Specialist | Former |
| Dan Smeaton | Senior Consultant | Former |

ii.      D&T's Lead Client Service Partner for the audit of SCANA for its financial year ended December 31, 2017, Sean Bird.

iii.      Current and former SCANA management employees with knowledge of the Project, including: Kevin Marsh; Jimmy Addison; Stephen Byrne; James Swan; Maybank Hagood; Gregory Aliff; Susan Wright; Randy Senn; Mark Cannon; Ronald Lindsay; Iris Griffin; Mark Sparks; Casey Coffer; Andrea Stewart; Kenny Jackson; Betty Best; Brenda Bowen; Byron Hinson; Shirley Johnson; Matthew Gissendanner; Alvis Bynum; and Abney (Skip) Smith.

iv.      Current and former employees of third-party entities involved in construction and/or assessment of the Project (including, for example, Santee Cooper, Bechtel, and McNair Law Firm, now known as Burr & Forman LLP).

v.      Current and former employees of the South Carolina Office of Regulatory Staff and/or Public Service Commission involved in assessment of the Project.

9

vi.     Lead Plaintiff and its investment advisor(s).

vii.    Investment analysts who covered SCANA during the relevant period.

viii.   Expert witnesses on topics to be determined.

C.     **The Names and Subject Matter of Expert Witnesses (if No Witnesses Have Been Identified, the Subject Matter and Field of Expertise Should Be Given as to Experts Likely to Be Offered)**

1.     **Lead Plaintiff's Statement**

As discovery has yet to commence, no expert witnesses have been identified at the present time. However, Lead Plaintiff anticipates that audit and accounting, financial economics and industry experts will be called to testify on behalf of Lead Plaintiff and the Class.

2.     **Defendants' Statement**

As discovery has yet to commence, no expert witnesses have been identified at the present time. However, Defendants anticipate that audit and accounting, financial economics and industry experts will be called to testify on behalf of Defendants.

D.     **A Summary of the Claims or Defenses with Statutory and/or Case Citations Supporting the Same**

1.     **Lead Plaintiff's Statement**

Lead Plaintiff respectfully refers the Court to Section VIII.A.1 above.

2.     **Defendants' Statement**

Defendants respectfully refer the Court to Section VIII.A.2 above.

E.     **Absent Special Instructions From the Assigned Judge, Proposed Dates for the Following Deadlines Listed in Local Civil Rule 16.02: (a) Exchange of Federal Rule of Civil Procedure 26(a)(2) Expert Disclosures; and (b) Completion of Discovery**

The Parties respectfully refer the Court to the Scheduling Order, submitted herewith.

F.     **Any Special Circumstances that Would Affect the Time Frames Applied In Preparing the Scheduling Order**

In light of the complexity of the factual and legal issues involved, the substantial amount of

document and deposition discovery that will need to take place, as well as expert and third-party discovery, the Parties anticipate that additional time beyond the normal discovery track will be necessary to complete merits discovery and expert discovery.

**G.    The Parties Shall Provide Any Additional Information Requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or Otherwise Requested by the Assigned Judge**

Neither party consents to a trial before a United States Magistrate Judge.

11

Respectfully submitted this 19th day of February, 2021.

/s/ Christopher A. Ogiba
Christopher A. Ogiba, Fed. ID No. 9042
Lesley A. Firestone, Fed. ID No. 11719
Clinton T. Magill, Fed. ID No. 12459
**MOORE & VAN ALLEN, PLLC**
78 Wentworth Street
Charleston, South Carolina 29401
Telephone: 843-579-7066
Facsimile: 843-579-8749
Email: chrisogiba@mvalaw.com
     lesleyfirestone@mvalaw.com
     clintonmagill@mvalaw.com

**MOORE & VAN ALLEN, PLLC**
Mark A. Nebrig
John A. Fagg, Jr.
Nader S. Raja
Kristen J. Kenley
100 North Tryon Street Suite 4700
Charlotte, North Carolina 28202-4003
Telephone: 704-331-3602
Facsimile: 704-339-5974
Email: marknebrig@mvalaw.com
     johnfagg@mvalaw.com
     naderraja@mvalaw.com
     kristenkenley@mvalaw.com

**MILBANK LLP**
Scott A. Edelman
Jed M. Schwartz
Andrew B. Lichtenberg
55 Hudson Yards
New York, New York 10001-2163
Telephone: 212-530-5000
Facsimile: 212-530-5219
Email: sedelman@milbank.com
     jschwartz@milbank.com
     alichtenberg@milbank.com

*Attorneys for Defendants*
*Deloitte & Touche LLP and Deloitte LLP*

/s/ William Tinkler
William Tinkler (D.S.C. Bar Number 11794)
**TINKLER LAW FIRM LLC**
154 King Street, Third Floor
Charleston, SC 29401
Telephone: (843) 853-5203
Facsimile: (843) 261-5647
Email: william@tinklerlaw.com

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Laura H. Posner
Ji Eun Kim (Jessica)
88 Pine Street,14th Floor
New York, New York 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email: lposner@cohenmilstein.com
     jekim@cohenmilstein.com

Steve J. Toll
Jan Messerschmidt
1100 New York Avenue, N.W., Fifth Floor
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
     jmesserschmidt@cohenmilstein.com

*Attorneys for Lead Plaintiff and the Class*

**GORDON BALL PLLC**
Gordon Ball
Jonathon Tanner Ball (*pro hac vice* forthcoming)
550 W. Main Street
Suite 600
Knoxville, TN 37902
Telephone: (865) 525-7029
Facsimile: (865) 525-4679
Email: gball@gordonball.com

*Additional Counsel for the Class*