IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| International Brotherhood of Electrical Workers Local 98 Pension Fund, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Deloitte & Touche, LLP, Deloitte LLP, <br><br> Defendants. | CLASS ACTION <br><br> Civil Action No.   3:19-CV-03304-MBS |

**PLAINTIFF SAMUEL R. FLOYD'S RESPONSE IN OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR APPPOINTMENT OF CLASS REPRESENTATIVE, AND APPOINTMENT OF CLASS COUNSEL AND PLAINTIFF FLOYD'S APPLICATION TO BE APPOINTED AS CLASS REPRESENTIVE AND HIS SELECTION OF COUNSEL BE APPOINTED CLASS COUNSEL**

Daryl G. Hawkins
Law Offices of Daryl G. Hawkins, LLC
P.O. Box 11906
Columbia, SC 29211
Tel: (803) 733-3531
dgh@dghlaw.net
SC Bar #002844/ USDC #01781

Edward D. Sullivan, JD, LLM, CPA
Sullivan Law Firm, PC
Edward D. Sullivan
PO Box 11714
Columbia, SC 29211
Tel: (803) 451-2775
esullivan@esullivanlaw.com
SC Bar #0011248/ USDC #5016

Gordon Ball
Jonathon Tanner Ball
Steven Chase Fann
Gordon Ball, LLC
7001 Old Kent Drive
Knoxville, TN 37919
Tel (865) 525-7028
gball@gordonball.com TNBPR#001135
jtannerball@gmail.com TNBPR#037011
chasefann@wfptnlaw.com TNBPR#36794

Thomas C. Jessee
Jessee & Jessee
P.O. Box 997
Johnson City, TN 37605
Tel: (423) 928-7175
jjlaw@jesseeandjessee.com
TNBPR #000113/ SC Bar #2996

Attorneys for Plaintiff Samuel R. Floyd III

## TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT..................................................................................1

II.    PROCEDURAL HISTORY ....................................................................................2

III.   STATEMENT OF FACTS .....................................................................................4

IV.    ARGUMENT .........................................................................................................5

      A.    IBEW is Not Qualified to be Class Representative and Should be Replaced As Lead Plaintiff by Floyd ...........................................................................5

      B.    IBEW Cannot Fairly and Adequately Protect the Interests of the Class.................6

      C.    Floyd is the Most Adequate Plaintiff ....................................................14

           1.   Floyd as Timely Moved for Appointment of Lead Plaintiff ...........................14

           2.   Floyd Satisfies the Requirements of Rule 23 .................................................15

      D.    Cohen Milstein has Shown that it Cannot Fairly and Adequately Represent the Interests of the Class as Required by Rule 23 ...................................................16

      E.    The Court Should Appoint Gordon Ball as Class Counsel and Daryl Hawkins and Edward Sullivan as Liaison Counsel ...............................................17

V.     CONCLUSION.......................................................................................................18

i

## TABLE OF AUTHORITIES

Cases                                                         Page(s)

Burke v. Ruttenberg, 202 F. Supp 1280 (N.D. Ala 2000) ................................................13

Guerine v. J & W Investment, Inc. 544 F.2d 863 (5th Cir. 1977) ....................................7

In re Initial Public Offering Securities Litigation, 214 F.R.D. 117, 120 n. 5 (S.D.N.Y. 2002)........9

Kline v. Wolf, 702 F.2d 400 (2d Cir. 1983)......................................................................7

North American Acceptance Corporation Securities Cases, v. Arnall, Golden & Gregory, 593 F.2d 642 (5th Cir. 1979) ..........................................................................................7

In re NYSE Specialists Securities Litigation, 2240 F.R.D. 128 (S.D.N.Y. 2007) ...........8

In re Organogenesis Securities Litigation, 241 F.R.D. 397 (D. Mass. 2007) ................17

Porath v. Logitech, Case 3:18-cv-03091WHA, (N.D. Cal 2019) ...................8, 10, 11, 12

Savino v Computer Credit, Inc., 164 F.3d 81 (2d Cir. 1998).......................................6, 7

Social Serv. Union, Local 535 v. Santa Clara County, 609 F.2d 944 (9th Cir. 1979) .....................8

Ex parte Strom, 539 S.E.2d 699 (S.C. 2000) ....................................................................4

TDH Partners, LLP v. Ryland Group, Inc., Case 3:04-cv-00073-B filed 06/02/06 Doc. 45 (N.D. Texas 2006)...........................................................................................................9

In re Terayon Commc'ns Sys., Inc. Sec. Litig, No. C 00—1967, MHP, 2004 WL 413277 (N.D. Cal. Feb. 23, 2004).................................................................................................8

