UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 98 PENSION FUND on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>DELOITTE & TOUCHE, LLP; DELOITTE LLP,<br><br>        Defendants. | Case No. 3:19-cv-3304<br><br>**CLASS ACTION** |

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CLARIFY CASE LEADERSHIP**

Lead Plaintiff International Brotherhood of Electrical Workers Local 98 Pension Fund ("Lead Plaintiff" or "IBEW Local 98 Pension Fund") submits this Memorandum of Law in Support of its Motion to Clarify Case Leadership. In support of its motion, Lead Plaintiff submits this Memorandum of Law, Declaration of Laura H. Posner ("Posner Decl."), and a [Proposed] Order, filed herewith.

## I.    INTRODUCTION

Because Lead Counsel will not agree to their attorney fee demands, Gordon Ball and Daryl Hawkins, counsel to the original plaintiff in the above-captioned action, Samuel R. Floyd ("Floyd"), have attempted to use a minor administrative error to improperly secure a position in case leadership. Floyd's Counsel's pursuit has not been in service of the Class; to the contrary, it has profoundly disrupted the prosecution of this case and the ability to obtain discovery. At a later date, if appropriate, Lead Plaintiff will respond to Floyd's many false and disparaging comments

about IBEW Local 98 Pension Fund and its counsel. For now, Lead Plaintiff focuses narrowly on the procedural issues that must be resolved so that the Parties can continue discovery, litigate the case efficiently, and preserve the Court-ordered schedule.

To restore order and ensure that this complex securities class action proceeds efficiently and in accordance with the Court-ordered discovery schedule, Lead Plaintiff respectfully makes two requests: *First,* that the Court clarify that its appointment of IBEW Local 98 Pension as the sole Lead Plaintiff, Cohen Milstein Sellers & Toll PLLC as sole Lead Counsel, and Tinkler Law Firm as sole Liaison Counsel (ECF No. 37) means that Floyd is not a party to this action, that Floyd is only an absent Class member and neither he nor his counsel have any role in this litigation. *Second*, that Floyd's May 14, 2021 brief styled "Response in Opposition to Lead Plaintiff's Motion for Appointment of Class Representative, and Appointment of Class Counsel and Plaintiff Floyd's Application To Be Appointed as Class Representative and His Selection of Counsel Be Appointed Class Counsel" (the "Floyd Opposition") (ECF No. 74) will be considered only as an opposition to Lead Plaintiffs' motion for class certification and that its procedurally improper, untimely and meritless "application" for appointment of himself as Class Representative and his counsel as Class Counsel be denied.

## II.     BACKGROUND

On November 28, 2019, Floyd filed the original complaint in the above-captioned securities class action. ECF No. 1. Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), the deadline to seek appointment as Lead Plaintiff in the above-captioned action was January 24, 2020; IBEW Local 98 Pension Fund moved for appointment of Lead Plaintiff. ECF No. 22. Floyd then repeatedly consented to IBEW Local 98 Pension Fund's leadership of the case. First, on February 7, 2020, Floyd filed a Notice of Non-Opposition to IBEW Local 98 Pension Fund's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel. ECF No. 27.

2

Second, on February 10, 2020, Floyd filed a reply brief stating that in light of his Notice of Non-Opposition, IBEW Local 98's arguments opposing his appointment were "moot." ECF No. 29 at 1. Third, on February 17, 2020, Floyd formally withdraw his motion for appointment as lead plaintiff. ECF No. 35.

