UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 98 PENSION FUND on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELOITTE & TOUCHE, LLP; DELOITTE LLP,<br><br>Defendants. | Case No. 3:19-cv-3304<br><br>**DELOITTE & TOUCHE, LLP AND DELOITTE LLP'S MOTION FOR STATUS CONFERENCE** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Civ. Rules 7.01, 7.04 and 16.02(A) (D.S.C), Deloitte & Touche, LLP and Deloitte LLP (collectively, "Deloitte"), hereby move this Court for an order setting a status conference in this matter. As set forth below, Deloitte respectfully seeks guidance from the Court as to how it should proceed in this matter in light of the ongoing dispute between Samuel R. Floyd, III ("Floyd") and International Brotherhood of Electrical Workers Local 98 Pension Fund ("Local 98 Pension Fund") regarding the suitability of either of them to serve as Lead Plaintiff/Class Representative and the suitability of their respective lawyers to serve as Lead Counsel. Deloitte currently takes no position on the outcome of that dispute, but reserves all rights with respect to responding to the Motion for Class Certification and/or the Floyd Response (both defined below). However, the dispute itself has impeded the progress of the class certification discovery and briefing that are ongoing. Accordingly, Deloitte seeks a conference to discuss the issues more fully and seek the Court's guidance.

1

**GROUNDS FOR THE CONFERENCE**

On April 30, 2021, Lead Plaintiff Local 98 Pension Fund filed its motion in support of class certification, appointment of class representative, and appointment of class counsel (the "Motion for Class Certification"). (ECF Nos. 71, 72.)[1] Shortly thereafter, on May 14, 2021, Floyd—the initial named plaintiff in this matter—filed a "Response in Opposition to Lead Plaintiff's Motion for Appointment of Class Representative, and Appointment of Class Counsel and Plaintiff Floyd's Application To Be Appointed as Class Representative and His Selection of Counsel Be Appointed Class Counsel" (the "Floyd Response"). (ECF No. 74.)[2] In his Response, Floyd withdrew his prior non-opposition to the appointment of Local 98 Pension Fund to act as Lead Plaintiff, and further argued that Local 98 Pension Fund is not qualified to be a Lead Plaintiff or Class Representative because it cannot fairly and adequately protect the interests of the Class due to previously undisclosed criminal and administrative matters. Floyd also argues that Cohen Milstein is not qualified as class counsel because it did not disclose these matters. (*See* ECF No. 74 at 5-13, 16-17.)

On May 26, 2021, Local 98 Pension Fund filed a separate Motion to Clarify Case Leadership (the "Motion to Clarify") which further implicated the class certification process by seeking an order, *inter alia*, terminating Floyd as a party to this action, terminating Gordon Ball and Daryl Hawkins ("Floyd's Counsel") as attorneys of record in this action, and denying Floyd's

---

[1] Because this action is subject to the Private Securities Reform Act of 1995, 15 U.S.C. §78u-4, the Court was required to appoint a "lead plaintiff" at the outset of the case, prior even to any motion to certify the putative class. *See id.* at 78u-4(a)(3).

[2] This was preceded by a letter filed by Floyd on April 27, 2021, addressing the same issues, to which Local 98 Pension Fund responded the next day.

request to be appointed as Class Representative and for Floyd's Counsel to be appointed Class Counsel. (ECF No. 76.)

The arguments asserted by the competing parties seeking to represent the putative Class in the Floyd Response and in the Motion to Clarify significantly impede and complicate the class certification briefing scope and schedule set forth in this Court's Scheduling Order. (*See* ECF No. 69.) They also impact the scope of necessary class discovery that Deloitte must conduct to adequately respond to the competing motions. More broadly, the dispute raises important questions which could impact the conduct of the case as a whole, including as to which Plaintiff(s) and which counsel (Cohen Milstein, Ball, both or neither) will make decisions on behalf of any putative class, or any actual class in the event that one were certified.

Deloitte is uncertain of whether or how class certification can or should progress absent rulings by the Court as to the issues raised. Deloitte is also uncertain about the necessary scope and timing of any opposition brief in connection with the Motion for Class Certification and whether it must respond to Floyd's request to be appointed as the Class Representative. If it does need to respond to the latter, Deloitte will need to conduct discovery targeted toward Floyd—just as it is doing with Local 98 Pension Fund—prior to responding, which would add an additional hurdle to compliance with the current briefing schedule.[3] Accordingly, Deloitte respectfully requests guidance from the Court as to the issues raised by the dispute between plaintiffs and, specifically, as to how any rulings on those issues may affect the appointment of Lead Plaintiff

---

[3] As part of its Class discovery efforts, Deloitte will be taking the 30(b)(6) Deposition of Local 98 Pension Fund. However, Local 98 Pension Fund's 30(b)(6) deponent is not available until the week of June 21, 2021, the week that Deloitte's response is currently due under the Amended Scheduling Order. (*See* ECF No. 69.)

3

and Lead Counsel, the pending Motion for Class Certification including any opposition thereto, associated page limits for briefing, and any related discovery.

Finally, on March 29, 2021, the Parties filed a Joint Motion for Entry of Confidentiality Order, which remains pending. (ECF No. 70.) In the absence of a Court-ordered Confidentiality Order, the Parties and certain third-parties have declined to produce confidential documents which are necessary to complete Class discovery, including the 30(b)(6) deposition of Local 98 Pension Fund. Accordingly, Deloitte respectfully requests guidance as to when a Confidentiality Order may be entered.

## CONCLUSION

For the reasons set forth above, Deloitte respectfully requests that this Court enter an order setting a status conference in this matter.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.02

Pursuant to Local Rule 7.02, counsel for Deloitte certifies that, prior to filing the instant motion, they conferred with opposing counsel and attempted in good faith to resolve the matter contained in the motion. Opposing counsel has agreed to take no position on this motion.

Dated: June 4, 2021

*s/ Christopher A. Ogiba*
Christopher A. Ogiba, Fed. ID No. 9042
Lesley A. Firestone, Fed. ID No. 11719
Clinton T. Magill, Fed. ID No. 12459
Moore & Van Allen, PLLC
78 Wentworth Street
Charleston, South Carolina 29401
Telephone:  843-579-7066
Facsimile:   843-579-8749
Email: chrisogiba@mvalaw.com
          lesleyfirestone@mvalaw.com
          clintonmagill@mvalaw.com

        Mark A. Nebrig
        John A. Fagg, Jr.
        Nader Raja
        Kristen Kenley
        Moore & Van Allen, PLLC
        100 North Tryon Street
        Suite 4700
        Charlotte, North Carolina 28202-4003
        Telephone: 704-331-3602
        Facsimile:　704-339-5974
        E-mails:　marknebrig@mvalaw.com
                johnfagg@mvalaw.com
                naderraja@mvalaw.com
                kristenkenley@mvalaw.com

        Scott A. Edelman
        Jed M. Schwartz
        Andrew B. Lichtenberg
        Milbank LLP
        55 Hudson Yards
        New York, New York 10001-2163
        Telephone: 212-530-5000
        Facsimile:　212-530-5219
        Email:　sedelman@milbank.com
               jschwartz@milbank.com
               alichtenberg@milbank.com
        *Attorneys for Defendants*
        *Deloitte & Touche LLP and Deloitte LLP*