IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| International Brotherhood of Electrical Workers Local 98 Pension Fund, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Deloitte & Touche, LLP, Deloitte LLP,<br><br>Defendants. | CLASS ACTION<br><br>Civil Action No.  3:19-CV-03304-MBS |

**PLAINTIFF SAMUEL R. FLOYD'S RESPONSE TO LEAD PLAINTIFF'S MOTION TO CLARIFY CASE LEADERSHIP**

Daryl G. Hawkins
Law Offices of Daryl G. Hawkins, LLC
P.O. Box 11906
Columbia, SC 29211
Tel: (803) 733-3531
dgh@dghlaw.net
SC Bar #002844/ USDC #01781

Edward D. Sullivan, JD, LLM, CPA
Sullivan Law Firm, PC
Edward D. Sullivan
PO Box 11714
Columbia, SC 29211
Tel: (803) 451-2775
esullivan@esullivanlaw.com
SC Bar #0011248/ USDC #5016

Gordon Ball
Jonathon Tanner Ball
Steven Chase Fann
Gordon Ball, LLC
7001 Old Kent Drive
Knoxville, TN 37919
Tel (865) 525-7028
gball@gordonball.com TNBPR#001135
jtannerball@gmail.com TNBPR#037011
chasefann@wfptnlaw.com TNBPR#36794

Thomas C. Jessee
Jessee & Jessee
P.O. Box 997
Johnson City, TN 37605
Tel: (423) 928-7175
jjlaw@jesseeandjessee.com
TNBPR #000113/ SC Bar #2996

Attorneys for Plaintiff Samuel R. Floyd III

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................1

ARGUMENT ...................................................................................................................................3

    I.      Floyd's Response is Procedurally Proper .................................................................3

    II.     Floyd Should Be Granted the Relief Sought in His Response
           since International Brotherhood of Electrical Workers Local 98
           Pension Fund (IBEW) has Failed to Timely Respond .............................................4

    III.    Floyd Did Not (and Does Not) Object to Class Certification ..................................5

    IV.    Lead Counsel's Attempt to Delay Answering for Its Questionable
           Conduct is Highlighted by the Declaration of Laura H. Posner in
           Support of Motion to Clarify Case Leadership (ECF 76-2) .....................................6

    V.     Attorney Gordon Ball Acted Properly in Reporting the Indictment
           of IBEW President Brian Burrows to the Court ......................................................6

    VI.    Lead Plaintiff's Charge that Floyd's Counsel Has Disrupted the
           Prosecution of the Case and the Ability to Obtain Discovery is Patently
           False .........................................................................................................................7

    VII.   In Order to Address Lead Plaintiff's Motion to Clarify Case Leadership,
           the Court Should Consider the Uncontradicted Disqualifying Attributes
           of Lead Plaintiff and Lead Counsel ........................................................................7

    VIII.  The Order Appointing IBEW as Lead Plaintiff Did Not Consolidate
           the Cases or Dismiss Floyd as a Plaintiff .................................................................7

CONCLUSION .................................................................................................................................8

NOW COMES PLAINTIFF SAMUEL R. FLOYD III ("Floyd"), who by and through counsel, submits this Response to Lead Plaintiff's Motion to Clarify Case Leadership.

## INTRODUCTION

On May 14, 2021, Plaintiff Samuel R. Floyd III filed a Response in Opposition to Lead Plaintiff's April 30, 2021 motion for certain relief ("Floyd's Response" – ECF 74) and seeking relief on behalf of himself and the purported class because of the recent discovery that the President and other leadership of the current Lead Plaintiff have been indicted in the Eastern District of Pennsylvania and are expected to be tried sometime after October 4, 2021. For the reasons set forth in the Response, Floyd objects to the appointment of IBEW as Lead Plaintiff/Class Representative and the appointment of Cohen Milstein as Lead Counsel/Class Counsel. Floyd does **not** object to class certification as clearly stated in the Response and joins in the request for class certification.

Rather than reply to Floyd's Response in accordance with the Local Rules of Civil Procedure, IBEW waited until the deadline had passed and now moves that the Court clarify case leadership, essentially asking the Court to permit IBEW to ignore Floyd's Response and the damning facts brought to the Court's attention about IBEW and Cohen Milstein. Respectfully, case leadership can best be clarified by granting the relief requested in Floyd's Response and/or requiring IBEW to reply to the issues raised.

Plaintiff Floyd's response in opposition to Lead Plaintiff's motion for relief at ECF 74 provides the information and arguments of Floyd regarding how this case should move forward and the basis for Floyd's positions. However, they (IBEW and/or their counsel) raise some points that have not been addressed by Floyd previously.

IBEW and its counsel first allege that "Because Lead Counsel will not agree to their

1

attorney fee demands, Gordon Ball and Daryl Hawkins . . . have attempted to use a minor error to improperly secure a position in case leadership." IBEW Brief at p.1.

