#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### COLUMBIA DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD ) <br> OF ELECTRICAL WORKERS LOCAL) <br> 98 PENSION FUND on behalf of itself ) <br> and all others similarly situated,                ) <br>                                                                       ) <br>            Plaintiff,                             ) <br>                                                                       ) <br> vs.                                                                 ) <br>                                                                       ) <br> DELOITTE & TOUCHE, LLP;               ) <br> DELOITTE LLP                                      ) <br>                                                                       ) <br>            Defendant.                         ) | Civil Action No. 3:19-cv-3304 <br><br><br><br><br> **CONFIDENTIALITY ORDER** |

Whereas, the parties to this Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 14th day of July, 2021, ORDERED:

1.     **Scope.**  All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2.     **Form and Timing of Designation.**  Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation; provided, however, documents produced in native format may be designated CONFIDENTIAL in the production cover letter or the production metadata. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents.  Inadvertent or unintentional production of

1

documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3.     **Documents Which May be Designated Confidential.**  Any party may designate documents as confidential but only after review of the documents by an attorney[1] who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information.  The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure.  Information or documents which are available in the public sector may not be designated as confidential.

4.     **Depositions.**  Deposition transcripts shall presumptively be considered to have been designated confidential for a period of seven business days following receipt of the transcript.  Thereafter, portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript.  Such designation shall be specific as to the portions to be protected.

5.     **Protection of Confidential Material.**

a.     **General Protections.**  Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 5.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).  The parties shall not disclose documents designated as confidential to

---

[1] The attorney who reviews the documents and certifies them to be CONFIDENTIAL must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified.

b.     **Limited Third Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below.  Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

(1)     counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2)     parties and current employees of a party to this Order;

(3)     authors or recipients of the CONFIDENTIAL documents;

(4)     court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(5)     consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit, but only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it;

(6)     witnesses and deponents, but if they are not parties or current employees of a party to this Order (covered by subsection (2) above) or the author or recipient of the CONFIDENTIAL document (covered by subsection (3) above),

only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it;

(7)     court personnel and mediators; and,

(8)     other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c.     **Control of Documents.**     Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this order.  If a party learns that, by inadvertence or otherwise, it has made an unauthorized disclosure of documents designated as Confidential, that party must immediately: (1) use its best efforts to retrieve such documents; (2) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this order; (3) request such person or persons confirm their agreement to be bound by this order; and (4) notify the producing party in writing of the unauthorized disclosure and the steps taken to comply with this subparagraph. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents.

d.     **Copies.**  All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy.  All such copies shall be afforded the full protection of this Order.

6.      **Filing of Confidential Materials.**  In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction.  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion.  Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal.  The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

7.      **Greater Protection of Specific Documents.**  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless (1) that information relates to audits and other work Deloitte & Touche LLP performed for clients other than SCANA Corporation and South Carolina Electric & Gas Company; (2) the party moves for an Order providing such special protection; or (3) stipulated by the parties.

8.      **Challenges to Designation as Confidential.**  Any CONFIDENTIAL designation is subject to challenge.   The following procedures shall apply to any such challenge.

a. The burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality.

b. A party who contends that documents designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge.  The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

   (1) the party who claims that the documents are confidential withdraws such designation in writing;

   (2) the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 8.b. above; or

   (3) the court rules that the documents should no longer be designated as confidential information.

d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9.     **Treatment on Conclusion of Litigation.**

a.     **Order Remains in Effect.**  All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.     **Return of CONFIDENTIAL Documents.**  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶5.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product.  This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

10.     **Order Subject to Modification.**  This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order.  The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

11.     **Non-Parties.**  Any documents that may be produced by a non-party witness in discovery pursuant to subpoena or otherwise may be designated by such non-party as CONFIDENTIAL under the terms of this order, and any such designation by a non-party shall

have the same force and effect, and create the same duties and obligations, as if made by one of the parties. Any such designation shall also function as a consent by such producing party to the authority of the court in a proceeding to resolve and conclusively determine any motion or other application made by any person or party with respect to such designation, or any other matter otherwise arising under this order.

      **12.**      **Protection in Other Litigations or Proceedings.** If a party is served with a subpoena or an order issued in another litigation or proceeding that would compel disclosure of any documents that another party has designated as confidential, that party must so notify the designating party in writing immediately and in no event more than five business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The party that received the subpoena or order also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this order. Such notification must include a copy of this order. The party served with a subpoena or order must cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential documents may be affected.

      13.      **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

14. **Inadvertent Production of Privileged Documents or Information.** When a producing party gives notice to a receiving party that certain inadvertently produced documents or information are subject to a claim of privilege or other protection (including, without limitation, the attorney-client privilege and the attorney-work product doctrine), the receiving party must promptly sequester the specified information and any copies it has; must not use or disclose the information until the claim is resolved, except to the Court, under seal and/or for *in camera* review, and only for the purpose of resolving the claim; and must take reasonable steps to retrieve the information if the party disclosed it before being notified. Any privilege or other protection that may have been raised in documents or information produced in this litigation is not waived as a result of the inadvertent disclosure of those documents in connection with this litigation. The fact of production of privileged or work product information or documents by any producing party in this litigation shall not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding, provided that such production was inadvertent and the claim of inadvertent production was raised with reasonable promptness. Without limiting the foregoing, this order shall not affect the parties' legal rights to assert privilege or work product claims over documents in any other proceeding. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

15. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

**ATTACHMENT A**
**CERTIFICATION BY COUNSEL OF DESIGNATION**
**OF INFORMATION AS CONFIDENTIAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
**[DIVISION [all caps]]** DIVISION

| | | |
|---|---|---|
| [Plaintiff] | ) | Civil Action No. **[Case Number]** |
| | ) | |
| Plaintiff, | ) | Certification by Counsel of Designation |
| vs. | ) | of Information as Confidential |
| [Defendant] | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action which Order is dated [confidentiality order date].

By signing below, I am certifying that: (1) I have been involved in the process by which documents have been reviewed and produced in this litigation; (2) I have instructed all document reviewers on the requirements of the Confidentiality Order and have directed them to mark documents as confidential only if they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order in the form that was in effect at the time of the review; and (3) the confidentiality markings made by the reviewers constitute a certification that they have been done in accordance with those terms.

Check and complete one of the two options below.

❑   I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is [District Court Bar #].

❑   I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is [state in which I practice most] where my Bar number is [that state's Bar #]. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.

Date:   [date attachment A signed]                    [Signature of Counsel [s/name]]
                                                      Signature of Counsel

                                                      [Printed Name of Counsel [A]]
                                                      Printed Name of Counsel

**ATTACHMENT B**

**ACKNOWLEDGMENT OF UNDERSTANDING
AND
AGREEMENT TO BE BOUND**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
**[DIVISION [all caps]]** DIVISION

| | | |
|---|---|---|
| [Plaintiff] | ) | Civil Action No. **[Case Number]** |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Acknowledgment of Understanding |
| [Defendant] | ) | and |
| | ) | Agreement to be Bound |
| Defendant | ) | |
| | ) | |
| | ) | |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated [confidentiality order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name:              [undersigned name [att B]]

Job Title:          [Job Title [att B]]

Employer:        [Employer [att B]]

Business Address:   [Business Address [att B]]

Date:  **[date attachment B signed]**                    [Signature [attachment B]]
                                                                              Signature

11