# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 98 PENSION FUND on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DELOITTE & TOUCHE LLP;<br>DELOITTE LLP,<br><br>Defendants. | Case No. 3:19-cv-3304 |

**NOTICE OF DEPOSITION OF INTERNATIONAL BROTHERHOOD OF**
**ELECTRICAL WORKERS LOCAL 98 PENSION FUND**

PLEASE TAKE NOTICE that, in accordance with Rule 30(b) of the Federal Rules of Civil Procedure, Defendants Deloitte & Touche LLP and Deloitte LLP will take the deposition of Lead Plaintiff International Brotherhood of Electrical Workers Local 98 Pension Fund on June 4, 2021 at 9:00 a.m. ET, with witnesses and counsel connecting remotely by videoconference and telephone by agreement. The deposition will be recorded by stenographic means and by videotape (sound and visual), and will be taken before a Notary Public or other officer authorized by law to administer oaths.

The matters for examination are described in Schedule A hereto (the "Deposition Topics" or "Topics"). Defendants reserve the right to supplement or amend this notice and/or Schedule A. No fewer than five (5) business days prior to the deposition, Lead Plaintiff shall provide a written designation of the name(s) and position(s) of each officer, director, agent, or other person who will testify on behalf of Lead Plaintiff.

Defendants reserve the right to seek discovery on additional topics, including but not limited to the issues addressed in Schedule A.

Dated: May 20, 2021

/s/ *Christopher A. Ogiba*
Christopher A. Ogiba, Fed. ID No. 9042
Lesley A. Firestone, Fed. ID No. 11719
Clinton T. Magill, Fed. ID No. 12459
Moore & Van Allen, PLLC
78 Wentworth Street
Charleston, South Carolina 29401
Telephone:   843-579-7066
Facsimile:   843-579-8749
Email:       chrisogiba@mvalaw.com
             lesleyfirestone@mvalaw.com
             clintonmagill@mvalaw.com

Mark A. Nebrig
John A. Fagg, Jr.
Nader Raja
Kristen Kenley
Moore & Van Allen, PLLC
100 North Tryon Street
Suite 4700
Charlotte, North Carolina 28202-4003
Telephone:   704-331-3602
Facsimile:   704-339-5974
E-mails:     marknebrig@mvalaw.com
             johnfagg@mvalaw.com
             naderraja@mvalaw.com
             kristenkenley@mvalaw.com

Scott A. Edelman
Jed M. Schwartz
Andrew B. Lichtenberg
Milbank LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone:   212-530-5000
Facsimile:   212-530-5219
Email:       sedelman@milbank.com
             jschwartz@milbank.com
             alichtenberg@milbank.com

2

*Attorneys for Defendants*
*Deloitte & Touche LLP and Deloitte LLP*

3

## CERTIFICATE OF NOTICE

I hereby certify that on May 20, 2021, I caused a true and correct copy of the Notice of Deposition of International Brotherhood of Electrical Workers Local 98 Pension Fund to be served via electronic mail on:

Laura Posner, Esq.
Cohen Milstein Sellers & Toll PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Email: lposner@cohenmilstein.com

*/s/ Clinton T. Magill*
Clinton T. Magill

## SCHEDULE A: TOPICS FOR RULE 30(B)(6) DEPOSITION

## DEFINITIONS & INSTRUCTIONS

The following definitions shall apply to the instructions and Topics herein:

1. "Class Action" means *International Brotherhood of Electrical Workers Local 98 Pension Fund et al. v. Deloitte & Touche LLP et al.*, Case No. 3:19-cv-3304, currently pending in the United States District Court for the District of South Carolina.

2. "Complaint" refers to the Consolidated Complaint filed in the Class Action (ECF No. 44), and any successor complaint.

3. "Criminal Action" means *United States of America v. John Dougherty, et al.*, Case No. 2:19-cv-00064, currently pending in the United States District Court for the Eastern District of Pennsylvania.

4. "Defendant(s)" refers to Deloitte & Touche LLP or Deloitte LLP.

5. "Indictment" refers to the indictment filed in the Criminal Action (ECF No. 1), and any subsequent superseding indictments.

6. "Labor Action" means *Walsh v. Local 98, International Brotherhood of Electrical Workers*, Case No. 2:21-cv-00096, currently pending in the United States District Court for the Eastern District of Pennsylvania.

7. "Labor Complaint" refers to the complaint filed in the Labor Action (ECF. No. 1), and any successor complaint.

8. "Motion for Class Certification" refers to Lead Plaintiff's Memorandum of Law in Support of Class Certification, Appointment of Class Representative, and Appointment of Class Counsel filed in the Class Action (ECF No. 72).

1

9. "Period" is defined as the period from January 1, 2015 and continuing up until the date of your deposition.

10. "Plaintiff", "you", or "your" refer to International Brotherhood of Electrical Workers Local 98 Pension Fund.

11. "SCANA" refers to SCANA Corporation.

12. "SCE&G" refers to South Carolina Electric & Gas Company.

13. "Security" or "securities" refer to any stock, share, bond, note, debenture, commercial paper, security-based swap agreement, evidence of indebtedness, option contract, investment contract, interest in or under a profit-sharing or participating agreement or scheme, voting trust agreement, beneficial interest in a trust or pretended trust, and/or any interest in the capital, assets, property, or profits of any person.

