# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 98 PENSION FUND, on behalf of itself and all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>DELOITTE & TOUCHE LLP and DELOITTE LLP,<br><br>      Defendants. | Case No. 3:19-cv-3304 |

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 98 PENSION FUND'S RESPONSES AND OBJECTIONS TO DEFENDANTS' NOTICE OF DEPOSITION OF PLAINTIFF**

Lead Plaintiff International Brotherhood of Electrical Workers Local 98 Pension Fund ("Lead Plaintiff" or "IBEW Local 98 Pension Fund"), by and through counsel, object and otherwise respond to Defendants' Notice of Deposition of International Brotherhood of Electrical Workers Local 98 Pension Fund (the "Notice"), dated May 20, 2021, as follows.

Lead Plaintiff's responses to the Notice are made to the best of its present knowledge, information, and belief, and subject to the general and specific objections below.

Additional investigation may reveal additional facts or information that could lead to additions to, changes in, or variations from these responses, which are subject to any subsequent clarification between the parties as to scope and extent. Lead Plaintiff reserves the right to amend, revise, correct, supplement, or clarify any of the responses below in accordance with facts or information gathered at any time subsequent to the date of these responses.

**DESIGNATION OF DEPONENT**

Lead Plaintiff designates Tara Chupka, In-House Counsel, to testify on its behalf under the

Notice.

## GENERAL OBJECTIONS

Lead Plaintiff generally objects to the Notice, Definitions, and Topics on the following grounds, which shall have the same force and effect as if set forth in full in each of the specific responses and objections enumerated below.

1. Lead Plaintiff objects to the Notice, including any definitions and instructions, to the extent it seeks to impose obligations beyond those imposed by the Federal or Local Rules, and any other applicable rules, laws, statutes, or orders. Subject to its objections, Lead Plaintiff will, for purposes of these Responses and Objections, construe the Notice consistently with those rules, other applicable laws, and orders of this Court.

2. Lead Plaintiff objects to the Notice to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege or protection.

3. Lead Plaintiff reserves its right to substitute or supplement the designee set forth above for any reason, including but not limited to disputes as to the scope of the topics, or unanticipated questions asked of the designee.

4. Lead Plaintiff objects to the definition of the term "Complaint" to the extent it includes "any successor complaint"; to the term "Indictment" to the extent it includes "any subsequent superseding indictment"; and to the term "Labor Complaint" to the extent it includes "any successor complaint" as these terms are vague and ambiguous.

5. Lead Plaintiff objects to the definition of the term "Period" to the extent it extends from "January 1, 2015 and continuing up until the date of your deposition" because it seeks testimony that is not relevant to any claim or defense in this action and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested

discovery likely outweighs its benefit. Unless otherwise specified, Lead Plaintiff will provide testimony concerning the period from February 26, 2016 to December 20, 2017, inclusive (the "Class Period Period"), as set forth in the Complaint.

## OBJECTIONS TO NOTICED TOPICS

1. *The claims asserted and allegations in the Complaint.*

**Response:** Lead Plaintiff objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Lead Plaintiff further objects to this topic on the basis that it seeks information that is protected from discovery by Federal Rule of Civil Procedure 26(b)(4), the consulting expert privilege, the testifying expert privilege, or any other applicable privilege. Subject to those objections and the general objections above, IBEW Local 98 Pension Fund will provide non-privileged testimony as to reasonably available information in response to this topic.

2. *The arguments asserted in the Motion for Class Certification.*

**Response:** Lead Plaintiff objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Lead Plaintiff further objects to this topic on the basis that it seeks information that is protected from discovery by Federal Rule of Civil Procedure 26(b)(4), the consulting expert privilege, the testifying expert privilege, or any other applicable privilege. Subject to those objections and the general objections above, IBEW Local 98 Pension Fund will provide non-privileged testimony as to reasonably available information in response to this topic.

