# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 98 PENSION FUND on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELOITTE & TOUCHE, LLP; DELOITTE LLP,<br><br>Defendants. | Case No. 3:19-cv-3304<br><br>**CLASS ACTION** |

**DECLARATION OF LAURA H. POSNER IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING TOPICS 30-34 OF DEFENDANTS' RULE 30(B)(6) DEPOSITION NOTICE AND TO QUASH THE SUBPOENAS OF BRIAN BURROWS AND TODD NEILSON**

I, Laura H. Posner, declare as follows:

1.      I am an attorney duly licensed to practice law before all of the courts of the State of New York and am admitted *pro hac vice* in the above-captioned matter. I am a partner at Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein").

2.      I make this declaration in support of Lead Plaintiff International Brotherhood of Electrical Workers Local 98 Pension Fund's ("Lead Plaintiff" or "IBEW Local 98 Pension Fund") Motion for Protective Order Regarding Topics 30-34 of Defendants' Rule 30(b)(6) Deposition Notice and to Quash the Subpoenas of Brian Burrows and Todd Neilson.

3.      On April 28, 2021, Defendants served Requests for Production of Documents related to the Criminal Action and Labor Action, specifically "41. All documents relating to the Criminal Action"; "42. All documents relating to the Labor Action"; "43. All documents relating to

the subject matters of the allegations in the Indictment or the Labor Complaint" and "45. Documents sufficient to identify any other action, proceeding, litigation, investigation, or inquiry in which any director, officer, manager, business manager, or person holding similar managerial positions with Plaintiff was a defendant, target, person of interest, or respondent, or charged with or accused of any crime, illegal conduct, or unlawful conduct." On May 28, 2021, Lead Plaintiff served Responses and Objections refusing to search for or produce documents in response to those requests due to their lack of relevance, overbreadth, and lack of proportionality to the needs of this case. Defendants did not request a meet-and-confer on these objections and have not moved to compel production of documents responsive to those requests.

4.     On June 4, 2021, the parties met and conferred regarding Lead Plaintiff's objections to the 30(b)(6) Notice and Burrows Subpoena and were unable to reach a resolution. Defendants' position was that the requested discovery was relevant to Lead Plaintiff's adequacy to serve as class representative, specifically, whether Lead Plaintiff has actively monitored and vigorously pursued the case for the benefit of the putative class and whether Mr. Burrows acted truthfully and credibly with respect to any conduct in this case in light of the allegations against him in the Indictment. Defendants did not claim that Local 98 Pension Fund's representations regarding its stock trading are inaccurate or that Local 98 Pension Fund has been in any way derelict in overseeing the litigation or acting on behalf of the putative Class (nor would such an argument be credible in light of Lead Plaintiff's successful total defeat of Defendants' motion to dismiss and vigorous pursuit of discovery and that the documents produced by Local 98 Pension Fund's outside investment adviser confirm its SCANA transaction data is accurate).

5.     Following the Court's Order Regarding Motion to Clarify Case Leadership and the filing of Mr. Neilson's declaration and Local 98 Pension Fund's new PSLRA certification, the Parties again met-and-conferred on July 19, 2021. Although it is even more clear now that the

objected-to 30(b)(6) topics and Brian Burrows have no relevance to the Lead Plaintiff's adequacy or any issues in dispute in this litigation, Defendants maintained that they will continue to seek the objected-to 30(b)(6) topics and the Burrows deposition. Recognizing the same topics can be covered by the 30(b)(6) deponent, Defendants now proposed that Mr. Burrows' deposition should follow the 30(b)(6) deposition if necessary. Additionally, Lead Plaintiff advised Defendants that Todd Neilson will be serving as the 30(b)(6) designee.

6.     During the meet-and-confer process, Defendants agreed to narrow 30(b)(6) deposition topic 34 to: any director, officer, manager, business manager, or person holding similar managerial positions with Plaintiff was named as a defendant or received a subpoena related to alleged illegal conduct.

7.     On August 5, 2021, Defendants served a subpoena of Mr. Neilson in his personal capacity (in addition to deposing him as Lead Plaintiff's 30(b)(6) designee). Defendants subsequently explained that they would anticipate covering the following topics during Mr. Neilsen's personal deposition: 1) his background and educational history; 2) his role at the fund; 3) his role at the union; 4) the management of each; 5) Neilson's role in the litigation and the roles of others at the fund and the union; 6) Neilson's knowledge of the fund's investments in SCANA/SCE&G and the allegations in the complaint; 7) Neilson's declaration and the matters addressed therein; 8) Neilson's knowledge of the criminal case and the allegations therein; and 9) Neilson's knowledge of the labor action and the allegations therein.

Executed on this 10th day of August, 2021, in New York, New York.

/s/ *Laura Posner*
Laura H. Posner