IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| International Brotherhood of Electrical Workers Local 98 Pension Fund, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Deloitte & Touche LLP, Deloitte LLP,<br><br>Defendants. | C/A No. 3:19-3304-MBS<br><br><br><br><br><br><br>**ORDER AND OPINION** |

This is a putative class action brought by Plaintiff International Brotherhood of Electrical Workers Local 98 (the "Union") Pension Fund (the "Fund") pursuant to Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated under the Act. The Fund alleges it sustained damages when publicly traded securities of SCANA Corporation ("SCANA") lost value after SCANA abandoned a nuclear energy expansion project at the Virgil C. Summer Nuclear Station in Fairfield County, South Carolina. The Fund alleges that Defendants Deloitte & Touche, LLP and Deloitte LLP issued unqualified audit reports on SCANA's financial statements for calendar years 2014, 2015, 2016, and 2017, and in doing so knowingly or recklessly failed to furnish investors with information regarding the true financial status of the project.

This matter is before the court on the Fund's motion for protective order regarding Topics 30-34 of Defendants' Rule 30(b)(6) deposition notice and motion to quash subpoenas of Brian Burrows and Todd Neilson, which motion was filed on August 10, 2021. Defendants filed a response in opposition on August 24, 2021, to which the Fund filed a reply on August 31, 2021. The court held a videoconference on December 20, 2021.

The Fund seats eight trustees, four representing the Union and four representing management as members of the National Electrical Contractors Association. Brian Burrows is a trustee and co-chairman of the Fund and president of the Union. Todd Neilson is a trustee of the Fund and former treasurer of the Union. Burrows executed an Updated Certification Pursuant to Federal Securities Laws on May 19, 2020 that was attached to a consolidated complaint filed May 19, 2020. ECF No. 44. Burrows averred that he was authorized to make legal decisions on behalf of the Union with regard to the within action. ECF No. 44-1. At a status conference held June 10, 2021, the court was informed that Burrows currently is under indictment for conspiracy to embezzle (the "Indictment") in the Eastern District of Pennsylvania. See United States v. Dougherty, Cr. No. 2:19-0064-JLS. It further appear that a complaint was filed by the Secretary of Labor (the "DOL complaint") alleging that the Union, through its officers, had a pattern of interfering with the efforts of rank-and-file members to run for local union office since at least 2014. See Scalia v. Local 98, Int'l Brotherhood of Elec. Workers, C/A No. 2:21-0096-GAM. Upon inquiry from the court regarding the propriety of Burrows making decisions on behalf of the putative class, the Fund substituted Neilson as representative of the Fund as of June 29, 2021. Neilson will serve as designee for the Fund in accordance with Fed. R. Civ. P. 30(b)(6).

Topics 30-34 of Defendants' Rule 30(b)(6) deposition notice seek information from the Fund's designee regarding:

30. The allegations in the Indictment.

31. Your knowledge of the Criminal Action

32. The claims asserted and allegations in the Labor Complaint.

33. Your knowledge of the Labor Action.

34. Your knowledge of any other action, proceeding, litigation, investigation, or inquiry in which any director, officer, manager, business manager, or person holding similar managerial positions with Plaintiff who was a defendant, target, person of interest, or respondent, or charged with or accused of any crime, illegal conduct, or unlawful conduct.

ECF No. 94-1, 10.

The Fund argues that Topics 30-34 of the 30(b)(6) deposition notice seek discovery into irrelevant legal matters involving the Union rather than the Fund. The Fund asserts that Defendants' purpose in obtaining information regarding the Indictment and DOL complaint is to harass or embarrass witnesses and to create a sideshow that distracts from the evidence in support of class certification. In opposition, Defendants question whether the Fund actively monitored and vigorously pursued the case for the benefit of the putative class and whether Burrows acted truthfully and credibly with respect to any conduct in this case in light of the allegations against him in the Indictment.

The court agrees with the Fund that inquiry into the Indictment and DOL complaint is not relevant, unduly burdensome, and not proportional to the needs of the underlying action. The Indictment and DOL complaint contain mere allegations. There has been no finding adverse to Burrows and no implication that Neilson was an actor in any unlawful activity. The Fund's motion for protective order is granted as to Topics 30-34 of the Rule 30(b)(6) deposition. Defendants can obtain information regarding declarations and prior statements made on behalf of the Fund by Burrows and Neilson during the Rule 30(b)(6) deposition, but they are directed to refrain from querying the Fund's designee regarding the Indictment or DOL complaint.

Defendants also wish to explore the "decades-long, intertwined work history" between Burrows and Neilson, as well as Tara Chupka, in-house counsel for both the Fund and the Union,

and possibly others, in order to determine whether Neilson is operating independently of the Union and in the best interests of the Fund and the putative class. The court finds that Burrows and Neilson may be deposed as to these matters. The court again cautions against Defendants' querying either Burrows or Neilson regarding the Indictment or DOL complaint. The Fund's motion to quash the subpoenas of these fact witnesses is denied, as limited herein.

The Fund's motion for protective order regarding Topics 30-34 of Defendants' Rule 30(b)(6) deposition notice and to quash the subpoenas of Brian Burrows and Todd Neilson (ECF No. 94) is **granted in part and denied in part**. The parties shall notify the court regarding the scheduling of the Fund's motion for class certification, appointment of class representative, and appointment of class counsel.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January 3, 2022