**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 98 PENSION FUND on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELOITTE & TOUCHE, LLP; DELOITTE LLP,<br><br>Defendants. | Case No. 3:19-cv-3304<br><br>**CLASS ACTION** |

**LEAD PLAINTIFF'S MOTION TO CLARIFY THE COURT'S JANUARY 3, 2022 ORDER AND OPINION REGARDING LEAD PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH CERTAIN DEPOSITIONS**

Lead Plaintiff International Brotherhood of Electrical Workers Local 98 Pension Fund ("Lead Plaintiff" or "IBEW 98 Pension Fund") respectfully submits this Motion to Clarify the Court's January 3, 2022 Order and Opinion Regarding Lead Plaintiff's Motion for a Protective Order and to Quash Certain Depositions (ECF No. 105, or the "Order"). A proposed order is attached hereto as Exhibit A.

## I. INTRODUCTION

Lead Plaintiff respectfully requests the Court's clarification of its Order regarding permissible supplemental class certification discovery. Rather than the two "limited" depositions of Messrs. Brian Burrows and Todd Neilson on the singular topic of the "'decades-long, intertwined work history' between Mr. Burrows and Mr. Neilson, as well as Tara Chupka, in-house counsel for both the Fund and the Union, and possibly others, in order to determine whether Neilson is operating independently of the Union and in the best interests of the Fund and the putative class" (ECF No. 105 at 3-4) that the Court permitted in its Order, Defendants now claim they are entitled to ***four*** separate depositions on topics well beyond the scope of the Court's order, including on topics that were not the subject of Lead Plaintiff's Motion for Protective Order (ECF No. 94, or the "Protective Order Motion") and topics which were already covered in substantial detail during the Rule 30(b)(6) deposition of IBEW 98 Pension Fund. Because Defendants seek additional discovery that is unauthorized by the Order, is duplicative of testimony already obtained, and will not yield relevant information, Lead Plaintiff respectfully requests that the Court clarify the scope of the Order and find that Defendant's request for these additional depositions and topics is improper.

## II. PROCEDURAL HISTORY

Prior to the deadline for Defendants to file their opposition to class certification, Defendants served, in relevant part, a Rule 30(b)(6) deposition notice to Lead Plaintiff (the "First 30(b)(6) Notice," ECF No. 94-1) and personal deposition subpoenas to Messrs. Burrows and Neilson. Among other things, that First 30(b)(6) Notice contained the following three topics:

Topic 3: "Your knowledge of the Class Action."

Topic 4: "Your role and participation in the Class Action."

Topic 24: "Prior representations of you or by your counsel in this Action."

Lead Plaintiff did not object to any of these topics.

At no point prior to the deadline did Defendants serve a deposition subpoena on Ms. Chupka, an in-house attorney. Nor did the First 30(b)(6) Notice seek any information regarding Ms. Chupka. Defendants also did not seek from Lead Plaintiff or the Court an extension of their request to seek discovery relevant to class certification.

After multiple meet and confers, Lead Plaintiff filed a Motion for a Protective Order on August 10, 2021, regarding only Topics 30-34 of the First 30(b)(6) Notice and the personal subpoenas of Messrs. Burrows and Neilson.[1] ECF No. 94. Topics 3, 4, and 24 of the First 30(b)(6) Notice were ***not*** the subject of the Protective Order Motion since IBEW 98 Pension Fund did not object to providing testimony on those topics. Ms. Chupka was also ***not*** the subject of the Protective Order Motion because Defendants had never sought any testimony of or information about Ms. Chupka either via a subpoena or in the First 30(b)(6) Notice.

[1] Topics 30-34 of the First 30(b)(6) Notice comprised "The allegations in the Indictment"; "Your knowledge of the Criminal Action"; "The claims asserted and allegations in the Labor Complaint"; and "Your knowledge of the Labor Action." *See* Order at 2.

