IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| International Brotherhood of Electrical Workers Local 98 Pension Fund, on behalf of itself and all others similarly situated, | ) ) ) ) ) | C/A No. 3:19-3304-MBS |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER AND OPINION** |
| Deloitte & Touche LLP, Deloitte LLP, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

This is a putative class action brought by Plaintiff International Brotherhood of Electrical Workers Local 98 (the "Union") Pension Fund (the "Fund") pursuant to Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated under the Act. The Fund alleges that Defendants Deloitte & Touche, LLP and Deloitte LLP issued unqualified audit reports on certain financial statements for calendar years 2014, 2015, 2016, and 2017, and in so doing knowingly or recklessly failed to furnish investors with information regarding the true financial status of a nuclear energy expansion project at the Virgil C. Summer Nuclear Station in Fairfield County, South Carolina.

On August 10, 2021, the Fund filed a motion (1) for a protective order regarding Defendants' Fed. R. Civ. P. 30(b)(6) deposition notice, and (2) to quash subpoenas of Brian Burrows and Todd Neilson, both Trustees of the Fund and members of the Union. At issue were Topics 30-34 of the Rule 30(b)(6) deposition notice, which referenced an indictment pending against Burrows and others for conduct that allegedly occurred in their employment with the Union, as well as a Department of Labor complaint alleging mismanagement of elections for the Union. The Fund argued that these

Topics had no relevance to any claim or defense in this action. The Fund further contended that the subpoenas of non-parties Burrows and Neilson sought discovery into the same topics objected to in the Rule 30(b)(6) notice, as well as other information that could be obtained through the Fund's Rule 30(b)(6) designee. Defendants asserted in the hearing that, at bottom, they desired to explore the work relationships between and among Burrows, Neilson, and Tara Chupka, an attorney who represents both the Fund and the Union, for the purpose of ascertaining the Fund's fitness to represent the class. The Rule 30(b)(6) deposition went forward on September 10, 2021 regarding the unobjected-to Topics.

By order filed January 3, 2022, the court granted in part and denied in part the Fund's motion. The court granted the Fund's motion for a protective order, stating that Defendants could query the Fund's Rule 36(b)(6) designee about statements made on behalf of the Fund by Burrows and Neilson, but were prohibited from propounding questions regarding the indictment and Department of Labor complaint. The court denied the Fund's motion to quash, but restricted Defendants from inquiring into the indictment and Department of Labor complaint.

This matter now is before the court on the Fund's motion to clarify the court's January 3, 2022 order, which motion was filed on January 18, 2022. Defendants filed a response in opposition on January 18, 2022, to which the Fund filed a reply on February 2, 2022. The Fund contends that Defendants seek additional discovery that was not authorized by the court's January 3, 2022 order. The Fund contends that the court authorized discovery on only one topic, the working relationships between and among Burrows, Neilson, and Chupka, and only through individual depositions of Burrows and Neilson. According to the Fund, Defendants improperly have noticed a second Rule 30(b)(6) deposition as well as a deposition of Chupka.

A.       Second Rule 30(b)(6) Deposition

The second Rule 30(b)(6) notice sets forth two Topics of inquiry:

35.       Information regarding declarations and prior statements made on behalf of the Fund by Brian Burrows and Todd Neilson.

36.       Information regarding the decades-long, intertwined work history between Brian Burrows and Todd Neilson, as well as Tara Chupka.

ECF No. 106-2, 6.

The Fund contends that Topic 35 was encompassed in Topics 3, 4, and 24 of the first Rule 30(b)(6) notice, which were testified to at length by Neilson on September 10, 2021. The Fund further states that the Fund has no relevant information responsive to Topic 36, other than personal knowledge of Burrows and Neilson.

In response, Defendants inform the court that the Fund has not yet produced Burrows and Neilson for their depositions, but that, unless they gain additional relevant information during the individual depositions, there would be few, if any detailed questions remaining for the Rule 30(b)(6) designee regarding Topic 35. Regarding Topic 36, Defendants argue that the Fund is responsible for designating any individual associated with the Fund who would have knowledge or information beyond the personal knowledge of Burrows and Neilson.

The court did not prohibit Defendants from seeking a second Rule 30(b)(6) deposition. It appears, however, that the Fund can provide no relevant information. The court directs the Fund to produce an affidavit to that effect and file it with the court forthwith.

B.       Chupka Deposition

The Fund asserts that the court did not authorize Defendants to take Chupka's deposition, and that the deposition was not properly noticed in advance of the deadline for Defendants to file

their opposition to the Fund's motion for class certification. The Fund claims that Defendants waived their right to obtain discovery from Chupka, even if it were relevant, which the Fund contends it is not.

Defendants respond that Fed. R. Civ. P. 30(a)(1) allows a party to depose any person without leave of court. Defendants further note that the court has an on-going obligation to ensure the requirements for class certification are being met. Defendants argue that Chupka's testimony is particularly relevant to the issue of the Fund's independence from the Union, and state that Neilson referenced Chupka numerous times during the Rule 30(b)(6) deposition held on September 10, 2021.

The court agrees that Defendants may depose Chupka without leave of court. It goes without saying that Chupka is protected from responding to questions that implicate the attorney-client or work product privileges. Defendants again are cautioned against attempting to explore facts surrounding the indictment and Department of Labor complaint.

Plaintiff's motion to clarify (ECF No. 106) is **granted** as set forth herein.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 8, 2022