**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 98 PENSION FUND, on behalf of itself and all others similarly situated,<br><br>                      Plaintiff,<br>vs.<br><br>DELOITTE & TOUCHE LLP and DELOITTE LLP,<br><br>                      Defendants. | Case No. 3:19-cv-3304 |

**NOTICE OF SUPPLEMENTAL INFORMATION AND AUTHORITY**
**REGARDING MARCH 16, 2023, MOTIONS HEARING**

Lead Plaintiff International Brotherhood of Electrical Workers Local 98 Pension Fund ("Plaintiff" or the "Pension Fund") files this Notice of Supplemental Information and Authority to notify the Court about new information and legal authority relevant to Defendants' second motion to dismiss the Complaint recently scheduled for hearing on March 16, 2023.

### A. The Board's Ratification and Authorization of the Pension Fund's Continued Participation as Lead Plaintiff

Deloitte's entire premise for its second motion to dismiss is that the Board of Trustees for the Pension Fund did not "authorize" the Pension Fund to "participate in this action" by voting on a formal resolution at a Board meeting. ECF No. 132 at 1-2. Plaintiff disputes that claim, both factually and legally, as it explains in its opposition. ECF No. 141. But in an abundance of caution, and to avoid any implication otherwise, the Board of Trustees formally voted and approved the following resolution at a recent Board of Trustees meeting:

> Being fully apprised of the facts by Fund co-counsel, the Trustees authorize the Fund's continued participation as lead plaintiff in the matter of *International Brotherhood of Electrical Workers Local 98 Pension Fund v. Deloitte & Touche LLP et. al.*, 19-cv-03304-MBS (D.S.C.). Class counsel shall report all developments as they occur and any decisions normally reserved to the client in

> litigation shall be presented to the Board of Trustees, or a properly-constituted subcommittee thereof, for decision.

*See* Ex. 1 to the Declaration of Laura H. Posner, attached hereto as Exhibit A, at ¶ 2. This resolution is documented in the minutes of the Board's meeting, which were "presented, reviewed, and approved at the meeting of the Board of Trustees held on February 24, 2023." *Id.* This resolution thus resolves any question about the Pension Fund's authorization to participate as Lead Plaintiff and Class Representative in this action.

### B. Judge Norton Clarifies the Distinction Between Organizational and Representational Standing

While the Pension Fund's recent formal ratification of its participation in this litigation alone should result in denial of Defendants' second motion to dismiss, a recent District of South Carolina case, *Moss Grove II Prop. Owners' Ass'n, Inc. v. Lennar Carolinas, LLC,* No. 2:22-cv-04287, 2023 WL 1997261, at *6 (D.S.C. Feb. 14, 2023) (Norton, J.), attached hereto as Exhibit B, which "examined federal standing based on whether conditions of a litigation provision in a self-governing contract were satisfied," also supports denial of Defendants' second motion to dismiss. In *Moss Grove II,* a homeowner's association sued a real estate developer for failing to maintain certain common areas and structures. *Id.* at *1. The developer moved to dismiss, claiming that the homeowner's association "lack[ed] authority and d[id] not have standing to pursue litigation," because it had "not satisfied or strictly complied" with the association's bylaws requiring approval of litigation by 75% of association members. *Moss Grove II*, No. 2:22-cv-04287, ECF No. 4-1, at 3-4.

In denying that motion, Judge Norton cited *Sunset Homeowners Association, Inc. v. DiFrancesco,* which held "that the issue of whether an association complied with its internal procedures only speaks to the existence of 'representational standing,' and not 'organizational standing.'" *Moss Grove II*, 2023 WL 1997261, at *6 (citing *Sunset Homeowners Association, Inc.*

*v. DiFrancesco*, No. 1:19-cv-00016, 2019 WL 1597497, at *5 (W.D.N.Y. Apr. 15, 2019)). As Judge Norton explained, in *Sunset Homeowners,* "[t]he court agreed to assume that a homeowner's association violated its bylaws by failing to obtain the approval of its Board of Directors prior to initiating the lawsuit." *Id.* (citing *Sunset Homeowners,* 2019 WL 1597497, at *5). "Even so," Judge Norton notes, the *Sunset Homeowners* court "found that 'any such procedural irregularity does not strip the Association of its standing to sue'" because the homeowners association was not "bringing suit under a theory of associational or representational standing." *Id.* (citing *Sunset Homeowners,* 2019 WL 1597497, at *5). Instead, the homeowner's association had "standing in its own right to commence this action pursuant to a theory of 'organizational' standing, as opposed to 'associational' or 'representative' standing." *Id.* (citing *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 458 (4th Cir. 2005) (explaining that a plaintiff has organizational standing when it sues "on its own behalf [and] seeks redress for an injury suffered by the organization itself"). Here, like the homeowner's associations in *Sunset Homeowners* and *Moss Grove II,* the Pension Fund is not bringing suit under a theory of representational standing, but as a distinct legal entity that has standing in its own right.

Accordingly, even if there was a legitimate question about the Pension Fund's authorization to participate in this action—which there can no longer be—*Moss Grove II* shows why the Pension Fund's compliance with its own internal procedures (which were followed regardless) has no bearing on its Article III standing—and, thus, this Court's jurisdiction.

Date: March 10, 2023

Respectfully submitted,

*/s/ William Tinkler*

TINKLER LAW FIRM LLC
William Tinkler (D.S.C. Bar Number 11794)
P.O. Box 31813
Charleston, SC 29417
Tel.: (843) 853-5203
Fax: (843) 261-5647
williamtinkler@tinklerlaw.com

*Liaison Counsel for the Proposed Class*

COHEN MILSTEIN SELLERS & TOLL PLLC
Laura H. Posner
Ji Eun Kim (Jessica)
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 220-2925
Fax: (212) 838-7745
lposner@cohenmilstein.com
jekim@cohenmilstein.com

Steven J. Toll
Jan E. Messerschmidt
Molly J. Bowen
1100 New York Ave. NW, Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
jmesserschmidt@cohenmilstein.com
mbowen@cohenmilstein.com

*Lead Counsel for Lead Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on March 10, 2023, I electronically filed this Notice of Supplemental Information and Authority using the Court's CM/ECF system. A copy of this filing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ William Tinkler*
William Tinkler