UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 98 PENSION FUND on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>DELOITTE & TOUCHE, LLP;<br>DELOITTE LLP,<br><br>        Defendants. | Case No. 3:19-cv-3304<br><br>**FIFTH AMENDED CONSENT SCHEDULING ORDER** |

      Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District, as well as the joint request of Lead Plaintiff International Brotherhood of Electrical Workers Local 98 Pension Fund ("Lead Plaintiff") and Defendants Deloitte & Touche, LLP, and Deloitte LLP (collectively, "Defendants," and together with Lead Plaintiff, the "Parties"), the Court hereby establishes the following fifth amended scheduling order for this case. This Scheduling Order is entered to administer the trial of this case in a manner consistent with the Federal Rules of Civil Procedure's goal of securing "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

1. <u>Fact Discovery</u>: Fact discovery shall be completed no later than **September 13, 2024**. The Parties shall comply with Local Civil Rule 30.04(H), except that the seven-day period therein shall be shortened to five days. **No further motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 (D.S.C.), and have had a telephone conference with Judge Austin in an attempt to resolve the matter informally. The request for a telephone conference should be made within the time limit prescribed by local rule for filing such a motion. Attorneys should send a request for a telephone conference via e-mail to austin_ecf@scd.uscourts.gov. The parties shall set forth their respective positions in their request.**

2. <u>Expert Disclosures</u>:

    a. Lead Plaintiff shall file and serve a document identifying by full name, address, and telephone number each person whom Lead Plaintiff expects to call as an expert at trial, and the topics on which that expert is expected to testify, by **August 30, 2024**.

1

    b. Defendants shall file and serve a document identifying by full name, address, and telephone number each person whom Defendants expect to call as an expert at trial, and the topics on which that expert is expected to testify, by **September 13, 2024.**

3. <u>Expert Discovery</u>

    a. Any Party filing an affirmative expert report shall file and serve a document certifying that a written report prepared and signed by any expert, including all information required by Federal Rule Civil Procedure 26(a)(2)(B) unless otherwise agreed to by the parties, has been served on the other party by **September 27, 2024.**

    b. Rebuttal expert reports shall be served on the other parties by no later than **November 15, 2024.**

    c. Expert discovery, including expert depositions, shall be completed by no later than **December 10, 2024.** Each expert shall be deposed only once even if that expert submits both an affirmative and rebuttal report.

4. <u>Mediation</u>: Mediation, pursuant to Local Civil Rules 16.04–16.12, shall be completed in this case no later than **December 17, 2024**.[1] *See* <u>Mediation Requirements for Judge Austin</u>, "Austin Mediation Requirements" under Judge Austin: Form Orders and Instructions on the District of South Carolina website. **At least thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel. The parties are directed to complete the Mediation Initiation Form and return it to the Court no later than thirty (30) days prior to the mediation deadline.

5. <u>Records Custodians</u>: The Parties shall serve affidavits of records custodians that a party intends to offer for authentication in lieu of live testimony consistent with the timing in Local Civil Rule 16.02(D)(3).

---

[1] Attorneys primarily responsible for handling the trial, parties, and/or insurer representatives with full settlement authority are ordered to be present in person and will only be excused for good cause shown. "Full settlement authority" for the defendant means an individual who can decide to offer the plaintiff a sum up to the existing demand of the plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or a representative of the plaintiff who can make a binding decision on behalf of the plaintiff or plaintiffs. At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to negotiate on this case in a mutual, good faith effort to reach a fair and reasonable settlement.

6. <u>Rule 56 Conference</u>:  A Rule 56 Conference shall be held no later than **January 10, 2025**.[2]

7. <u>Summary Judgment Briefing</u>: Any party that seeks summary judgment shall file its motion and supporting papers on **January 31, 2025**.[3] Opposition papers shall be filed by **February 28, 2025.**  Reply papers shall be filed by **March 28, 2025.**

8. This case is subject to being called for jury selection and/or trial the later of 60 days after dispositive motions have been resolved or on or after **April 15, 2025**.  Once a specific jury selection and trial date are scheduled, a NOTICE will be issued at that time.  The Notice will set forth deadlines for the Fed. R. Civ. P. 26(a)(3) pretrial disclosures and objections, motions in limine, pretrial briefs, and marking of exhibits.

**IT IS SO ORDERED.**

s/ Jacquelyn D. Austin
United States District Judge

Columbia, South Carolina
August 15, 2024

---

[2] Counsel for the moving party shall initiate the scheduling of the Rule 56 Conference and shall provide a complete, proposed statement of undisputed material facts to the non-moving party at least 5 days before the conference as outlined in the <u>Summary Judgment Motion Procedures for Judge Austin</u>.  *See* "Austin Rule 56" under Judge Austin: Form Orders and Instructions on the District of South Carolina website.

[3] Motions for summary judgment shall comply with the requirements outlined in the <u>Summary Judgment Motion Procedures for Judge Austin</u>.  *See* "Austin Rule 56" under Judge Austin: Form Orders and Instructions on the District of South Carolina website.