UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 98 PENSION FUND on behalf of itself and all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>DELOITTE & TOUCHE, LLP<br>DELOITTE LLP,<br><br>*Defendants*. | Case No. 3:19-cv-3304-JDA<br><br>**CLASS ACTION** |

**ORDER AND OPINION APPROVING SETTLEMENT**

On November 22, 2019, Lead Plaintiff International Brotherhood of Electrical Workers Local 98 Pension Fund on behalf of itself and all others similarly situated, filed a class action complaint against Defendants Deloitte & Touche LLP and Deloitte LLP (collectively, "Defendants") (Lead Plaintiff and Defendants, collectively, the "Parties"), alleging violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder (the "Action").

The Parties entered into a Stipulation and Agreement of Settlement dated October 17, 2025 (the "Stipulation"), that provides for a complete settlement, release, discharge, and dismissal with prejudice of the Action and all Released Plaintiff's Claims against Defendants and Released Defendants Parties on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement"). By Order dated November 18, 2025 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class (defined

below) for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement for February 26, 2026.

Lead Counsel filed a motion for final approval of the Settlement and the Plan of Allocation on January 22, 2026. The Court conducted a hearing on February 26, 2026 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether the Action and all Released Plaintiff's Claims should be dismissed with prejudice as against Defendants and Released Defendants Parties.[1] The Court having considered all matters submitted to it at the Settlement Fairness Hearing and otherwise, including the Stipulation, the Plan of Allocation, and Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses, and it appearing that notice of the Settlement Fairness Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified through reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in the *Wall Street Journal* and was transmitted over the *PR Newswire*; the Court finds and concludes as follows:

1. **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

---

[1] The Court further considered whether the proposed plan of allocation of the Net Settlement Fund ("Plan of Allocation") created for the Settlement achieved in the Action should be approved, and whether Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses should be granted. These matters are disposed of in separate orders filed contemporaneously herewith.

2. **Incorporation of Settlement Documents** – This Order incorporates and makes a part hereof: (a) the Stipulation filed with the Court on October 17, 2025; and (b) the Notice and the Summary Notice, both of which were filed with the Court on January 22, 2026. The definitions in the Stipulation and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

3. **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired publicly traded SCANA common stock during the period from February 26, 2016, through December 20, 2017, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants and their families; (ii) the offices and directors and affiliates of SCANA and Defendants, at all relevant times; (iii) members of Defendants' Immediate Family and their legal representatives, heirs, successors or assigns; (iv) any entity in which Defendants or SCANA officers or directors have or had a controlling interest; (v) SCANA's employee retirement and benefit plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity.

4. **Class Findings** – The Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and

adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Lead Plaintiff International Brotherhood of Electrical Workers Local 98 Pension Fund as Class Representative for the Settlement Class and appoints Lead Counsel Cohen Milstein Sellers & Toll PLLC as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class, both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §

78u-4, as amended, and all other applicable law and rules. There have been no objections to the Settlement.

7. Defendants have complied with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, *et seq.* Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the appropriate federal and state officials. The CAFA notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)–(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

8. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the Action and all Released Plaintiff's Claims against Defendants and Released Defendants Parties ), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

9. The Action and all Released Plaintiff's Claims against Defendants and Released Defendants Parties by Lead Plaintiff and the other Settlement Class Members are hereby fully,

finally, and forever compromised, settled, released, waived, relinquished, discharged, resolved, and dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10. **Binding Effect** – The terms of the Stipulation and of this Order shall be forever binding on Defendants, Released Defendants Parties, Lead Plaintiff, Released Plaintiff Parties, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

11. **Releases and Injunctions** – The Releases set forth in paragraphs 3.1 through 3.6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, the Released Plaintiff Parties shall be deemed to have, and by operation of law and of this Order shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every Released Claim covered by the Class's Releases against Defendants and the other Released Defendants Parties, and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal or administrative forum any or all of the Released Claims covered by the Class's Releases against any of the Released Defendants Parties, whether or not a Class Member executes and delivers the Proof of Claim or shares in the Net Settlement Fund.

(b) Without further action by anyone, and subject to paragraph 12 below,

upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective predecessors, successors, assigns, employees, associates, insurers, co-insurers, reinsurers, trustees, general or limited partners or partnerships, limited liability companies, members, stockholders, underwriters, legal advisors or representatives, or other entities in which they have a controlling interest, shall be deemed to have, and by operation of law and of this Order shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every Released Claim covered by Defendants' Release against the Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released' Claims covered by Defendants' Release against the Released Plaintiff Parties.

12. Notwithstanding paragraphs 11(a)–(b) above, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Order.

13. **Bar Order** – Upon the Effective Date of the Settlement, consistent with the PSLRA, 15 U.S.C. § 78u-4(f)(7), the Court hereby permanently bars, extinguishes, and discharges to the fullest extent permitted by law any and all claims for contribution or indemnification arising out of any and all claims covered by the Class's Releases by any (a) person or entity other than one of the Released Defendants Parties against another of the Released Defendants Parties or (b) Released Defendants Parties against any person or entity other than any of the Released Defendants Parties.

14. **Judgment Reduction** – Pursuant to 15 U.S.C. § 78u-4(f)(7)(B), any verdict or judgment that Lead Plaintiff or any other Settlement Class Member may obtain on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of (a) an amount that corresponds to the percentage

responsibility of the Released Defendants Parties for common damages; or (ii) the portion of the Settlement Amount paid by or on behalf of the Defendants to the Settlement Class or Settlement Class Member for common damages.

15. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

16. **No Admissions** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) Shall be offered against any of the Defendants or the Released Defendants Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Released Defendants Parties or in any way referred to for any other reason as against any of the Defendants or the Released Defendants Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

   (b)  Shall be referred to for any other reason as against any of the Defendants or the Released Defendants Parties, in any civil, criminal, or administrative action or proceeding, other than in such proceedings as may be necessary to effectuate the provisions of the Stipulation;

   (c)  Shall be offered or received against or to the prejudice of Defendants or the Released Defendants Parties as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendant or the Released Defendants Parties;

   (d)  Shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendants Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

   (e)  Shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial. However, the Parties and the Releasees and their respective counsel may refer to this Order and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

  17.  **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Order in any

way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement, including the interpretation and enforcement of all injunctions set forth herein; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

18.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

19.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on June 17, 2025, as provided in the Stipulation.

## CONCLUSION

For the reasons stated, Lead Plaintiff's Motion for Final Approval of Class Action

Settlement and Plan of Allocation [Doc. 325] is **GRANTED IN PART** as to the final approval of the Settlement.

    **IT IS SO ORDERED**.

                                                                               s/ Jacquelyn D. Austin
                                                                          The Honorable Jacquelyn D. Austin
                                                                          United States District Judge

March 2, 2026
Columbia, South Carolina