UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 98 PENSION FUND on behalf of itself and all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>DELOITTE & TOUCHE, LLP DELOITTE LLP,<br><br>*Defendants*. | Case No. 3:19-cv-3304-JDA<br><br>**CLASS ACTION** |

**ORDER AND OPINION ON ATTORNEYS' FEES**

This matter involves allegations that Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 of the Exchange Act (the "Action"). This matter is now before the Court on Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses, which motion was filed on January 22, 2026. Contemporaneously herewith, the Court has issued orders approving Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation, describing the manner in which members of the Settlement Class will be reimbursed under the Settlement.

The Court held a Settlement Fairness Hearing on February 26, 2026, pursuant to Fed. R. Civ. P. 23(e)(2). The Court, having considered all matters submitted to it at the Settlement Fairness Hearing and otherwise; and it appearing that notice of the Settlement Fairness Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members consistent with the manner described in the Supplemental Declaration of Alexander P. Villanova Regarding Implementation of Notice ("Suppl. Mailing Decl."), and that a summary notice of the

hearing substantially in the form approved by the Court was published in the *Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested, the Court finds and concludes as follows:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated October 17, 2025 (the "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses was given to all *SCANA I* claimants with a purchase of SCANA common stock during the Class Period and all additional Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)) ("PSLRA"), due process, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 33.33% of the Settlement Fund, which sum the Court finds to be fair and reasonable. Plaintiffs' Counsel are also hereby awarded $6,013,402.86 in Litigation Expenses, in accordance with the Litigation Expenses set forth in Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses, to be paid from the Net Settlement Fund, which sum the Court finds to be

fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)     The Settlement has created a fund of $34,000,000 in cash, and that numerous Settlement Class Members who (i) were deemed an Authorized Claimant in the settlement in the Court under the caption In re SCANA Corporation Securities Litigation, Case No. 3:17-cv-02616 ("SCANA I Settlement"), or (ii) submit timely and valid Proof of Claim Forms to the Claims Administrator, will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b)     The requested fee has been reviewed and approved as reasonable by Lead Plaintiff, a sophisticated institutional investor that actively supervised the Action;

(c)     Over 172,000 copies of the Notice were mailed to *SCANA I* claimants with a purchase of SCANA common stock during the Class Period and additional potential Settlement Class Members and nominees stating that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 33.33% of the Settlement Fund and for payment of Litigation Expenses in an amount not to exceed $6,040,000, and no objections to the requested attorneys' fees and expenses were received;

(d)     Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy, resulting in a favorable monetary recovery for the Class;

(e)     The Action raised a number of complex issues;

  (f) Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

  (g) The Settlement was reached only after extensive motion practice and comprehensive fact and expert discovery;

  (h) Plaintiffs' Counsel devoted over 28,000 hours, with a lodestar value of over $18.8 million, to achieve the Settlement; and

  (i) The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Lead Plaintiff International Brotherhood of Electrical Workers Local 98 Pension Fund is hereby awarded $30,000 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Court's orders approving the Settlement or Plan of Allocation.

8. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

For the reasons stated, Lead Plaintiff's motion for approval of attorneys' fees and Litigation Expenses [Doc. 326] is **GRANTED**.

**IT IS SO ORDERED**.

                                                                      s/ Jacquelyn D. Austin
                                                            The Honorable Jacquelyn D. Austin
                                                            United States District Judge

March 2, 2026
Columbia, South Carolina