Statutes

15 U.S.C. § 78u-4 .............................................................................................................6
15 U.S.C. § 78u-4(a)(1)-(3)(I) .......................................................................................14
15 U.S.C. § 78u-4(a)(3)(A)-(B) .....................................................................................14
15 U.S.C. § 78u-4(a)(3)(B)(iii) ......................................................................................14
15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc)................................................................................15
15 U.S.C. § 78u-4(a)(3)(B)(v) .......................................................................................17

Other Authorities

FRCP Rule 23 .......................................................................................6, 7, 13, 14, 15
FRCP Rule 23(a)(3) .......................................................................................................14

FRCP Rule 23(a)(4) ...................................................................................................6, 11, 16

FRCP Rule 23(d)..............................................................................................................8

FRCP Rule 23(g)............................................................................................................16

FRCP Rule 23(g)(4)........................................................................................................16

FRCP Rule 23(g)(1)(B)...................................................................................................16

NOW COMES PLAINTIFF SAMUEL R. FLOYD III ("Floyd"), who by and through counsel, submits this (1) Response in Opposition to Lead Plaintiff's Motion for Appointment of Class Representative, and Appointment of Class Counsel; (2) Plaintiff Floyd's Application to be Appointed as Class Representative; and (3) Floyd's Selection of Counsel be Appointed Class Counsel. Floyd does not oppose the pending Motion for Class Certification, however, the remainder of the Motion is opposed for the reasons stated below. Floyd's counsel, the undersigned, is aware of the Court's Order of February 12, 2020, in Paragraph 4, to the general effect that no motion shall be filed by any Plaintiff without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by Plaintiff. This filing does not involve a duplicative pleading or discovery. It directly addresses the appropriateness of Lead Counsel remaining involved in the case. A request for counsel's permission would be fruitless.

## I.    PRELIMINARY STATEMENT

It has recently come to the attention of Floyd and his counsel that Brian Burrows "(Burrows"), President of International Brotherhood of Electrical Workers Local 98 Pension Fund ("IBEW") and other leadership of IBEW were indicted on or about January 29, 2019 in the United States District Court for the Eastern District of Pennsylvania pursuant to an approximately 159-page, 116-count indictment charging Burrows and others with conspiracy to "(1) embezzle, steal, and unlawfully and willfully abstract and convert to their use and the use of others, the monies, funds, securities property, and other assets of Local 98, contrary to Title 29, United States Code, Section 501(c), and (2) to embezzle, steal and unlawfully and willfully abstract and convert to their use and the use of others, the monies, funds, securities, property , and other assets of the Apprentice Training Fund, contrary to Title 18, United States Code, Section 664." Case 2:19-cr-00064-JLS Document 1 filed 01/29/19 (the "Indictment") at pp. 12,

13).    (Apprentice Training Fund is defined as "an employee welfare benefit plan" subject to ERISA).    See, Exhibit 3, approximately 52 pages of the Indictment itself.    The pages are numbered that are included in Exhibit 3 (United States of America v. John Dougherty, et al., Case No. 2:19-cr-00064-JLS, in the United States District Court, Eastern District of Pennsylvania (Philadelphia)) and can be reviewed at the Criminal Docket for the above-referenced case number.

A resolution of the Indictment is many months away.    As such, IBEW and Burrows are unfit to continue to act as Lead Plaintiff.    Two co-conspirators are set for trial October 4, 2021. No fixed date has been set for trial on the charges/indictments filed against Brian Burrow and other co-conspirators.    It would be unreasonable to proceed through discovery with IBEW as the Lead Plaintiff when the timing of trial on these indictments could result in IBEW's leadership being found guilty of multiple felonies in the middle of discovery.    If Floyd had been aware of any alleged wrongdoing by IBEW of this magnitude, he would never have filed his notice of non-opposition to IBEW's appointment as Lead Plaintiff (ECF 27) or withdrawn his motion for Appointment as Lead Plaintiff (ECF 35).    In addition, despite the claim of IBEW's counsel otherwise, IBEW was placed on "Endangered Status" for the Plan year beginning January 1, 2020.  See Exhibit 1.  Accordingly, Floyd hereby withdraws Notice of Non-Opposition, requests that the Court deny IBEW's motion to appoint IBEW as Class Representative and, for the reasons stated below, deny the motion to appoint the law firm of Cohen Milstein Sellers and Toll PLLC as Class Counsel and Tinkler Law Firm as Liaison Counsel.    Plaintiff Floyd is not aware of any wrongdoing or failure to report by the Tinkler Law Firm.