On February 18, 2020, the Court appointed IBEW Local 98 Pension Fund as the sole Lead Plaintiff. ECF No. 37. In that Order, the Court noted that: "[Floyd] does not oppose IBEW Local 98's motion," found that IBEW Local 98 satisfied the requirements under the PSLRA, and "direct[ed] the Clerk of Court to substitute IBEW Local 98 for Samuel R. Floyd, III in the caption of this action." ECF No. 37. In addition, the Court appointed Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel, and ordered that "[n]o motion, request for discovery, or other pretrial proceeding shall be initiated or filed by any Plaintiff without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by Plaintiffs." *Id.* ¶ 4. Although pursuant to the PSLRA and the Court's Order, the only plaintiff party to the litigation is IBEW Local 98 Pension Fund, Floyd and his counsel (Gordon Ball and Daryl Hawkins) were not administratively terminated from the case docket, as it typically the case.[1]

Over the next twelve months, Lead Plaintiff, Defendants, and the Court, as well as Floyd and his counsel, proceeded consistent with the Court's Order. In every filing and order, Lead Plaintiff, Defendants, and the Court used the case caption reflecting the substitution: *International Brotherhood of Electrical Workers Local 98 Pension Fund, et al. v. Deloitte & Touche, LLP, et*

---

[1] In *SCANA I,* after the Court appointed lead plaintiffs, consolidated the relevant actions, and ordered that the consolidated action be captioned "*In re SCANA Securities Litigation*", the plaintiff who filed the original complaint and the non-appointed lead plaintiff movants were administratively terminated. *SCANA I,* 17-cv-2616, ECF No. 31 ¶ 31.

3

*al.*[2] When Lead Plaintiff and Defendants filed a submission jointly, they did so with papers bearing the signature of their (and only their) counsel (not Floyd's counsel), and the Court entered its orders accordingly.[3] And Floyd did not file any briefing, motions, or agreed-upon proposed orders.

After denying Defendants' motion to dismiss, on February 23, 2021, the Court entered a proposed scheduling order submitted jointly by Lead Plaintiff and Defendants (and not Floyd) requiring that Lead Plaintiff's motion in support of class certification be filed by April 30, 2021, any opposition to that motion be filed June 25, 2021, and any reply in support of the motion be filed by July 23, 2021 ("Scheduling Order"). ECF No. 69.

As Lead Counsel will explain in further detail if necessary in its opposition to Floyd's Motion, following the Court's order denying Defendants' motion to dismiss, Floyd's counsel, Ball, contacted Lead Counsel on multiple occasions seeking Lead Counsel's agreement that he was entitled to 50% of the attorneys' fees in the case because he had filed the initial complaint in the matter. Posner Decl. ¶ 5. Lead Counsel explained to Ball on multiple occasions that there was no basis for him to be entitled to any percentage of the case, that the PSLRA and the Court's Lead Plaintiff Order dictated the Lead Counsel of the case, and that the Lead Plaintiff would not approve of his request. *Id.* Ball became significantly more vocal that Lead Counsel would not acquiesce to his demands as time went on, arguing without any basis and without understanding the provisions of the PSLRA, that because he filed the initial case in the action he was somehow entitled to or owed a portion of the case. *Id.*

---

[2] *See, e.g.*, ECF Nos. 40–45, 47–49, 53–56, 58–61, 65–66, 69–70; *see also* ECF No. 64 (Nov. 24, 2020 Hr'g Tr.) at 3:5–7 (stating "[w]e are here in the matter of the International Brotherhood of Electrical Workers vs. Deloitte, et al.").

[3] *See, e.g.*, ECF Nos. 40 (Joint Motion for Scheduling Order), 41 (Scheduling Order), 68 (Joint Rule 26 Outline of Discovery Plan), 69 (Amended Scheduling Order).