This is but one of many misstatements and outright misrepresentations by Lead Counsel. Daryl Hawkins has never made any attorney fee demand to Lead Counsel. The original Complaint filed in this action and the fee agreement with Mr. Floyd includes provisions regarding attorney's fees, however, by no stretch of the imagination could these be considered or interpreted as "attorney fee demands."

This sort of slight of hand overstatement and misrepresentation seems to be the style of IBEW's Lead Counsel. As described further elsewhere, Lead Counsel has claimed that Floyd's counsel objected to class certification and have used this as an alleged ground for them to avoid timely addressing their conduct in failing to reveal the indictment of IBEW's leadership, most importantly its President, for alleged embezzlement of funds from the IBEW Union.

Next, Lead Counsel alleges, without any factual support, that "Floyd's counsel" . . . "has profoundly disrupted the prosecution of this case and the ability to obtain discovery." As indicated in earlier filings, when Floyd's counsel understood that Lead Counsel was alleging some problem with discovery, Floyd's counsel immediately provided a consent to the proposed consent discovery order only to be advised by Lead Counsel that no consent or other action by Floyd's counsel was needed. Accordingly, Lead Counsel has yet to provide any factual basis for its claims that "Floyd's counsel [.] . . has profoundly disrupted the prosecution of this case and the ability to obtain discovery."

It is Lead Counsel's failure to attempt to coordinate with other counsel and stubborn insistence that no other lawyers should even have their names mentioned in the case that is the cause of any alleged disruption in discovery, and Lead Counsel has not even attempted to

provide any example of anything done by Floyd's counsel that has created any problems whatsoever.

Again, Floyd believes the Court should certify the class and made this request in his Response to Lead Plaintiff's motion regarding class certification and other issues.

## ARGUMENT

I. Floyd's Response is Procedurally Proper.

As noted by Floyd's Response at pages 7 and 8,

> In North American Acceptance Corporation Securities Cases, v. Arnall, Golden & Gregory, 593 F.2d 642, 645 (5th Circuit 1979), the Court stated the "the trial court has the continuing duty to see that the class is adequately represented" citing Guerine v. J & W Investment, Inc. 544 F.2d 863, 894 (5th Circuit 1977). "To perform this duty, the trial court must constantly scrutinize the class attorney to see that the [class attorney] is adequately protecting the interests of the class. If, at any time, the trial court realizes that class counsel should be disqualified, it is required to take appropriate action.: . . . [In] class actions because of this special duty imposed on the trial court, the court's initial denial of the disqualification motion may not conclusively determine the disqualification issue." Id.

> Nothing in the statutory language requires a specific reservation or showing before a lead plaintiff designation can be reopened. Quite the contrary. Pursuant to the PSLRA, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil procedure." Rule 23(d) provides that Rule 23 orders "may be altered or amended as may be desirable from time to time." Fed. R. Civ. P. 23(d); see also Social Serv. Union, Local 535 v. Santa Clara County, 609 F.2d 944, 94 (9th Cir. 1979). It is not inconceivable that a lead plaintiff appointed originally might turn out to be an inadequate class representative and that a change might have to be made. Ordering such a change would be consistent with the district court's continuing "duty to monitor whether the lead plaintiffs are capable of adequately protecting the interests of the class members." In re NYSE Specialists Securities Litigation, 2240 F.R.D. 128, 133 (S.D.N.Y. 007)citing In re Terayon Commc'ns Sys., Inc. Sec. Litig, No. C 00—1967, MHP, 2004 WL 413277, at 7 (N.D. Cal. Feb. 23, 2004).

Contrary to IBEW's contention about procedural propriety, the Court's continuing duty to monitor the class must allow the Court to consider motions that bring to the Court's attention facts and circumstances that allow the Court to scrutinize the lead plaintiff and lead counsel so it

3

can adequately protect the interests of the class. Allowing IBEW to avoid the serious facts and circumstances brought to light by Floyd and hide behind procedural niceties would certainly defeat the efforts of the Court to perform its duty of monitoring the class. Accordingly, Floyd's Response is procedurally proper, has received no reply, and the Court should award the relief sought therein and/or require IBEW to provide, if possible, a substantive reply.

    II.    Floyd Should Be Granted the Relief Sought in His Response since International Brotherhood of Electrical Workers Local 98 Pension Fund (IBEW) has Failed to Timely Respond.