14. To bring within the scope of this Notice of Deposition any information that might otherwise be construed to be outside of its scope, the following rules of construction shall apply:

   a. the word "including" should be read to mean "including, without limitation".
   b. the present tense should be construed to include the past tense and vice versa.
   c. references to employees, officers, directors, or agents include both current and former employees, officers, directors, and agents.
   d. defined terms should be given their broadest meaning, regardless of whether they are capitalized in the Notice of Deposition.
   e. the terms "all", "any", and "each" shall each be construed as encompassing any and all.
   f. the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary.

       g. the use of the singular form of any word includes the plural and vice versa.

15. For purposes of construing the scope of the Topics, the terms used shall be given their most expansive and inclusive interpretation.

16. Each Topic shall be construed independently and not with reference to any other Topic for the purpose of limitation or exclusion.

17. The use of any definition for the purposes of this Notice of Deposition shall not be deemed to constitute an agreement or acknowledgment on the part of Defendants that such definition is accurate, meaningful, or appropriate for any other purpose in this Class Action.

## TOPICS

1. The claims asserted and allegations in the Complaint.

2. The arguments asserted in the Motion for Class Certification.

3. Your knowledge of the Class Action.

4. Your role and participation in the Class Action.

5. Your reasons for participating in the Class Action.

6. Your investment strategy, investment policies, and investment objectives during the Period.

7. Your knowledge of SCANA or SCE&G and their securities.

8. Your knowledge of Defendants.

9. SCANA's or SCE&G's public disclosures during the Period and your knowledge and use of such disclosures.

10. Your trading of SCANA or SCE&G securities during the Period, including but not limited to, your decisions to purchase, hold, sell, or exchange SCANA or SCE&G securities during the Period, and the reasons for doing so.

11. Your monitoring, research, analysis, or evaluation of SCANA and SCE&G, SCANA or SCE&G securities, or your positions in SCANA or SCE&G securities throughout the Period.

3

12. Any information you received or considered in connection with your decisions to purchase, hold, sell, or exchange SCANA or SCE&G securities during the Period, including, without limitation, any reports, analyses, or data that you considered.

13. Your process for evaluating or deciding whether and when to execute transactions in SCANA or SCE&G securities.

14. Any short sales or other hedging transactions with respect to SCANA or SCE&G securities during the Period.

15. Your decisions to purchase, hold, sell, or exchange any of the securities of any other electric or natural gas utility company during the Period.

16. Your knowledge of the potential or actual risks involved in electric or natural gas utility companies and, specifically, nuclear power companies.

17. Your communications and agreements with any broker-dealer, prime broker, custodial bank, or any other security intermediary who provided services to you in connection with the acquisition of SCANA or SCE&G securities during the Period.

18. Your communications with any director, officer, employee, agent, or representative of SCANA, SCE&G, or Defendants regarding SCANA, SCE&G, or their securities during the Period.

19. Your communications with any analyst, investment advisor, or similar professional concerning SCANA, SCE&G, or their securities, including all agreements between you and your investment advisor during the Period.

20. Your process of and considerations in selecting any investment advisor or similar professional who provided services to you with respect to any purchase, sale, or exchange of SCANA or SCE&G securities during the Period.

21. Compensation paid by you to your investment advisor who provided services to you with respect to any purchase, sale, or exchange of SCANA or SCE&G securities.

22. Your actual or claimed damages in this Class Action.

23. Your process and rationale for selecting and retaining your counsel in this Class Action.

24. Prior representations of you or by your counsel in this Class Action.

25. Your decision to seek to become a class representative in this Class Action, including any compensation that you have received or have been promised in return for serving as a class representative.

26. Your participation or attempted participation as a lead plaintiff or a class representative in any action in the last ten years.

4

27. The circumstances and facts surrounding your decision to file a consolidated complaint in this litigation, including the selection of each Defendant.

28. The identity, training, education, experience, and expertise of all of your personnel responsible for making investment decisions or for communicating with your investment advisor during the Period.

29. Your organizational structure.

30. The allegations in the Indictment.

31. Your knowledge of the Criminal Action

32. The claims asserted and allegations in the Labor Complaint.

33. Your knowledge of the Labor Action.

34. Your knowledge of any other action, proceeding, litigation, investigation, or inquiry in which any director, officer, manager, business manager, or person holding similar managerial positions with Plaintiff who was a defendant, target, person of interest, or respondent, or charged with or accused of any crime, illegal conduct, or unlawful conduct.

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| International Brotherhood of Electrical Workers Local 98 Pension Fund | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:19-cv-3304-MBS |
| Deloitte & Touche LLP, Deloitte LLP | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: International Brotherhood of Electrical Workers Local 98 Pension Fund (c/o Laura Posner, 88 Pine Street, 14th Floor, New York, NY 10005)

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached Schedule A.

| Place: Remote Deposition or Place To Be Determined by the Parties | Date and Time: 06/04/2021 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic means and audio-visual means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/20/2021

*CLERK OF COURT*

_____    OR    _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Deloitte & Touche LLP and Deloitte LLP, who issues or requests this subpoena, are:
Chris Ogiba; Moore & Van Allen, PLLC 78 Wentworth St. Charleston, SC 29401; chrisogiba@mvalaw.com; 843-579-7066

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:19-cv-3304-MBS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* International Brotherhood of Electrical Workers Local 98 Pension Fund
on *(date)* 05/20/2021 .

☑ I served the subpoena by delivering a copy to the named individual as follows: via electronic mail to

Laura Posner, Esq., Cohen Milstein Sellers & Toll PLLC, 88 Pine Street, 14th Floor, New York, NY 10005

Email: lposner@cohenmilstein.com    on *(date)* 05/20/2021  ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 05/20/2021

*Server's signature*

Clinton T. Magill, Esquire
*Printed name and title*

Moore & Van Allen, PLLC
78 Wentworth Street
Charleston, SC 29401

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).