3. *Your knowledge of the Class Action.*

**Response:** Lead Plaintiff objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Lead Plaintiff further objects to this topic on the basis that it seeks

information that is protected from discovery by Federal Rule of Civil Procedure 26(b)(4), the consulting expert privilege, the testifying expert privilege, or any other applicable privilege. Subject to those objections and the general objections above, IBEW Local 98 Pension Fund will provide non-privileged testimony as to reasonably available information in response to this topic.

4. *Your role and participation in the Class Action.*

**Response:** Lead Plaintiff objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Subject to that objection and the general objections above, IBEW Local 98 Pension Fund will provide non-privileged testimony as to reasonably available information in response to this topic.

5. *Your reasons for participating in the Class Action.*

**Response:** Lead Plaintiff objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Subject to that objection and the general objections above, IBEW Local 98 Pension Fund will provide non-privileged testimony as to reasonably available information in response to this topic.

6. *Your investment strategy, investment policies, and investment objectives during the Period.*

**Response:** Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Subject to those objections and the general objections above, Lead Plaintiff will provide non-privileged testimony as to reasonably available information in IBEW Local 98 Pension Fund's possession, custody or control in response to this topic with respect to any investment strategy,

4

investment policies, and investment objectives governing Lead Plaintiff's transactions in SCANA or SCE&G that were in effect during the Class Period and PLSRA 90-day look-back period.

7. *Your knowledge of SCANA or SCE&G and their securities.*

**Response:** Lead Plaintiff objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Plaintiff further objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action due to the Period proposed by Defendants and because "[knowledge of SCANA or SCE&G" extends to matters wholly unrelated to the allegations in the complaint or Plaintiff's transactions in SCANA or SCE&G securities and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Plaintiff further objects that this topic is duplicative of Topic 1. Subject to those objections and subject to the general objections above, Plaintiff will provide non-privileged testimony, if any, as to reasonably available information in response to this topic with respect to (i) Lead Plaintiff's transactions in SCANA or SCE&G during the Class Period and PLSRA 90-day look-back period and (ii) the claims asserted and allegations in the Complaint.

8. *Your knowledge of Defendants.*

**Response:** Lead Plaintiff objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Lead Plaintiff further objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Lead Plaintiff further objects that this topic is duplicative of topic 1. Subject to those objections and the general objections above, Lead Plaintiff will provide non-

privileged testimony as to reasonably available information, if any, in response to this topic with respect to the claims asserted and allegations in the Complaint.

    9. *SCANA's or SCE&G's public disclosures during the Period and your knowledge and use of such disclosures.*

**Response:** Lead Plaintiff objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Lead Plaintiff further objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action due to the Period proposed by Defendants and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Lead Plaintiff further objects that this topic is duplicative of Topic 7. Subject to and those objections and the general objections above, Lead Plaintiff will provide non-privileged testimony, if any, as to reasonably available information in response to this topic with respect to the claims asserted and allegations in the Complaint.

    10. *Your trading of SCANA or SCE&G securities during the Period, including but not limited to, your decisions to purchase, hold, sell, or exchange SCANA or SCE&G securities during the Period, and the reasons for doing so.*

**Response:** Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action due to the Period proposed by Defendants and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Subject to that objection and the general objections above, Lead Plaintiff will provide non-privileged testimony as to reasonably available information in IBEW Local 98 Pension Fund's possession, custody or control, if any, as it pertains to Lead Plaintiff's transactions in SCANA or SCE&G during the Class Period and PLSRA 90-day

6

look-back period.

> 11. *Your monitoring, research, analysis, or evaluation of SCANA and SCE&G, SCANA or SCE&G securities, or your positions in SCANA or SCE&G securities throughout the Period.*

**Response:** Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action due to the Period proposed by Defendants and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Lead Plaintiff further objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Subject to those objections and the general objections above, Lead Plaintiff will provide non-privileged testimony as to reasonably available information in IBEW Local 98 Pension Fund's possession, custody or control, if any, regarding Lead Plaintiff's monitoring, research, analysis, or evaluation of its transactions in SCANA or SCE&G during the Class Period and PLSRA 90-day look-back period.