On September 10, 2021, the first 30(b)(6) deposition took place, with Mr. Neilson serving as the deponent on behalf of IBEW 98 Pension Fund. During the course of that 4.5 hour deposition, among other things, Mr. Neilson testified in depth regarding First 30(b)(6) Notice Topics 3, 4, and 24. *See, e.g.*, ECF No. 99-2, Neilson Tr. at 37:17-22 (testifying that Mr. Burrows reviewed the complaint prior to filing); 38:13-15 (testifying that Mr. Burrows reviewed the complaint prior to filing); 47:8-22 (testifying about the Fund's, including Mr. Burrow's, review of the complaint); 67:25-77:16 (testifying regarding Mr. Neilson's declaration); 79:25-82:18 (testifying regarding Mr. Neilson's declaration); 84:13-87:24 (testifying regarding Mr. Neilson's declaration); 100:6-102:22 (testifying regarding the initial IBEW 98 Pension Fund declaration signed by Mr. Burrows); 108:2-18 (testifying regarding the initial IBEW 98 Pension Fund declaration signed by Mr. Burrows); 144:25-145:4 (testifying that Mr. Burrows reviewed the complaints filed in this case); 146:17-22 (testifying that Mr. Burrows regularly had conversations with counsel regarding the case prior to Mr. Neilson taking over).

On January 3, 2022, the Court issued its Order on the Protective Order Motion, granting in substantial part Lead Plaintiff's Motion. In the Order, the Court was clear that Defendants may pursue additional discovery on only one limited topic and only through individual depositions of Messrs. Burrows and Neilson:

> Defendants also wish to explore the "decades-long, intertwined work history" between Burrows and Neilson, as well as Tara Chupka, in-house counsel for both the Fund and the Union, and possibly others, in order to determine whether Neilson is operating independently of the Union and in the best interests of the Fund and the putative class. **The court finds that Burrows and Neilson may be deposed as to these matters.** The court again cautions against Defendants' querying either Burrows or Neilson regarding the Indictment or DOL complaint. The Fund's motion to quash the subpoenas of these fact witnesses is denied, as limited herein.

ECF No. 105 at 3-4 (emphasis added).

Despite the Court's Order and the fact that the testimony of Ms. Chupka and Topics 3, 4, and 24 were not even raised by either party in connection with the Protective Order Motion, on January 12, 2022, Defendants served not only renewed deposition subpoenas on Messrs. Burrows and Neilson, but also a second Rule 30(b)(6) Notice on IBEW 98 Pension Fund and a deposition subpoena on Ms. Chupka.[2] *See* Ex. B (Second Rule 30(b)(6) Notice); Ex. C (Chupka Deposition Notice).

The Second 30(b)(6) Notice seeks information regarding two topics. Topic 35 seeks "Information regarding declarations and prior statements made on behalf of the Fund by Brian Burrows and Todd Neilson." Topic 36 seeks "Information regarding the decades-long, intertwined work history between Brian Burrows and Todd Neilson, as well as Tara Chupka." Topic 35 is entirely encompassed by Topics 3, 4, and 24 of the First 30(b)(6) Notice which, as set forth above, Mr. Neilson already testified to at length at IBEW 98 Pension Fund's 30(b)(6) deposition. IBEW 98 Pension Fund has no relevant information responsive to Topic 36.

Lead Plaintiff advised Defendants that a second Rule 30(b)(6) deposition and Ms. Chupka deposition were not authorized by the Court's Order. *See* Ex. D (January 13, 2022 Letter); Ex. E (January 18, 2022 Letter). However, after first indicating their flexibility on timing, and multiple letters pursuant to Local Rule 7.02, Defendants would not agree to withdraw the requests and demanded that the depositions immediately proceed, notwithstanding this dispute.

[2] Defendants noticed the depositions without conferring with Lead Plaintiff as to potential dates or regarding availability. Given Defendants' refusal to comply with the Court Order and the inefficiency of deposing Mr. Neilson on different dates as both an individual witness and then as a 30(b)(6) witness in the unlikely event the Court orders him to do so, Lead Plaintiff informed Defendants that it will provide dates for Messrs. Burrows and Neilson's depositions once the Court has resolved this motion.