## II.    PROCEDURAL HISTORY

Floyd initiated this action by filing a Complaint on November 22, 2019. ECF 1. On

January 16, 2020, Floyd filed a motion to be lead plaintiff and select lead counsel. (Motion for Appointment of Lead Plaintiff and Selection of Lead Counsel.) ECF 16. On January 24, 2020, IBEW filed its motion to be appointed lead plaintiff and approval of selection of lead counsel. It was the understanding of Floyd's counsel that they would be co-lead counsel. See Exhibit 2, Declaration of Gordon Ball at page 3. Based in part on that understanding as well as not possessing the larger of the financial interest in the matter, Floyd withdrew his motion to be lead plaintiff. The Court then appointed IBEW as Lead Plaintiff, and its selected counsel, Cohen Milstein, as Lead Counsel.

It does not appear that the Court's February 12, 2020 order consolidated the cases or dismissed Floyd from the action.[1] In March 2021, Posner complained because the Clerk's office would not file or process a Consent Confidentiality Order without Floyd being included. On April 26, 2021, Posner sent an email to Floyd counsel Daryl Hawkins advising that his signature on the Confidentiality Order was "neither appropriate or acceptable." See Exhibit 4. Her complaint gave rise to further investigation by Floyd counsel Edward Sullivan that revealed a criminal indictment of Brian Burrows, President of Lead Plaintiff, for embezzlement and federal tax evasion. Burrows' indictment is now scheduled to go to trial sometime after October 2020 but no fixed date has been set. See Exhibit 5, Order filed 04/08/21. Based on that revelation, Gordon Ball gave written notice to the Court and opposing counsel of this adverse information. See Exhibit 6. Posner then wrote a letter to the Court dated April 28, 2021, stating that "Floyd should be immediately terminated as a party, and Floyd's counsel should be immediately terminated from this action as attorneys of record." She further claimed in her letter that Floyd's counsel has attempted to "flout the Court's Order and attempt to reassert their authority over the

---

[1] Posner has alleged that neither the undersigned or Edward Sullivan should be considered Counsel of Record. However, under South Carolina law and these facts, both the undersigned and Mr. Sullivan remain counsel for Mr.

conduct of this putative class action", but her email to Daryl Hawkins of April 26, 2021 indicated she did not need his consent, which is inconsistent with this position and her claims of discovery somehow being delayed. Nonetheless, on April 14, 2021 Hawkins sent a signed consent to the discovery order to Laura Posner but she responded by saying the consent was not necessary. Neither she nor Tinkler ever described or sent any proposal that would satisfy them.

### III.    STATEMENT OF FACTS

According to the Indictment, Brian Burrows and his band of co-conspirators enjoyed a veritable smorgasbord of ways to cheat, lie and steal from their employer IBEW Local 98 and the United States Government.  It appears that if the charges in the Indictment are proven, the leadership of IBEW Local 98[2] is infested with miscreants who, despite being very well paid, have nevertheless enriched themselves at the expense of their employer, fellow union members, and the United States Government.   Burrows, who earlier supplied this Court with a sworn statement in support of IBEW's motion to be appointed Lead Plaintiff (ECF 22-4) (see, Exhibit 7, Burrows Certification), is charged with Conspiracy to Embezzle from Labor Union and Employee Benefits Plan, 18 U.S.C. Section 371 (Indictment, at pages 1 – 70), Embezzlement and Theft of Labor Union Asset(s) 29 U.S.C. Section 501(c) (Indictment, pages 71 – 73), Falsification of Annual Financial Report Filed by Labor Union,  29 U.S.C. Sections 431 (b) and 439(b) (Indictment, pages 84-86), Falsification of Financial Records Required to Be Kept by Labor Union, 29 U.S.C. Sections 436 and 439(c) (Indictment at pages 87 – 88), and Filing False Federal Income Tax Returns (5 Years – Calendar Years 2012 - 2016) (Indictment at page 91). Through the methods described in the Indictment, if proven, the indicted defendants embezzled

---

Floyd.  See, Ex parte Strom, 343 S.C. 257, 539 S.E.2d 699 (S.C. 2000).
[2] IBEW Local 98 is the Labor Union and IBEW Local 98 Pension Fund is the Plaintiff in this action.  Upon information and belief, Brian Burrows is the President of both based on his Certificate (ECF 22-4) and the Indictment.

at least $600,481 from IBEW Local 98 (See, Exhibit 3, Indictment at page 3, Paragraph 6). This does not include unpaid taxes due to the United States government that were wrongfully evaded.

The Indictment provides that Burrows was paid a total salary from 2010 – 2016 of One Million Sixty-nine Thousand One Hundred Ninety-four ($1,069,184) dollars while he was embezzling from his employer and helping others to do so as well. During that same time period, indicted Co-Conspirator John Dougherty, Business Manager of IBEW Local 98 was paid a total salary of $1,407,385, Michael Neill, Training Director of IBEW Local' 98's Apprentice Training Fund was paid a total salary of $1,189,673, Marita Crawford, an office employee and business agent or representative, was paid a total salary of $738, 381 (2011–2016), Niko Rodrigues a total salary of $372,631 from 2010– 2016, and Brian Focca, an "office employee" was paid a total salary of $423,872 (Indictment at pages 6 – 9). See, Exhibit 3.