On March 29, 2021, to facilitate the process of discovery, the Lead Plaintiff and Defendants filed a Joint Motion for Entry of Confidentiality Order. ECF No. 70. The next day, Lead Plaintiff's counsel received a message via the ECF system noting an "error" associated with the filing because it lacked the "consent signature of Plaintiff Samuel R. Floyd, III." Posner Decl. ¶ 6. In response, Lead Plaintiff and Defendants informed the Court's case administrator that it was their joint position that, "Judge Seymour's appointment order "substitut[ing] IBEW Local 98 for Samuel R. Floyd, III in the caption of this action" (ECF No. 37) replaced Mr. Floyd altogether in the action and his consent is no longer necessary because he was substituted in this case (except to the extent he is a member of the putative class)." The Court's case administrator then informed the parties that "[i]t appears that Mr. Hawkins' view differs from that of the rest of the parties" and that the Court "would like for you to discuss with each other and report back to us on this issue, as well as if Mr. Floyd will be joining in the motion for confidentiality order." *Id.* Over the next two weeks, Lead Plaintiff attempted on multiple occasions to confer with Floyd's counsel to clarify that, as the Court has ordered (and as Floyd has acknowledged), Lead Plaintiff and Lead Counsel are solely responsible for the prosecution of this Action, and Floyd's role in this case is limited to an absent member of the putative class. *Id.* ¶ 7 Floyd's counsel, Hawkins, originally stated that he agreed in principle, but would need to confirm with his client. *Id.* When Lead Counsel followed up again having not received confirmation from Floyd's counsel, Hawkins suddenly reversed his position and stated that he did not agree. *Id.* He provided no explanation or support for his position. *Id.* The absence of a Court-ordered Confidentiality Order has impeded the progress of discovery, including Class discovery. *Id.* ¶ 8. The Parties and certain third parties have declined to produce Confidential documents in the absence of a Confidentiality Order approved by the Court. *Id.*

On April 27, 2021, Floyd sent a letter to the Court regarding IBEW Local 98 Pension Fund. *Id.* ¶ 9. On April 28, 2021, IBEW Local 98 Pension Fund responded. *Id.*

In accordance with the Scheduling Order, on April 30, 2021, Lead Plaintiff filed its motion in support of class certification, appointment of class representative, and appointment of class counsel ("Lead Plaintiff's Motion for Class Certification"). ECF Nos. 71, 72. The motion presented detailed factual and legal argument regarding the applicable Rule 23(a) elements of numerosity, commonality, typicality, adequacy, and the Rule 23(b)(3) elements of predominance and superiority. In support of Lead Plaintiff's motion, it submitted an extensive expert report by Dr. Matthew D. Cain, Ph.D., that analyzed, among other issues, whether SCANA common stock traded in an efficient market and whether damages could be calculated on a class-wide basis, items directly relevant to the reliance and predominate requirements of Rule 23. ECF No. 72-1.

Shortly thereafter, Ball's demands regarding attorneys' fees escalated. On May 7, 2021, Floyd's counsel, Ball, sent an email to Lead Counsel with the following threat:

> [R]ecent events in SCANA raises questions about whether or not Cohen Milstein will honor our agreement of sharing 50-50 fees when I allowed your firm to be brought into the KPMG (sic) as co-lead counsel. After today's rulings[,] whether we like it or not [we] will have to be working together for the benefit of our clients in KPMG. Therefore, I want Cohen -Milstein (sic) , in writing , to reaffirm their (sic) commitment to split all fees awarded in this case on a fifty fifty basis. In the event that I do not hear from you within three calendar days, I will take such action as I feel appropriate.[4]

---

[4] Ball's reference to the "KPMG" case is to *Lewis Cosby, et al. v. KPMG, LLP*, a matter in which Cohen Milstein is Court-appointed Co-Lead Counsel with Mr. Ball. Contrary to his claim, there is also no agreement to share fees "50-50" in the "KPMG" case. Nor did Ball "allow" Cohen Milstein to come into that case. Rather, Ball approached Cohen Milstein and requested that it join the case as Co-Lead Counsel because he recognized he could not litigate the case on his own since he was going to be undergoing heart transplant surgery and had little, if any, experience litigating a securities fraud class action under the PSLRA or accounting fraud against a Big 4 accounting firm. A motion was then filed with the court seeking approval of Cohen Milstein as Co-Lead Counsel, and that motion was approved. *Lewis Cosby, et al. v. KPMG, LLP*, ECF Nos. 40-3, 54 (E.D. Tenn). After defeating KPMG's multiple motions to dismiss, the classes were certified, and