On April 30, 2021, IBEW filed Lead Plaintiff's Motion for Class Certification, Appointment of Class Representative, and Appointment as Class Counsel (ECF 71). Although the Amended Scheduling Order (ECF 69) gives the Defendants additional time to respond, Local Civ. Rule 7.06 (D.S.C.) requires responses to motions with 14 days, or in this instance, May 14, 2021, as noted by the Court's Notice of Electronic Filing on April 30, 2021. (The Notice of Electronic Filing provides " . . . Response to Motion due by 5/14/2021."). Since Floyd does not benefit from the extended response date provided by the Amended Scheduling Order, he complied with the rules by filing his Response in Opposition to Lead Plaintiff's Motion for Appointment of Class Representative, and Appointment of Class Counsel and plaintiff Floyd's Application to be Appointed as Class Representative and his Selection of Counsel Be Appointed Class Counsel ("Floyd's Response") on May 14, 2021. Pursuant to Local Civ. Rule 7.07 (D.S.C.), as noted by the Court's notice of filing on May 14, 2021, IBEW should have filed a reply, if any, within 7 days (The 5/14/2021 Notice of Electronic Filing provides " . . . Reply to Response to Motion due by 5/21/2021 . . . ) It did not do so. Instead, it seeks to delay or avoid addressing the matters raised by Floyd's Response, under the guise of the Amended Scheduling Order between IBEW and the Defendants concerning other routine matters, the inexplicable facts

4

set out by Floyd's filing, that IBEW is unfit to continue as Lead Plaintiff, or be appointed Class Representative, because its President Brian Burrows has been indicted for conspiracy to embezzle and is scheduled to go to trial in the Eastern District of Pennsylvania sometime after October 4, 2021. Furthermore, Cohen Milstein is unfit to continue as Lead Counsel because Laura Posner and other Cohen Milstein lawyers knew or should have known of this issue (Ms. Posner was advised of the indictment and related issues by Gordon Ball and chose not to disclose it to the Court. See Floyd's Response (ECF 74), pages 5 – 16 and the authority cited therein.

According to Local Civ. Rule 7.06, the Court will decide the matter on the record (in this case, Floyd's Response and the issues raised therein) if no responsive pleading is filed. (Regarding a response to a motion, "[i]f no memorandum in opposition is [timely filed], the court will decide the matter on the record and such oral argument as the movant may be permitted to offer, if any.") Accordingly, Floyd respectfully requests the Court deny IBEW's motion to be appointed as Class Representative; deny the motion to appoint Cohen Milstein as Class Counsel and William Tinkler as Liaison Counsel; appoint Floyd as Class Representative; appoint Gordon Ball of Gordon Ball PLLC as Class Counsel for the Class and Daryl G. Hawkins and Edward D. Sullivan as Liaison Counsel; and certify the Class.

III.  Floyd Did Not (and Does Not) Object to Class Certification.

On May 14, 2021, Floyd filed Plaintiff Samuel R. Floyd's Response in Opposition to Lead Plaintiff's Motion for Appointment of Class Representative, and Appointment of Class Counsel and Plaintiff Floyd's Application to be Appointed as Class Representative and His Selection of Counsel be Appointed Class Counsel (ECF 74). In doing so, Floyd did not style his pleading "as an opposition to class certification" as stated by Laura Posner's Declaration (Paragraph 14). The pleading is "styled" exactly as the caption expressly states – "Opposition to

5

Lead Plaintiff's Motion for Application of Class Representative, and Appointment of Class Counsel." In fact, Floyd expressly states on Page 1, first paragraph, that **Floyd does not oppose the pending Motion for Class Certification**, however the remainder of the Motion is opposed for the reasons stated below." (emphasis added.) Furthermore, on page 19 of Floyd's response, Floyd concludes his pleading by requesting the Court "certify the Class as currently proposed by IBEW."

    IV.    Lead Counsel's Attempt to Delay Answering for Its Questionable Conduct is Highlighted by the Declaration of Laura H. Posner in Support of Motion to Clarify Case Leadership (ECF 76-2).

Lead Counsel admittedly misled the Court's case administrator intentionally as to the nature of Floyd's Response, perhaps due to ignorance, or perhaps in the hopes of delaying or avoiding answering for its impropriety in failing to reveal that IBEW has been compromised by the indictments and the impending trial of its President Brian Burrows. Lead Counsel's apparent misrepresentation of Floyd's Response to the case administrator is further evidence of why Lead Counsel should be replaced.

Lead Counsel's feigned reliance on the Court administrator whom they admittedly and knowingly tricked should not be rewarded by a deadline extension. Accordingly, as noted in Section 1 above, Lead Counsel has failed to comply with the filing requirement of the rules, and the relief sought by Floyd should be granted.