> 12. *Any information you received or considered in connection with your decisions to purchase, hold, sell, or exchange SCANA or SCE&G securities during the Period, including, without limitation, any reports, analyses, or data that you considered.*

**Response:** Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action due to the Period proposed by Defendants and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Subject to that objection and the general objections above, Lead Plaintiff will provide non-privileged testimony as to reasonably available information in its possession, custody or control, if any, as it pertains to Lead Plaintiff's transactions in SCANA or SCE&G during the Class Period and PLSRA 90-day look-back period.

> 13. Your process for evaluating or deciding whether and when to execute transactions in SCANA or SCE&G securities.

**Response:** Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action due to the Period proposed by Defendants and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Subject to that objection and the general objections above, Lead Plaintiff will provide non-privileged testimony as to reasonably available information in its possession, custody or control, if any, in response to this topic with respect to Lead Plaintiff's transactions in SCANA or SCE&G during the Class Period and PLSRA 90-day look-back period.

> 14. Any short sales or other hedging transactions with respect to SCANA or SCE&G securities during the Period.

**Response:** Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action due to the Period proposed by Defendants and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Subject to that objection and the general objections above, Lead Plaintiff will provide non-privileged testimony as to reasonably available information in its possession, custody or control, if any, in response to this topic with respect to Lead Plaintiff's short sales or other hedging with respect to SCANA or SCE&G during the Class Period and PLSRA 90-day look-back period.

> 15. Your decisions to purchase, hold, sell, or exchange any of the securities of any other electric or natural gas utility company during the Period.

**Response:** Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action and is therefore overbroad, unduly burdensome, not proportional

8

to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Lead Plaintiff further objects that this topic is vague and ambiguous. Lead Plaintiff will not provide testimony in response to this topic prior to a meet and confer to discuss the topic and Lead Plaintiff's objection.

> 16. *Your knowledge of the potential or actual risks involved in electric or natural gas utility companies and, specifically, nuclear power companies.*

**Response:** Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Lead Plaintiff will not provide testimony in response to this topic prior to a meet and confer to discuss the topic and Lead Plaintiff's objection.

> 17. *Your communications and agreements with any broker-dealer, prime broker, custodial bank, or any other security intermediary who provided services to you in connection with the acquisition of SCANA or SCE&G securities during the Period.*

**Response:** Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Subject to that objection and the general objections above, Lead Plaintiff will provide non-privileged testimony as to reasonably available information in its possession, custody or control, if any, in response to this topic with respect to communications and agreements related to Lead Plaintiff's transactions in SCANA or SCE&G during the Class Period and PLSRA 90-day look-back period.

> 18. *Your communications with any director, officer, employee, agent, or representative of SCANA, SCE&G, or Defendants regarding SCANA, SCE&G, or their securities during*

9

> *the Period.*

**Response:** Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action due to the Period proposed by Defendants and because "knowledge of SCANA or SCE&G" extends to matters wholly unrelated to the allegations in the complaint or Lead Plaintiff's transactions in SCANA or SCE&G securities and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Subject to that objection and the general objections above, Plaintiff will provide non-privileged testimony as to reasonably available information in response to this topic with respect to any communications with any director, officer, employee, agent, or representative of SCANA, SCE&G, or Defendants regarding SCANA, SCE&G, or their securities during the Class Period or the PLSRA 90-day look-back period.