## III. ARGUMENT

The Order limits additional class certification related discovery to individual depositions of Mr. Neilson and Mr. Burrows on one "limited" topic. It does not permit a second Rule 30(b)(6) deposition of IBEW 98 Pension Fund or the individual deposition of Ms. Tara Chupka.

***First***, the second Rule 30(b)(6) Deposition Notice is improper and unnecessary because the Order does not authorize a second Rule 30(b)(6) deposition. The plain language of the Court order states: "The court finds that Burrows and Neilson may be deposed as to these matters." ECF No. 105 at 4.

Further, the two topics that the Second 30(b)(6) Notice purports to cover are either duplicative of topics covered in the original deposition notice that Lead Plaintiff did *not* object to and which were testified to at length in the Rule 30(b)(6) deposition, or are not proper for a Rule 30(b)(6) deposition.

Topic 35 in the Second 30(b)(6) Notice is completely encompassed by Topics 3, 4, and 24 in the First 30(b)(6) Notice.[3] Lead Plaintiff did not object to producing a witness to answer questions regarding Topics 3, 4, or 24 in response to the First 30(b)(6) Notice, nor were those topics the subject of the Protective Order Motion. In fact, Defendants asked, and Mr. Neilson answered, multiple questions pertaining to these topics at the Rule 30(b)(6) deposition.[4] Nothing

---

[3] *Compare* Ex. B, Topic 35 ("Information regarding declarations and prior statements made on behalf of the Fund by Brian Burrows and Todd Neilson") *with* ECF No. 94-1, Topic 3 ("Your knowledge of the Class Action"); *id.* Topic 4 ("Your role and participation in the Class Action"); and *id.* Topic 24 ("Prior representations of you or by your counsel in this Action").

[4] *See* ECF No. 99-2, Neilson Tr. at 37:17-22 (testifying that Mr. Burrows reviewed the complaint prior to filing); 38:13-15 (testifying that Mr. Burrows reviewed the complaint prior to filing); 47:8-22 (testifying about the Fund's, including Mr. Burrow's, review of the complaint); 67:25-77:16 (testifying regarding Mr. Neilson's declaration); 79:25-82:18 (testifying regarding Mr. Neilson's declaration); 84:13-87:24 (testifying regarding Mr. Neilson's declaration); 100:6-102:22 (testifying regarding the initial IBEW 98 Pension Fund declaration signed by Mr.

in the Court's Order permits Defendants to take yet another Rule 30(b)(6) deposition of the exact same witness on the exact same topics. Further, because no additional new testimony could be elicited, Defendants' attempt to go beyond the scope of the Court's Order is nothing more than yet another attempt to harass witnesses.

Topic 36 in the Second 30(b)(6) Notice is also improper. The Court permitted Defendants to conduct discovery on the singular question of the purported "'decades-long, intertwined work history' between Mr. Burrows and Mr. Neilson, as well as Tara Chupka, in-house counsel for both the Fund and the Union, and possibly others, in order to determine whether Neilson is operating independently of the Union and in the best interests of the Fund and the putative class." ECF No. 105 at 3-4. That topic, by definition, seeks personal information about individuals. IBEW 98 Pension Fund has no knowledge or information on that topic beyond the personal knowledge of Mr. Burrows and Mr. Neilson, if any. This request thus appears to be an attempt to improperly, in direct contravention of the Court's Order, obtain a third deposition of Mr. Neilson with no evidentiary value.