According to the indictment, the object of the conspiracy "was for the defendants to embezzle, steal, and unlawfully and willfully abstract and convert the moneys, funds, securities, property, and other assets belonging to Local 98 and the Apprentice Training Fund for the personal use of the defendants and the use of their families, friends, and commercial businesses" (Indictment at page 13).

When Gordon Ball asked Laura Posner of Cohen Milstein about the criminal matter, she said it was a "minor matter." Exhibit 2, Declaration of Gordon Ball at page 1. Ms. Posner told Mr. Ball the reason she had not earlier disclosed the information to the Court was that it was not material. She refused Mr. Ball's request to tell the Court. Exhibit 2, Declaration of Gordon Ball at page 2.

IV.    ARGUMENT

A.    IBEW IS NOT QUALIFED TO BE CLASS REPRESENTATIVE AND SHOULD BE REPLACED AS LEAD PLAINTIFF/CLASS REPRESENTATIVE BY

5

FLOYD

IBEW's stated reason to be Class Representative is that it "is a sophisticated institutional investor. It bought 9,400 shares of SCANA common stock during the Class Period, and suffered losses as a result of Defendant's fraud." IBEW's motion, ECF 72 at p. 13.  No argument is provided, however, as to why or how IBEW will fairly and adequately protect the interests of the class FRCP (a)(4), especially in light of the recent discovery by Floyd's counsel of the criminal Indictment of IBEW's President and others affiliated or employed by IBEW.

The Private Securities Litigation Reform Act (the "PSLRA") sets forth the procedure for appointing lead plaintiffs and ultimately requires a showing that he/she/it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. Section 78u-4. If the presumption is successfully rebutted or if the "district court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirements, it then must proceed to determine whether the plaintiff with the next lower stake in the litigation has made a *prima facie* showing of typicality and adequacy."  Thus, given that IBEW is challenged as unfit and no longer able to reasonably discharge its duties to the Class, the Court should deny IBEW's motion and appoint Floyd as Class Representative or stay the case pending an inquiry into the fitness of IBEW for its role.

B.    IBEW CANNOT FAIRLY AND ADEQUATELY PROTECT THE INTERESTS OF THE CLASS

The court should appoint a new Lead Plaintiff/Class Representative because IBEW is woefully inadequate to serve as Class Representative. FRCP 23(a)(4) requires that "the representative parties will fairly and adequately protect the class."  In order to judge the adequacy of representation of the purported class, the court may consider the honesty and trustworthiness of the named plaintiff.  Savino v Computer Credit, Inc., 164 F.3d 81,87 (2d

6

Circuit 1998) citing <u>Kline v. Wolf</u>, 702 F.2d 400, 402-03 (2d Cir. 1983).  In <u>Savino</u>, the court determined the named plaintiff, Savino, was not an adequate representative of the class simply because of perceived inconsistent positions by him in the litigation.  In the case at hand, Brian Burrows, IBEW President and other IBEW leadership are charged with conspiracy to embezzle hundreds of thousands of dollars as well as federal tax evasion with trial in federal court pending.

Where there is no mandatory reason to continue with IBEW as the lead plaintiff or appoint IBEW as the Class Representative, the Indictment and impending trial of Burrows and other leadership of IBEW makes it imperative that the Court appoint a new lead plaintiff/Class Representative to allow this case to make forward progress.   It is within the Court's authority to appoint a new Lead Plaintiff at any time, especially, if an earlier appointed Lead Plaintiff turns out to be inadequate.

In <u>North American Acceptance Corporation Securities Cases, v. Arnall, Golden & Gregory</u>, 593 F.2d 642, 645 (5th Circuit 1979), the Court stated the "the trial court has the continuing duty to see that the class is adequately represented" citing <u>Guerine v. J & W Investment, Inc.</u> 544 F.2d 863, 894 (5th Circuit 1977). "To perform this duty, the trial court must constantly scrutinize the class attorney to see that the [class attorney] is adequately protecting the interests of the class.  If, at any time, the trial court realizes that class counsel should be disqualified, it is required to take appropriate action.: . . . [In] class actions because of this special duty imposed on the trial court, the court's initial denial of the disqualification motion may not conclusively determine the disqualification issue." <u>Id</u>.