Posner Decl. ¶ 11. Lead Counsel did not acquiesce to Ball's threat. *Id.*

Having not received the desired response to his demand, on May 14, 2021, Floyd filed a document styled "Response in Opposition to Lead Plaintiff's Motion for Appointment of Class Representative, and Appointment of Class Counsel and Plaintiff Floyd's Application To Be Appointed as Class Representative and His Selection of Counsel Be Appointed Class Counsel" (the "Floyd Opposition"). ECF No. 74. The Floyd Opposition was submitted after the Court-ordered deadline for Lead Plaintiff's motion for class certification, does not seek relief in the form of certification of a class, does not set forth any argument regarding the requirements for class certification under Rule 23, and is not accompanied by any expert analysis as is necessary to establish the presumption of reliance under *Basic v Levinson*; rather, it unsurprisingly narrowly focused on relief related to Floyd and his counsel. *Id.* In pursuit of that goal, the Floyd Opposition purports to challenge the appointment of Lead Plaintiff as Class Representative and its counsel as Class Counsel, and thus overlaps with issues that may be raised in Defendants' opposition to Lead Plaintiff's Motion for Class Certification.

### III.   ARGUMENT

*First*, the Court should clarify current case leadership in order to facilitate the efficient litigation of this case and allow the Parties to move forward with discovery. The PSLRA sets forth an orderly process for determining the lead plaintiff. See 15 U.S.C. § 78u-4(a)(3). Once a lead plaintiff has been selected, that lead plaintiff is responsible for litigating the case on behalf of the

---

Cohen Milstein and Ball were appointed as Class Counsel.  Like in this action, Ball has not drafted a single one of the dozens of briefs or other filings in the "KPMG" case or argued a single motion since Cohen Milstein was brought into the case.  Also like in this action, Mr. Ball has repeatedly made false claims and threats surrounding a purported fee agreement with Cohen Milstein.  *See* Posner Decl. ¶ 13.

class; if the original plaintiff is not selected as the lead plaintiff, he has no role and no responsibility in the litigation. The Court appointed IBEW Local 98 Pension Fund as the sole Lead Plaintiff, Cohen Milstein Sellers & Toll PLLC as sole Lead Counsel, and Tinkler Law Firm as sole Liaison Counsel. ECF No. 37. Consequently, as even Defendants acknowledge, Floyd is merely an absent class member, and neither Floyd nor Floyd's counsel have any role in this litigation. Consequently, Floyd and his counsel should be terminated from the docket, and Floyd and his counsel have no role in motions practice, discovery, or any other aspect of this case.

*Second*, the Floyd Opposition can and should only be considered as an opposition to class certification, and the request for affirmative relief in the form of Floyd's appointment as Class Representative and his counsel as Class Counsel should be denied. Based on a conversation with the Court's case administrator on May 17, 2021, it is Lead Plaintiff's understanding that because Floyd's brief was styled as an opposition to class certification, it would be treated as such under the court's scheduling order, and any reply would be due on the Court-ordered date for a reply in support of class certification (due July 23, 2021). Posner Decl. ¶ 14.  However, in an abundance of caution and to ensure that all involved have the same understanding, Lead Plaintiff appreciates the Court's clarification of that schedule and issuance of a clear denial of Floyd's motion for affirmative relief.

This approach is appropriate because Floyd's request for affirmative relief is not only meritless, but procedurally improper. There is no mechanism under Federal Rule of Civil Procedure 23 for a putative class member to *sua sponte* seek to oust the current lead plaintiff and request appointment of himself to represent the class while class certification briefing is pending. Additionally, there is no process for a putative class member to seek appointment of himself and his counsel outside of seeking certification of a class, which is exactly what Floyd did here; his

8

motion seeks only to benefit Floyd and his counsel and does not affirmatively set forth any of the requirements for class certification. ECF No. 74. Finally, his request was filed after the Court-ordered deadline for a motion for class certification. ECF No. 69.