    V.    Attorney Gordon Ball Acted Properly in Reporting the Indictment of IBEW President Brian Burrows to the Court.

Gordon Ball, co-counsel with Daryl Hawkins and Edward Sullivan and who filed the initial Complaint on behalf of Floyd and class participants in this litigation, acted properly in reporting the indictment of IBEW President Brian Burrows to the Court. His action, however, has obviously drawn the ire of Lead Counsel who has responded by denouncing Ball and his

efforts in this litigation, despite having Ball and his law firm, Gordon Ball, PLLC listed as "Additional Counsel for the Class" on the pleadings prior to his revelation to the Court that the Lead Plaintiff is compromised and that Lead Counsel had knowledge of this and withheld it from the Court. Accordingly, Lead Counsel's disavowal of Gordon Ball's role in the case is unavailing

> VI. Lead Plaintiff's Charge that Floyd's Counsel Has Disrupted the Prosecution of the Case and the Ability to Obtain Discovery is Patently False.

As set forth in Floyd's Response and supported by the Exhibits referenced therein, Floyd Counsel Daryl Hawkins readily offered to sign the Joint Motion for Entry of Confidentiality Order and communicated this to Laura Posner on April 26, 20212. See, email chain between Hawkins, Posner and William Tinkler (ECF 74-4). As such, any disruption in Lead Counsel's ability to obtain discovery is of its own making, and any allegation otherwise is unsupported by the record.

> VII. In Order to Address Lead Plaintiff's Motion to Clarify Case Leadership, the Court Should Consider the Uncontradicted Disqualifying Attributes of Lead Plaintiff and Lead Counsel.

As Floyd's Response painstakingly points out, IBEW is unfit to continue to serve as Lead Counsel because its President Brian Burrows is under indictment for conspiracy to embezzle, headed for trial after October 4, 2021 and is compromised. Lead Counsel knew or should have known about this but withheld it from the Court, has not addressed the matter now that it has been raised, and continues to dodge the issue. The Court should weigh these concerns in its ruling on case leadership.

> VIII. The Order Appointing IBEW as Lead Plaintiff Did Not Consolidate the Cases or Dismiss Floyd as a Plaintiff.

Unlike *SCANA I*,17-cv-2616, cited IBEW's motion at page 3, footnote 1, there was no

7

motion to consolidate the cases filed. Accordingly, there is no Order consolidating the cases. Instead, the Order certainly implies, or even expressly contemplates, other Plaintiffs in the litigation, as well as additional Plaintiff's counsel. For example, the Order states,

> Lead counsel shall have the following responsibilities and duties: . . . e. to call meetings of Plaintiffs' counsel as they deem necessary and appropriate from time to time; . . . . 4. No motion, request for discovery, or other pretrial matter shall be initiated by any Plaintiff without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by Plaintiffs.

In addition, Paragraph 3a through 3h of the Order includes as these duties the duty to "coordinate" and "supervise." The Order not only does not administratively dismiss Floyd as IBEW would have the case administrator to do, but contemplates that he, and his counsel, have a role. In fact, early on, Floyd's counsel was included in email correspondence. However, when Edward Sullivan expressed a desire to listen in to the Rule 26(f) Conference, his efforts were ostensibly thwarted by Laura Posner who stated that he would not be involved in litigating the case because "of how the PSLRA and appointment of lead counsel process works (sic)." See Exhibit 1, Posner email dated 1/14/2021.

## CONCLUSION

For the foregoing reasons, Floyd respectfully requests the Court deny IBEW's motion to be appointed as Class Representative; deny the motion to appoint Cohen Milstein as Class Counsel and William Tinkler as Liaison Counsel; appoint Floyd as Class Representative; appoint Gordon Ball of Gordon Ball PLLC as Class Counsel for the Class and Daryl G. Hawkins and Edward D. Sullivan as Liaison Counsel; and certify the Class. Alternatively, the Court should require that IBEW and Cohen Milstein reply to Floyd's Response (ECF 74) immediately.

Respectfully submitted this 9th day of June, 2021.

*s/ Daryl G. Hawkins*
Daryl G. Hawkins
Law Offices of Daryl G. Hawkins, LLC
P.O. Box 11906
Columbia, SC 29211
Tel: (803) 733-3531
dgh@dghlaw.net
SC Bar #002844/ USDC #01781

Edward D. Sullivan, JD, LLM, CPA
Sullivan Law Firm, PC
Edward D. Sullivan
PO Box 11714
Columbia, SC 29211
Tel: (803) 451-2775
esullivan@esullivanlaw.com
SC Bar #0011248/ USDC #5016

Gordon Ball
Jonathon Tanner Ball
Steven Chase Fann
Gordon Ball, LLC
7001 Old Kent Drive
Knoxville, TN 37919
Tel (865) 525-7028
gball@gordonball.com TNBPR#001135
jtannerball@gmail.com TNBPR#037011
chasefann@wfptnlaw.com TNBPR#36794

Thomas C. Jessee
Jessee & Jessee
P.O. Box 997
Johnson City, TN 37605
Tel: (423) 928-7175
jjlaw@jesseeandjessee.com
TNBPR #000113/ SC Bar #2996