> 19. *Your communication with any analyst, investment advisor, or similar professional concerning SCANA, SCE&G, or their securities, including all agreements between you and your investment advisor during the Period.*

**Response:** Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action due to the Period proposed by Defendants and that it seeks information regarding agreements beyond those related to Lead Plaintiff's investments in SCANA, SCE&G, or their securities, and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Subject to that objection and the general objections above, Lead Plaintiff will provide non-privileged testimony as to reasonably available information regarding IBEW Local 98 Pension Fund's communications with any analyst, investment advisor, or similar professional concerning SCANA, SCE&G, or their securities, including all agreements between IBEW Local 98 Pension Fund and LSV Asset Management relevant to Lead Plaintiff's investments in SCANA or SCE&G during the Class Period

10

and PLSRA 90-day look-back period.

> 20. *Your process of and considerations in selecting any investment advisor or similar professional who provided services to you with respect to any purchase, sale, or exchange of SCANA or SCE&G securities during the Period.*

**Response:** Lead Plaintiff objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Subject to that objection and the general objections above, IBEW Local 98 Pension Fund will provide non-privileged testimony as to reasonably available information in response to this topic.

> 21. *Compensation paid by you to your investment advisor who provided services to you with respect to any purchase, sale, or exchange of SCANA or SCE&G securities.*

**Response:** Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action due to the Period proposed by Defendants and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Subject to that objection and the general objections above, IBEW Local 98 Pension Fund will provide non-privileged testimony as to reasonably available information in response to this topic.

> 22. *Your actual or claimed damages in this Class Action.*

**Response:** Lead Plaintiff objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Lead Plaintiff further objects to this topic as premature, given that discovery is ongoing and expert reports on damages are not due until April 29, 2022 (ECF No. 69 ¶ 8). Lead Plaintiff further objects to this topic on the basis that it seeks information that is protected from discovery by Federal Rule of Civil Procedure 26(b)(4), the consulting expert privilege, the

11

testifying expert privilege, or any other applicable privilege. Lead Plaintiff will not provide testimony in response to this topic prior to a meet and confer to discuss the topic and Lead Plaintiff's objection.

23. *Your process and rationale for selecting and retaining your counsel in this Class Action.*

**Response:** Lead Plaintiff objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Subject to the general objections above, IBEW Local 98 Pension Fund will provide non-privileged testimony as to reasonably available information in response to this topic.

24. *Prior representations of you by your counsel in this Class Action.*

**Response:** Lead Plaintiff objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Lead Plaintiff further objects that this topic is vague and ambiguous. Subject to those objections and the general objections above, Lead Plaintiff will provide non-privileged testimony as to reasonably available information in response to this topic with respect to the fact of any action in which Lead Plaintiff has sought to serve as a representative party on behalf of a securities class during the 3-year period preceding January 16, 2020, in accordance with its obligations under 15 U.S.C. § 78u-4(a)(2)(A)(v).

25. *Your decision to seek to become a class representative in this Class Action, including any compensation that you have received or have been promised in return for serving as a class representative.*

**Response:** Lead Plaintiff objects to this topic to the extent that it seeks testimony that is

protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Subject to that objection and the general objections above, IBEW Local 98 Pension Fund will provide non-privileged testimony as to reasonably available information in response to this topic.

> 26. *Your participation or attempted participation as a lead plaintiff or a class representative in any action in the last ten years.*

**Response:** Lead Plaintiff objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Lead Plaintiff further objects that this topic is vague and ambiguous. Subject to those objections and the general objections above, Lead Plaintiff will provide non-privileged testimony as to reasonably available information in response to this topic regarding any action in which Lead Plaintiff has sought to serve as a representative party on behalf of a securities class during the 3-year period preceding January 16, 2020, in accordance with its obligations under 15 U.S.C. § 78u-4(a)(2)(A)(v).

> 27. *The circumstances and facts surrounding your decision to file a consolidated complaint in this litigation, including the selection of each Defendant.*

**Response:** Lead Plaintiff objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Lead Plaintiff further objects to this topic as vague and ambiguous. Subject to those objections and the general objections above, IBEW Local 98 Pension Fund will provide non-privileged testimony as to reasonably available information in response to this topic.