***Second,*** the deposition notice of Ms. Chupka is improper because the Court's Order also did not authorize a deposition of Ms. Chupka and her deposition was not properly noticed in advance of the deadline for Defendants to file their opposition to the motion for class certification. As set forth above, the Court only authorized the depositions of Messrs. Burrows and Neilson in their personal capacity on one limited topic. ECF No. 105 at 3-4. Indeed, Defendants did not serve a notice of deposition on Ms. Chupka prior to the deadline for the filing of Defendants' opposition

---

Burrows); 108:2-18 (testifying regarding the initial IBEW 98 Pension Fund declaration signed by Mr. Burrows); 144:25-145:4 (testifying that Mr. Burrows reviewed the complaints filed in this case); 146:17-22 (testifying that Mr. Burrows regularly had conversations with counsel regarding the case prior to Mr. Neilson taking over).

to the motion for class certification. Accordingly, her testimony was not – and could not have been – the subject of the Protective Order Motion and no relief was requested by either party with respect to Ms. Chupka, making plain that the Court did not authorize a deposition of Ms. Chupka in its Order. Moreover, the fact that Defendants did not subpoena Ms. Chupka or even seek Rule 30(b)(6) testimony regarding Ms. Chupka at any point prior to the deadline for the filing of their opposition to class certification makes clear that even Defendants do not believe her testimony is relevant. Further, because Defendants failed to serve such notices prior to the deadline for the filing of their opposition to class certification, Defendants have also waived their right to such discovery, even were it relevant – which it is not. *See Nationwide Mut. Fire Ins. Co. v. Super. Sols., LLC*, No. 16-cv-423, 2017 WL 1632557, at *1–2 (D.S.C. May 2, 2017) (holding that failure to obtain any "legitimate extension confirmed in writing" waives right to pursue discovery).

## IV. CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court grant its Motion to Clarify the Court's January 3, 2022 Order and Opinion Regarding Lead Plaintiff's Motion for a Protective Order and to Quash Certain Depositions, and clarify that its Order permits only individual depositions of Mr. Burrows and Mr. Neilson, and does not permit a second Rule 30(b)(6) deposition or an individual personal deposition of Ms. Chupka.

DATE: January 18, 2022

Respectfully submitted,

*/s/ William Tinkler*

William Tinkler (D.S.C. Bar Number 11794)
TINKLER LAW FIRM LLC
154 King Street, Third Floor
Charleston, SC 29401
Tel.: (843) 853-5203
Fax: (843) 261-5647

williamtinkler@tinklerlaw.com

COHEN MILSTEIN SELLERS & TOLL PLLC
Laura H. Posner
Ji Eun Kim (Jessica)
88 Pine Street,14th Floor
New York, New York 10005
Tel.: (212) 220-2925
Fax: (212) 838-7745
lposner@cohenmilstein.com
jekim@cohenmilstein.com

Steven J. Toll
Jan Messerschmidt
Molly J. Bowen
1100 New York Avenue, N.W., Fifth Floor
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
jmesserschmidt@cohenmilstein.com
mbowen@cohenmilstein.com

*Lead Counsel for Lead Plaintiff and the Proposed Class*

GORDON BALL PLLC
Gordon Ball (TN BPR #001135)
7001 Old Kent Drive
Knoxville, TN 37919
Tel: (865) 525-7028
Fax: (865) 525-4679
gball@gordonball.com

EDWARD D. SULLIVAN LAW OFFICE
Edward David Sullivan
PO Box 11714
Columbia, SC 29211
Telephone: (803) 451-2775
Facsimile: (803) 451-2770
Email: esullivan@esullivanlaw.com
DARYL G. HAWKINS LAW OFFICE
Daryl G. Hawkins
1331 Elmwood Avenue, Suite 305
Columbia, SC 29201

Telephone: (803) 733-3531
Facsimile: (803) 799-9202
Email: dgh@dghlaw.net

*Additional Counsel for the Proposed Class*

**CERTIFICATE OF SERVICE**

I certify that on January 18, 2022, I electronically filed Lead Plaintiff's Motion to Clarify the Court's January 3, 2022 Order and Opinion Regarding Lead Plaintiff's Motion for a Protective Order and to Quash Certain Depositions using the Court's CM/ECF system. A copy of this filing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ William Tinkler*
William Tinkler