Nothing in the statutory language requires a specific reservation or showing before a lead plaintiff designation can be reopened. Quite the contrary.  Pursuant to the PSLRA, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil

procedure."  Rule 23(d) provides that Rule 23 orders "may be altered or amended as may be desirable from time to time."  Fed. R. Civ. P. 23(d); see also <u>Social Serv. Union, Local 535 v. Santa Clara County</u>, 609 F.2d 944, 94 (9th Cir. 1979).  It is not inconceivable that a lead plaintiff appointed originally might turn out to be an inadequate class representative and that a change might have to be made.  Ordering such a change would be consistent with the district court's continuing "duty to monitor whether the lead plaintiffs are capable of adequately protecting the interests of the class members." <u>In re NYSE Specialists Securities Litigation</u>, 2240 F.R.D. 128, 133 (S.D.N.Y. 2007) citing <u>In re Terayon Commc'ns Sys., Inc. Sec. Litig</u>, No. C 00-1967, MHP, 2004 WL 413277, at 7 (N.D. Cal. Feb. 23, 2004).

Here, no one can accurately predict how long it will take to resolve the pending cases under the Indictment, but it <u>can</u> be predicted that Burrows and the identified, alleged, co-conspirators would likely plead the Fifth Amendment in any civil proceedings involving this case where he or others is asked questions regarding his honesty and use of union moneys.

It is both necessary and appropriate to deny IBEW's motion to be appointed Class Representative in this matter.  In Burrow's PLSRA required certificate ("ECF 22-4), Exhibit 7, he declares under penalty of perjury that he is authorized to make legal decisions on behalf of IBEW Local 98 Pension Fund with regard to this action; that IBEW Local 98 intends to actively monitor and vigorously pursue this action  for the benefit of the Class; that IBEW 98 will strive to provide fair and adequate representation and work directly with Class counsel to obtain the largest recovery for the Class consistent with good faith and meritorious judgment; and that IBEW Local 98 is willing to serve as a representative party on behalf of the Class, including providing testimony at deposition and trial, if necessary.  Courts have noted their concerns that class representatives with criminal records or indictments might be problematic when settlements

are negotiated.  <u>Porath v. Logitech</u>, Case 3:18-cv-03091WHA, (N.D. Cal 2019), infra.

It is hard to imagine how someone under indictment and facing the possibility of years in prison for conspiracy and embezzling can give his full attention to this matter.  It is harder still to imagine that this affiant, who allegedly stole from IBEW, can swear under oath as he has in his Certificate filed with the Court that he can "provide testimony at deposition and trial if necessary, vigorously pursue this action, and strive to provide a fair and adequate representation and work … to obtain the largest recovery for the Class consistent with good faith and meritorious judgment" given the dark cloud over him.

In reviewing this matter and considering Burrow's "meritorious judgment" as well as that of current Lead Counsel, the Court should take note that at the time of moving to be Lead Plaintiff and to appoint Lead Counsel, Burrows and others associated with IBEW had been indicted for nearly a year.  Nevertheless, Burrows and his counsel, who knew or should have known of this criminal indictment, failed to disclose this to the Court. Further, when the current Lead Counsel was confronted by counsel for Floyd, she seemingly shrugged the criminal indictment off as unimportant and neglected to even consider bringing it to the Court's attention. Gordon Ball Declaration, Exhibit 2.

In light of the foregoing, the best and most expeditious way forward is to appoint Floyd as Class Representative.  "Where a new lead plaintiff is willing to step forward, there is no need to start the process anew when all putative class members were given notice of the opportunity to move for appointment of lead <u>plaintiff by means of the statutorily required published notice.</u>" <u>TDH Partners, LLP v. Ryland Group, Inc.,</u> Case 3:04-cv-00073-B filed 06/02/06 Document 45 (N.D. Texas 2006) at page 15 quoting <u>In re Initial Public Offering Securities Litigation</u>, 214 F.R.D. 117, 120 n. 5 (S.D.N.Y. 2002).

In this case, Floyd initiated this action by the filing of a Complaint, and timely sought appointment as Lead Plaintiff; he has the largest financial interest of any qualified movant, and, now reiterates his request to be appointed Lead Plaintiff/Class Representative.    Floyd respectfully incorporates by reference his previous Motion to be Appointed Lead Plaintiff and Select Lead Counsel. ECF 16.   The qualifications of Gordon Ball to act as the lead counsel are included in Exhibit 2 provided herewith.    Mr. Ball was serving as part of the lead counsel team when current Lead Counsel chose to oust him when he raised questions to her about the indictment and reporting that information to the Court. Ball Correspondence attached as Exhibit 6.

Cohen Milstein will undoubtedly argue that IBEW should continue despite the cloud of a criminal scandal following its leadership.   However, the stigma of the controversy itself and the egregious nature of the accusations should not be allowed to impede the matter before the Court, especially in view of the fact that Floyd, who is employed as a music director at a Hilton Head, SC Presbyterian church, is ready, willing and able to carry on as Lead Counsel.