Further, if Floyd's request for affirmative relief is permitted to proceed, it will wreak havoc on the Court-ordered schedule and waste significant resources of the Court, the Parties, and their counsel. The class certification process has just begun; Lead Plaintiff has filed its brief, once a Confidentiality Order is entered Defendants will seek discovery related to that brief and presumably submit an opposition to class certification, Lead Plaintiff will then conduct discovery into Defendants' expert and submit a reply brief, and the Court will rule. Respectfully, Lead Plaintiff anticipates that its Motion for class certification will be granted, Lead Plaintiff will be appointed Class Representative, and Lead Counsel will be appointed Class Counsel; in that event, the Floyd Opposition will be mooted. There is thus no reason to entertain Floyd's request for affirmative relief at this time and doing so will cause tremendous waste. If the Floyd Opposition were wrongly to be construed as a motion seeking affirmative relief, under Local Rule 7.06, response briefs from Lead Plaintiff and Defendants would be due on May 28, 2021, and under Local Rule 7.07 Floyd's reply brief would be due June 4, 2021. Responding to the Floyd Opposition will require arguments from Lead Plaintiff and Defendants about Lead Plaintiff's typicality and adequacy – even though the deadlines will be weeks before their class certification discovery is complete and before the Court-ordered schedule for class certification opposition and reply briefing. The Court will thus end up with two tracks of briefing on fundamentally the same issues.

There is no need for this inefficiency. It can be avoided by denying Floyd's request for affirmative relief in the form of appointment of himself as Class Representative and his attorneys

as Class Counsel as procedurally improper,[5] and construing the remainder of his motion as simply an opposition to Lead Plaintiff's Motion for Class Certification. The Parties will thus proceed with class certification discovery and briefing, Defendants will file their opposition brief, Lead Plaintiff will file an omnibus reply to both the Floyd Opposition and Defendants' opposition, and after the close of briefing the Court will rule on Lead Plaintiff's Motion for Class Certification including the request to appoint Lead Plaintiff as Class Representative and Lead Counsel as Class Counsel. This will preserve the Court's resources and ensure that the litigation proceeds in an orderly and efficient fashion, most importantly for the benefit of the putative class.

## IV.    CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court grant this Motion to Clarify Case Leadership and enter the [Proposed] Order.

DATE: May 26, 2021                                Respectfully submitted,

*/s/ William Tinkler*
William Tinkler (D.S.C. Bar Number 11794)
TINKLER LAW FIRM LLC
154 King Street, Third Floor
Charleston, SC 29401
Tel.: (843) 853-5203
Fax: (843) 261-5647
williamtinkler@tinklerlaw.com

COHEN MILSTEIN SELLERS & TOLL PLLC
Laura H. Posner
Ji Eun Kim (Jessica)
88 Pine Street, 14th Floor
New York, New York 10005

---

[5] Further, denying Floyd's Opposition to the extent it seeks affirmative relief will helpfully clarify that the Parties need not conduct discovery into Floyd's typicality or adequacy, as would be the case for an individual or entity who was properly under consideration (Floyd is not) and who filed a motion for class certification that sought to establish the Rule 23 bases for class certification (Floyd did not).

Tel.: (212) 220-2925  
Fax: (212) 838-7745  
lposner@cohenmilstein.com  
jekim@cohenmilstein.com  

Steven J. Toll  
Jan Messerschmidt  
Molly J. Bowen  
1100 New York Avenue, N.W., Fifth Floor  
Washington, D.C. 20005  
Tel.: (202) 408-4600  
Fax: (202) 408-4699  
stoll@cohenmilstein.com  
jmesserschmidt@cohenmilstein.com  
mbowen@cohenmilstein.com  

*Attorneys for Lead Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I certify that on May 26, 2021, I electronically filed Lead Plaintiff's Memorandum of Law in Support of its Motion to Clarify Case Leadership l using the Court's CM/ECF system. A copy of this filing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/  William Tinkler*
William Tinkler