28. *The identity, training, education, experience, and expertise of all of your personnel responsible for making investment decisions or for communicating with your investment advisor during the Period.*

**Response:** Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Subject to that objection and the general objections above, Lead Plaintiff will provide non-privileged testimony as to reasonably available information in response to this topic with respect to any personnel who communicated with LSV Asset Management concerning transactions in SCANA or SCE&G during the Class Period and PLSRA 90-day look-back period.

29. *Your organizational structure.*

**Response:** Subject to the general objections above, Lead Plaintiff will provide non-privileged testimony, reasonably available information in response to this topic.

30. *The allegations in the Indictment.*

**Response:** Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Lead Plaintiff further objects to this topic as vague and ambiguous. Lead Plaintiff further objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Lead Plaintiff will not provide testimony in response to this topic prior to a meet and confer to discuss the topic and Lead Plaintiff's objection.

31. *Your knowledge of the Criminal Action.*

**Response:** Lead Plaintiff objects to this topic because it seeks testimony that is not relevant

to any claim or defense in this action and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Lead Plaintiff further objects to this topic as vague and ambiguous. Lead Plaintiff further objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Lead Plaintiff will not provide testimony in response to this topic prior to a meet and confer to discuss the topic and Lead Plaintiff's objection.

    *32. The claim asserted and allegations in the Labor Complaint.*

**Response:** Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Lead Plaintiff further objects to this topic as vague and ambiguous. Lead Plaintiff further objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Lead Plaintiff will not provide testimony in response to this topic prior to a meet and confer to discuss the topic and Lead Plaintiff's objection.

    *33. Your knowledge of the Labor Action.*

**Response:** Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Lead Plaintiff further objects to this topic as vague and ambiguous. Lead Plaintiff further objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Lead Plaintiff will not provide testimony in response to this topic prior to a meet and

confer to discuss the topic and Lead Plaintiff's objection.

> *34. Your knowledge of any other action, proceeding, litigation, investigation, or inquiry in which any director, officer, manager, business manager, or person holding similar managerial positions with Plaintiff who was a defendant, target, person of interest, or respondent, or charged with or accused of any crime, illegal conduct, or unlawful conduct.*

**Response:** Lead Plaintiff objects to this topic because it seeks testimony that is not relevant to any claim or defense in this action and is therefore overbroad, unduly burdensome, not proportional to the needs of the case, and the burden or expense of the requested discovery likely outweighs its benefit. Lead Plaintiff further objects to this topic because "target, person of interest, or respondent, or charged with or accused of any crime, illegal conduct, or unlawful conduct" is vague, ambiguous, and requiring Lead Plaintiff to make improper subjective or speculative decisions as to whether information is responsive. Lead Plaintiff further objects to this topic to the extent that it seeks testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or immunity. Lead Plaintiff will not provide testimony in response to this topic prior to a meet and confer to discuss the topic and Lead Plaintiff's objection.

Dated: May 28, 2021                         /s/ *Laura H. Posner*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Laura H. Posner
Ji Eun Kim (Jessica)
88 Pine Street, 14th Floor New York, New York 10005
Tel.: (212) 220-2925
Fax: (212) 838-7745
lposner@cohenmilstein.com
jekim@cohenmilstein.com

>Steven J. Toll
>Jan Messerschmidt
>1100 New York Avenue, N.W., Fifth Floor
>Washington, D.C. 20005
>Tel.: (202) 408-4600
>Fax: (202) 408-4699
>stoll@cohenmilstein.com
>jmesserschmidt@cohenmilstein.com
>
>**TINKLER LAW FIRM LLC**
>William Tinkler (D.S.C. Bar Number 11794)
>154 King Street, Third Floor
>Charleston, SC 29401
>Tel.: (843) 853-5203
>Fax: (843) 261-5647
>williamtinkler@tinklerlaw.com
>
>*Attorneys for Lead Plaintiff and the Class*

17