Furthermore, there is no doubt that defense counsel is this matter will raise this issue at some point in this case and use it to undermine the efforts of the class members in this matter to seek justice.   Furthermore, the charges being brought against IBEW's leadership will create a cloud upon any potential resolution of the issues raised in this matter.    Floyd, however, is a resident of South Carolina and is a well-respected music director at a church in Hilton Head, South Carolina.   Accordingly, he is best suited to be the Class Representative in light of the discovery of this extremely negative and disqualifying information about IBEW.

In <u>Porath v. Logitech</u>, Case 3:18-cv-03091WHA, (N.D. Cal 2019),  Judge William Alsup, United States District Judge for the Northern District of California, noted that in a conference

10

with counsel a year before in this putative class action, "the Court specifically flagged the recurring problems posed by named plaintiffs with criminal records and how that might lead to a collusive settlement or one less favorable to the class as compared to a settlement based on the merits of the class claim." Id. Doc. 63 at page 1. Nevertheless, "[n]o one disclosed [to the Court] that our named plaintiff herein in fact had a lengthy criminal record." Id. For the same reasons cited by Judge Alsup, IBEW is compromised due to the criminal charges faced by Brian Burrows and others and should no longer serve as Lead Plaintiff or be appointed as Class Representative. (Like the counsel in Porath, Cohen Milstein failed to disclose that Burrows and other IBEW leaders and employees had been indicted almost a year before this case was filed, despite their knowledge of the pending charges. This in itself raises questions about Cohen Milstein's capability to serve as class counsel. Furthermore, Cohen Milstein maintains that the criminal Indictment is "not material." Gordon Ball Declaration, Exhibit 2. "The adequacy requirement of Rule 23(a)(4) permits certification only if 'the representative parties will fairly and adequately protect the interests of the class.' A district court acts within its discretion when determining a named plaintiff inadequate due to a recent criminal record." Porath at p.6,7.

The allegations in the Indictment raise more than serious questions regarding the efficacy of allowing this action to proceed with a tainted appointment of the lead plaintiff. If not denying Plaintiff's motion as requested, the Court should either proceed with a hearing on whether or not IBEW should be replaced or order discovery to be allowed regarding the allegations in the Indictment which call into question the trustworthiness of the officers and other representatives of IBEW to fairly and adequately represent all the class shareholders of SCANA. Further,

should a settlement or verdict in favor of Plaintiff be rendered, enter an order to allow Floyd through his counsel to manage disbursement of the settlement funds.[3]

There are at least three problems with a class representative with a criminal record or otherwise under indictment. The <u>Porath</u> court noted two. The first is that the class representative and its leadership could be "clobbered on the stand with his convictions, all to the detriment of the class." <u>Id</u> at 8. Although Burrows is not convicted today, the seriousness of the charges, including conspiracy to embezzle and federal tax evasion, cannot simply be disregarded as IBEW counsel would have the Court to do.

The second problem as noted by the <u>Porath</u> court is that "Rule 23 class representatives owe fiduciary duties to the absent class members and are responsible for critical litigation decisions on the class's behalf. The class representative must be trusted in selecting counsel, responding to discovery, and guiding settlement negotiations, among other duties." <u>Id</u>. IBEW and its President Brian Burrows and those facing criminal charges for conspiracy to embezzle in excess of $600,000 and evade federal income taxes cannot, and should not, be indifferently trusted for obvious reasons.

Third, this Court should take into account the inevitable delay in this litigation if IBEW is appointed as Class Representative. Neither IBEW nor its counsel can seriously deny that the pending criminal charges will be an impediment to the progress of this class actions. At best, the criminal charges will serve as a distraction. On the other hand, these proceedings could be brought to a standstill in the event IBEW is appointed as class representative.

Brian Burrows is the Present of Plaintiff IBEW Local 98 Pension Fund and in his Certification, he states that he is "authorized to make legal decisions on behalf of IBEW with

---

[3] If the Court, for whatever reason, retains IBEW as a Class Representative, provision needs to be made for strict guidelines and accountability of IBEW and its counsel regarding disbursement of any funds.

regard to this action." Paragraph 1 to Certification (Exhibit 7). Accordingly, based on Burrows'
statement, he can direct where and how any settlement or verdict proceeds would be disbursed
absent some other control.

In Paragraph 12 of Burrows' Certification, IBEW may recover funds beyond its pro rata
share of any recovery which is characterized as "reasonable costs and expenses (including lost
wages) relating to the representation of the Class . . ." Common sense tells us the Court should
not allow a person indicted for conduct alleged against Mr. Burrows to determine without
significant oversight the calculation of lost wages or "reasonable costs and expenses . . . relating
to the representation of the class . . ." See, Paragraph 12 of Burrows Certification.

The PSLRA's mandate for selection of Lead Plaintiff with the largest stake has been
previously disregarded by district court judges where appropriate under the circumstances. For
example, in Burke v. Ruttenberg, 202 F. Supp 1280 (N.D. Ala 2000), the court appointed a lead
plaintiffs' committee comprising the manager of a state pension fund and a number of individual
investors represented by a local law firm. It is entirely appropriate under these circumstances to
disregard IBEW's alleged larger stake, given the lack of credibility of its leadership and their
uncertain future.

Accordingly, the PLSRA does not require the Court to continue with IBEW as lead
plaintiff and certainly the PLSRA and Rule 23 do not warrant going forward with IBEW as Class
Representative, especially in light of the discovery of the criminal indictment of its President
Brian Burrows and other union representatives and employees. Floyd withdraws his Notice of
Non-objection to Appointment of IBEW as lead Plaintiff, and respectfully requests that the Court
appoint him as Lead Plaintiff as previously sought in his motion to be lead plaintiff and appoint
lead counsel filed January 16, 2020 and, alternatively, Class Representative.

13

C.     FLOYD IS THE MOST ADEQUATE PLAINTIFF

1.     Floyd Has Timely Moved for Appointment as Lead Plaintiff/Class Representative

Pursuant to the PSLRA, the plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(1)-(3)(I).  The relevant notice was timely published in *Business Wire* on November 25, 2019. See, Exhibit 8.

Within sixty (60) days after publication of the notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. § 78u-4(a)(3)(A)-(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> "[T]he court shall adopt a presumption that the **most adequate plaintiff** in any
> private action arising under this [Act] is the person or group of persons that --
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb)    in the determination of the court has the largest financial interest in the relief
>         sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
>         Procedure."

15 U.S.C. § 78u-4(a)(3)(B)(iii).

All class members who were interested in moving for the appointment of lead plaintiff in this matter had to do so by January 27, 2020.  15 U.S.C. § 78u-4(a)(3)(A)-(B).  Floyd has timely moved this Court to be appointed lead plaintiff and has signed and filed a certification stating his willingness to serve as a representative party on behalf of the class. See, Exhibit 9, Declaration of Floyd.

14

2.      The Court Should Appoint Floyd Because He Satisfies the Requirements of Rule 23 And Will Fairly and Adequately Represent the Interests of the Class

In addition to filing the first Complaint asserting claims on behalf of purchasers of SCANA common shares, a proposed lead plaintiff must also otherwise satisfy the requirements of <u>Rule 23 of the Federal Rules of Civil Procedure</u>. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Of these four prerequisites, only two -- typicality and adequacy -- directly address the personal characteristics of the lead plaintiff Floyd. In deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.

Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. The premise of the typicality

requirement is simply stated:  as goes the claim of the named plaintiff, so go the claims of the class.  Typicality may be satisfied even if there are factual distinctions between the named plaintiffs and those of other class members.

Floyd satisfies the typicality requirement of Rule 23 because, just like all other Class Members, he: (1) purchased and/or acquired SCANA securities during the Class Period at artificially-inflated prices; and (2) suffered damages thereby.  Thus, Floyd's claims are typical because his claims and those of other Class Members arise out of the same course of events.

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  Adequacy is established where: (1) there are common interests between the proposed lead plaintiff and members of the class; and (2) the proposed lead plaintiff will vigorously prosecute the interests of the class through qualified counsel.

Floyd is an adequate class representative because his interests in aggressively pursuing his claims against the Defendants are clearly aligned with the interests of the members of the class who also suffered losses due to Defendants' false statements, misrepresentations, omissions, and other unlawful conduct.  Moreover, and as demonstrated below, Floyd's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Legal Biography of Gordon Ball, Exhibit 2.

D.    COHEN MILSTEIN HAS SHOWN THAT IT CANNOT FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS AS REQUIRED BY RULE 23

FRCP Rule 23(g) sets forth the criteria for the Court in appointing class counsel, including any matter "pertinent to counsel's ability to fairly and adequately represent the interests of the class." Rule 23(g)(1)(B).  In addition, Rule 23(g)(4) requires that"[c]lass counsel

must fairly and adequately represent the interest of the class." Based upon these criteria, Cohen Milstein fails to qualify.

"In assessing adequacy of counsel, many courts do look to the performance of counsel in the present litigation." In re Organogenesis Securities Litigation, 241 F.R.D. 397, 406. (D. Mass. 2007). In this case, Cohen Milstein's failure to disclose to this Court the legal jeopardy faced by Burrows, the IBEW President, and others in leadership positions with IBEW, cannot and should not be excused. It is clear that the Indictment will impede the progress of this case given the extreme likelihood that Burrows will be reluctant or, more probable, unavailable to testify or assert his rights under the Fifth Amendment of the United States Constitution. At best, Cohen Milstein has displayed a disqualifying lack of professional judgment. Cohen Milstein's reckless conduct not only reveals a lack of candor but also a gross conflict of interest given its willingness to put the interests of IBEW ahead of the other potential class members. As such, the motion to appoint Cohen Milstein as Class Counsel should be denied. The motion to appoint Tinkler Law Firm as liaison counsel should also be denied as their presence under these circumstances does not appear to be necessary or justified.

      E.      THE COURT SHOULD BE APPOINT GORDON BALL AS CLASS COUNSEL
             AND DARYL HAWKINS AND EDWARD SULLIVAN AS LIASON COUNSEL

The lead plaintiff/class representative shall, subject to court approval, select and retain counsel to represent the class he seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). Floyd has selected Gordon Ball of Gordon Ball, LLC ("Ball"), to serve as lead counsel for the class. Ball has researched and investigated the factual allegations in this case, reviewing thousands of pages of documents, including public financial filings, regulatory filings, press releases, and other public statements issued by SCANA. Ball has also retained an in-house accountant with nuclear energy accounting experience.

17

In late-2019, Floyd, Edward D. Sullivan, Daryl G. Hawkins, and Gordon Ball filed the first action on behalf of common shareholders in this Court and published notice of filing in *Business Wire* on November 25, 2019. See, Exhibit 8. They have now discovered and brought to this Court's attention the Indictment of IBEW's President and other leadership that is fatal to IBEW's continuing appointment as Lead Plaintiff and motion to be appointed Class Representative.

In *Spartanburg Regional Health Services District, Inc. v. Hillenbrand Industries, Inc.* 7:2003-cv-02141 [SCD] ("*Spartanburg*"), Ball represented a South Carolina hospital in a nationwide class action against Hillenbrand Industries in a first of its kind direct purchaser class action challenging monopoly-bundling of medical devices. The parties reached a settlement providing nearly $490 million in relief, including a cash payment to the class of $337.5 million dollars.

In 2019, Ball was selected as national *"Trial Lawyer of the Year"* by Public Justice, the nation's leading nonprofit legal advocacy organization, for his work in the case of *Hale v. State Farm Mutual Auto Insurance Company case no. 3:20102-cv-00666-DRH-SCW* S.D. Ill.

Daryl Hawkins is a Columbia, South Carolina attorney with more than thirty years of litigation experience in both state and federal courts. See, Exhibit 10. Edward Sullivan is also a Columbia, South Carolina attorney with over thirty years of legal experience, as well as a Certified Public Accountant with public accounting experience. See. Exhibit 11. Floyd has selected Hawkins and Sullivan to serve as Liaison Counsel for the Class, both are well-suited, and the Court should appoint them as Liaison Counsel for the Class.

## IV.     CONCLUSION

For the foregoing reasons, the Court should: (1) deny IBEW's motion to be appointed as

Class Representative; (2) deny the motion to appoint Cohen Milstein as Class Counsel and William Tinkler as Liaison Counsel; (3) appoint Floyd as Class Representative; (4) appoint Gordon Ball of Gordon Ball, LLC as Class Counsel for the class and Daryl G. Hawkins and Edward D. Sullivan as Liaison Counsel; and (5) certify the Class as currently proposed by IBEW.

Respectfully submitted this 14th day of May, 2021.

*s/ Daryl G. Hawkins*
Daryl G. Hawkins
Law Offices of Daryl G. Hawkins, LLC
P.O. Box 11906
Columbia, SC 29211
Tel: (803) 733-3531
dgh@dghlaw.net
SC Bar #002844/ USDC #01781

Edward D. Sullivan, JD, LLM, CPA
Sullivan Law Firm, PC
Edward D. Sullivan
PO Box 11714
Columbia, SC 29211
Tel: (803) 451-2775
esullivan@esullivanlaw.com
SC Bar #0011248/ USDC #5016

Gordon Ball
Jonathon Tanner Ball
Steven Chase Fann
Gordon Ball, LLC
7001 Old Kent Drive
Knoxville, TN 37919
Tel (865) 525-7028
gball@gordonball.com TNBPR#001135
jtannerball@gmail.com TNBPR#037011
chasefann@wfptnlaw.com TNBPR#36794

Thomas C. Jessee
Jessee & Jessee
P.O. Box 997
Johnson City, TN 37605
Tel: (423) 928-7175
jjlaw@jesseeandjessee.com
TNBPR #000113/ SC Bar #2996

19

**CERTIFICATE OF SERVICE**

I certify that on May 14, 2021, I electronically filed the foregoing Response using the Court's CM/ECF system. A copy of this filing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

_s/ Daryl G. Hawkins_
Daryl G. Hawkins